IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

TIMOTHY GALES
    PLAINTIFF

JUDGE:

VS.

CASE NUMBER:

2:21 cv 328

(1), THOMAS P. CHARLES   (official and personal capacity)
1970 WEST BROAD STREET
COLUMBUS OHIO 43223

Judge Watson

JURY Demand endorsed hereon

MAGISTRATE JUDGE JOLSON

   AND
(2). JOHN BORN (official and personal capacity0
1970 WEST BROAD STREET
COLUMBUS OHIO 43223

   AND
(3). PAUL PRIDE (official and personal capacity)
1970 WEST BROAD STREET
COLUMBUS OHIO 43223
   AND
(4). FRATERNAL ORDER OF POLICE LLC
222 TOWN STREET
COLUMBUS OHIO 43215
   AND

(6). DOUGLAS BEHRINGER ( official and personal capacity)
222 TOWN STREET
COLUMBUS OHIO 43215
   AND
(7).GWENDOLYN CALLENDER (official and personal capacity)
222 TOWN STREET
COLUMBUS OHIO 43215

AND
(8) CATHY BROCKMAN (official and personal capacity)
222 TOWN STREET
COLUMBUS OHIO 43215
AND
(9). DAVID STANTON (official and personal capacity)
7321 NEW LAGRANGE RD.
LOUISVILLE KENTUCKY 40222
AND
OFFICE OF COLLECTIVE BARGAINING, ET AL,
1602 BROAD STREET
COLUMBUS, OHIO 43223
AND
(10). CULLEN JACKSON (official and personal capacity)
1602 BROAD STREET
COLUMBUS, OHIO 43223
AND
(11). JAMES HOGAN (official and personal capacity)
1970 WEST BROAD STREET
COLUMBUS, OHIO 43223
    Defendants

---

Now comes Timothy Gales and for his several causes of actions states as follows:
  US 42 1983 ACTION AGAINST ALL DEFENDANTS
14TH AMENDMENT VIOLATIONS, FOURTH AMENDMENT VIOLATIONS, FIRST AMENDMENT VIOLATIONS, RETALIATION VIOLATIONS AGAINST ALL DEFENDANTS. THE PLAINTIFF REQUEST THAT EACH DEFENDANT BE SUED IN HIS/HER OFFICIAL AND PERSONAL CAPACITY.

THE PLAINTIFF FURTHER ASK THE COURT TO SET ASIDE IN THIS US 42 1983 ACTION, ANY IMMUNITY FOR JOHN BORN, PAUL THOMAS P. CHARLES, PRIDE, JAMES HOGAN, AND, DAVID STANTON, AS THEIR ACTS WERE DELIBERATE AND

INTENTIONAL, AND EACH KNEW THAT THEIR ACTION WOULD CAUSE SERIOUS HARM TO THE PLAINTIFF TIMOTHY GALES LIVELIHOOD, HEALTH AND WELL BEING

---

I.                 HISTORICAL BACKGROUND

1. It's important for the court to know the historical history of this case before the court, to further understand how and why this 1983 action is being pursued in this federal district court today by the plaintiff Timothy Gales.
2. The issues the plaintiff Timothy Gales has incurred while employed at the Ohio Department of Public Safety, is the direct result of the appointment of Thomas P. Charles as Director of Public Safety. Thomas Charles very familiar with the Public Safety, as he began his career with the Ohio State Patrol, a division of Public Safety, where rose to the rank of lieutenant trooper for the Ohio State Patrol. On or about January 11, 2011. and while serving as director. Thomas Charles began targeting blacks who held management positions. The plaintiff, Timothy Gales was one of those managers after several white manages complained that the plaintiff should not hold a position of assistant agent in charge. Therefore, with malice Thomas Charles denoted the only black male assistant agent in charge back to an agent. The plaintiff filed EEOC complaints on Thomas P. Charles, as well as a complaint to the then Gov, John Kasich.

Thomas Charles was furious that the Plaintiff would submit a letter to the Governor which outlined his racist and discriminatory behavior towards black employees. As a result of the plaintiff complaints. Thomas Charles, used his influence at the Ohio State Patrol, by, having his hand picked OSP superintendent John Born, open a farce investigation on me, with several troopers. They started by traveling to Cleveland and harassing my family, to include my then 83 year old mother. The investigator, with malice took false information to the grand jury and lied then falsely had me indicted for theft of a personal associate money, something that never occurred. Thomas Charles took this action to attempt to take away my ability to be a peace officer in the state of Ohio. However, a jury found me not guilty Feb. 7, 2014. Thomas Charles was furious. He made statements to all agents that under no circumstances would the plaintiff ever return as an agent to public safety

3. On November 24, 2014 an Arbitrator, namely, E. William Lewis gave me back my job, and stated in his award, that was no way to treat a 28 year employee and instructed the state to return the plaintiff back to work immediately. However, Thomas P. Charles is no longer director and was asked to step down. However, as luck would have it, John Kasich appointed John Born as the new director, Thomas Charles hand picked successor. Who Charles knew would carry out his wishes to stop the plaintiff from employment with DPS.

4. Therefore, upset with the arbitrator decision to return the plaintiff back to his employment. The department filed an appeal on the arbitration award. Something that had never been done in 35 years. The appeal was filed February 2015 in an attempt to vacate.

5. on May 28, 2016, Honorable Common Pleas Judge Kim Cocroft issued her decision and journalized same. Rebuking all claims made by John Born and the state attorney. Judge Cockroft further ordered the payment of interest on all money due to the Plaintiff, and that plaintiff be made whole. This triggered anger with John Born who had to relay the uncomfortable message back to his pal Thomas Charles, However, John Born would not be out done by the common pleas court.

6. June 2016, John Born Director would further harass the plaintiff by filing yet another appeal with the 10th district court of appeals in an attempt to over turn the lower court ruling. Thomas Charles, John Born, and Paul Pride just furious at being unable to stop the plaintiff return.

7. Mean while, during the appeal process. The plaintiff filed lawsuts in Federal Court and in the court of claims against Thomas P. Charles, John Born, and Paul Pride. The cases were dismissed. However, the plaintiff actions infuriated the three so bad that they vowed to get even.

8. On April 14, 2017 the 10th district appeals court issued its decision in favor of the lower court ruling and the plaintiff. John Born, furious again with the court ruling and would not be out done, and would not let his mentor Thomas Charles down. He immediately start developing a scheme to reverse the court decisions.

9. John Born after learning from a newly hired employee at the defendants agency, namely, Katy Lafferty, a former employee of Allied Universal where the plaintiff had been employed as a supervisor for the security firm. John Born with malace and without probable cause opened an investigation on

Allied Universal Security on or about February 2, 2017. While the appeal process was still under way. John Born had his investigator from DPS private security division request all employees records who were hired between July 2016 and February 2017. The objective here was to have knowledge that indeed the plaintiff work at the company. John Born was not interested in any other employees or information just the plaintiff. John Born being armed with this information then had his investigator run the plaintiff name through the private security service system for a match, which clearly they received.

10. On May 15, 2017 the plaintiff was returned by John Born but with a more sinister plan in mind. A plan that would over turn the court decisions and give John Born, Paul Pride, and Thomas P. Charles the results they they sought. However, this time, John Born, would not rely on any court making a decision to correct what he believed was wrong. John Born would handle the dispute himself., and obtain the results he sought Through the use of the Ohio State Patrol, and, Paul Pride J. Born, hand picked OSP Superintendent, who would then assign fake investigations targeting the plaintiff. The OSP actors sole duty is to write a fake reports, for John Born, and Paul Pride, reflective of providing claims of dishonesty based on language in the defendants policies so that John Born, the director of Public Safety could unlawfully terminate a 33 year employee. And provide to former director Thomas P. Charles his wishes to remove and unlawfully steal the plaintiff property rights, (employment).

11. Judge Cocroft stated the plaintiff was entitled to be made whole in her May 19, 2016 decision. Therefore, the plaintiff submitted request to be placed into the position of assistant agent in charge August of 2017. This promotional request was submitted based on the plaintiff being on the 2014 promotional list until his unlawful termination. The defendants, namely, John Born, and, Paul Pride ignored the plaintiff request. Instead, began developing a scheme to take the plaintiff employment away.

12. The plaintiff submitted to DPS (defendants) agency, memos requesting that they pay court ordered interest as they had intentionally miscalculated two half years of interest as a one time payment. The agency further hid $100.000 of public employees retirement money to prevent from paying interest on the money as required by the court. The defendants (State) have not paid the required interest as of this date.

13. On January 11, 2018, the defendants, namely John Born, and Paul pride began an administrative investigation on the plaintiff so that they could begin to dismantle the courts decision to reinstate the plaintiff and pay interest to the plaintiff.

14. On March 20, 2018, the defendants, namely, John Born, and Paul Pride with the approval of FOP and its representative Douglas Behringer , terminated the plaintiff from his 33 year employment based on false allegations of dishonesty. Claiming that the plaintiff failed to submit financial records as required to do in the plaintiff 2014 award issued by Arbitrator William E. Lewis. Therefore the plaintiff was dishonest and should lose his 33 year career.

## II. Count I    CONSPIRACY/CORRUPTION AMONG ALL DEFENDANTS

12. On or about February 2, 2017, John Born, director of public safety, Paul Pride Superintendent of Public Safety, James Hogan, Labor Attorney for Public Safety, began assembling actors on their behalf to undue courts decisions. The defendants identified above knew that they would need help from the fraternal order of police to carry out the scheme that John Born and Paul Pride, were about to put together, after learning from the attorney general, that  most likely the appeal court decision would not be favorable to them.

13. Therefore, John Born, Paul Pride, and James Hogan, recruited The fraternal order of police representatives, namely, Cathy Brockman, director pf the fraternal order of police, Ohio Labor Counsel, Gwen Callender, chief legal counsel, for the fraternal order of police, Ohio Labor Counsel, and, Douglas Behringer, Representative for the  fraternal order of police, Ohio labor counsel. The above actors were given their assigned acting orders to carry out the scheme and wishes of John Born Paul Pride, and labor attorney James Hogan, knowing that at the end of the unlawful termination an arbitration would ensue from the original 2014 arbitration award.

14. The scheme began with fraternal order of police, namely, Douglas Behringer, removing the plaintiff as a paying dues bargaining member of the fraternal order of police. Then without authorization or input from the plaintiff made the plaintiff a fair share payee to the union. Douglas Behringer

and the fop removed the plaintiff as a member, so once Douglas Behringer picks his buddy as an arbitrator, it would appear that the plaintiff was anti union which then would allow for minimal representation.

15. On or about June of 2018, Douglas Behringer, made complicit statements to Curtis Hundley, a fop union representative for the plaintiff. FOP represenative Behringer, stated proudly, that, the defendants from the State of Ohio, named herein. Allowed him to select the arbitrator for the plaintiff upcoming case. The state defendants were well aware of Douglas Behringer dislike for the plaintiff, and likewise the plaintiff of him. Behringer bragged that he had picked his long time buddy who would take care of Mr. Gales the "Plaintiff". Douglas Behringer further that his buddy is a staunch ally of fop and if Gales the "plaintiff say anything bad about the union. The arbitrator, namely, David Stanton would not take kindly to the plaintiff words, and would act swiftly to get rid of the plaintiff for the union.

16. On August 26, 2018, the plaintiff T. Gales, and Curtis Hundley, union representative met with Douglas Behringer, at the defendants (FOP) union office located at 222 Town Street Columbus, Ohio, in preparation of the September 10, 2018 staged arbitration. The plaintiff advised Douglas Behringer, that under no circumstances was the impending arbitration legal. The plaintiff further advised Douglas Behringer, that, this dispute related to offset was not based on an arbitration award it was based on a court decision and should their be issues related to the award, then the Franklin County Court of common pleas should be notified for clarification. I should not have been fired for an alleged non compliance of an award issued by E. William Lewis.

16. The plaintiff advised FOP representative Douglas Behringer, that, E, William Lewis is the correct arbitrator to hear and listen to evidence as it relates to the language in his 2014 arbitration award, The plaintiff further advised, FOP Douglas Behringer, that David Stanton have no authority to hear an arbitration for related to a past award for which David Stanton was not involved. However to be complicit with John Born, Paul Pride, and, James Hogan Douglas Behringer claimed that the arbitration is based on new issues. Douglas Behringer further claimed that the plaintiff request to have E. William Lewis hear the dispute, could not be honored due to E. William Lewis retiring from hearing arbitrations. Douglas Behring knew E. William Lewis had not retired, however to complicit with John Born, Paul Pride,

James Hogan and others. Douglas Behringer refused to select E. William Lewis to review the dispute. Instead he selected his good friend David Stanton who he claimed would give the union the results they sought. Termination of the plaintiff which would then satisfy his acting part for the defendants (State)

17. On September 10, 2018. The plaintiff, Timothy Gales, was subjected to report to a fraudulent fixed arbitration, by the Ohio Department of Public Safety, and its director, John Born, and, Ohio State Highway Patrol, superintendent Paul Pride, and his troopers assigned to the case, along with James Hogan, Labor attorney for Ohio Public Safety. In addition, the co-conspirators were also involved with the staged arbitration, namely, Cathy Brockman, Director, for the Ohio Fraternal Order of Police Ohio Labor Counsel, Gwen Callender, chief legal for the Ohio Fraternal Order of Police, Douglas Behringer, representative, for the Ohio Fraternal Order of Police, along with Cullen Jackson a member of the Office of Collective Bargaining, each played a role in the collusion and conspiracy, to unlawfully take the employment rights away from the plaintiff, by use of a staged and unlawful arbitration, and by use of a rogue arbitrator, and good friend of Douglas Behringer. Namely, David Stanton, labor attorney.

18. On September,18, 2018, David Stanton presided over the plaintiff dispute with the defendants involved named herein, while entertaining the dispute from a contract between the fraternal order of police. And the office of collective bargaining that had expired on July 1, 2015. Which demonstrates the staged arbitration and conspiracy and collusion among the actors, to assist the defendants (State) to harm the plaintiff.
In arbitrator David Stanton opening statement. Arbitrator David Stanton acknowledged to the plaintiff and others while seated at the arbitration table located at 1602 West Broad Street at the Office of Collective Bargaining, He admitted that he should not be hearing the case in dispute, and that it should be E. William Lewis hearing the case. However, to be complicit and conspire with the above defendants and actors. Arbitrator David Stanton presided over an arbitration award for which he had no involvement with. In addition, Arbitrator David Stanton, further stated to the plaintiff and others attending the staged arbitration. That upon completion of the arbitration, he would be

destroying all documents and anything related to the arbitration as soon as he get paid.

19. On September 10, 2018, Arbitrator David Stanton, with malice refused to record the proceeding or write down any testimony from the state of Ohio Witnesses. Arbitrator David Stanton had writing tablet and each witness who testified he was doodling on his tablet not writing down and anything. His entire pen-menship was doodling in large circular motion with no readable substance to refresh his memory from any conversations of the state .witnesses. Arbitrator Stanton failed to write any testimony so that he could conspire and be complicit with the wishes of the state defendants.

20. Arbitrator David Stanton, continued his complicit behavior by removing the plaintiff from the arbitration room on two occasions while allowing non parties to stay in the room and hear whatever scheme of deceit being planned for the plaintiff, to include James Hogan, labor attorney, and Sam Sheppard an intern with the Ohio State Patrol, who was used as a stenographer recording all testimony for the the defendants (State). The plaintiff was removed for no other reason than for the defendants to plan how to unlawfully steal the plaintiff employment with the use of a rogue arbitrator.

21. On or about October 25, 2018, Douglas Behringer, Fraternal Order of Police representative, contacted the plaintiff via his cell phone. Douglas Behringer, asked the plaintiff if he would reconsider the offer extended by the defendants (State) through their attorney, James Hogan if the plaintiff would consider retirement with full back pay of all lost wages from March 18, 2018 until September 10, 2018, and any interest owed. The request from Douglas Behringer seemed very strange, at a time the arbitrator should have been reviewing briefs and planning a decision. The Plaintiff refused the State extended offer and advised Behringer that the plaintiff wanted to return to work. Douglas Behringer, advised the plaintiff that his good friend, the arbitrator David Stanton would not like the answer I gave. However, he would inform the arbitrator of my decision. This would be a clear violation of the arbitrator being neutral while engaging his good friend Douglas Behringer to push the plaintiff to retirement so that he could avoid writing a bogus and falsified malicious award. The acts by Douglas Behringer and Dave Stanton, arbitrator, clearly demonstrates their intent to conspire and work in collusion with the state defendants named herein.

22. On or about December 17, 2018. Douglas Behringer contacted the plaintiff and advised the plaintiff that David Stanton had requested an extension to answer the arbitration, which was due by December 10, after briefs were submitted to David Stanton the arbitrator. The arbitrator cited help reasons with both he and his wife getting knee surgery at the same time as to why he would have a late award. However, the plaintiff find his excuse hard to believe. What the arbitrator, the fop, and the state really did was prolong the award for up to 90 days, knowing its negative outcome from the arbitrator would be detrimental to the plaintiff. Therefore, by using up 90 days to answer the award. The arbitrator became complicit with Douglas Behringer, the fop, and the State defendants to block the plaintiff from pursuing timely any of his administrative remedies once the fraudulent award was delivered by the rogue arbitrator David Stanton. This request for an extension by David Stanton eas to further engage himself into the complicit, and conspired acts with defendants fop, and defendants(State of Ohio), to use his position as arbitrator to deprive the plaintiff of his employment rights based on his status to issue adverse actions to the plaintiff.

23. On or about January 25, 2019, Arbitrator David Stanton issued to the plaintiff Timothy Gales his industrial justice award, by denying to reinstate the plaintiff back to his position as an enforcement agent for defendant agency. Instead, Arbitrator, David Stanton wrote a totally bias, one sided, fraudulent award to the favor of the defendants.

Dave Stanton who the plaintiff have identified as "ROGUE", locked arms in solidarity with seven other "WHITE", males and two "WHITE", females in an act of strength and to show white solidarity, and that, a black man employment did not matter, regardless of the plaintiff spending over 33 years of his life as a state employee, and who committed no acts which would allow the actors to unlawfully take the plaintiff employment.

24. Arbitrator David Stanton, issued his award with several made up falsehood. In his award David Stanton with malice, intentionally reduced the plaintiff from having 33.5 years of employment down to the plaintiff just having 21 years of State employment Tenure. This reduction in years could have only occurred through discussion with each of the above actors. The arbitrator was fully aware of the plaintiff time and tenure, he was told by the plaintiff on September 10, 2018, that the plaintiff began his employment with the state of Ohio August of 1985. However, to be complicit with the

state he didn't want it to appear that he had just removed from employment a 33 year employee who had met his tenure date to retirement. However, to conspire and be complicit as a group. David Stanton committed the unthinkable. He engaged in act of racism, retaliation, and favoritism, while locking arms in solidarity with other white males with racist and supremacy views, namely Thomas P. Charles whom the plaintiff identified early as a racist, John Born, Paul Pride, Douglas Behringer, and James Hogan. Each of the named defendants exhibit racist and discriminatory views against those of color to include the plaintiff. David Stanton deprived the plaintiff of his employment soley to satisfy his good friend Douglas Behringer the fop, and the State defendants named herein. As a result of Dave Stanton biased award for which he had no authority to issue. He deprived the plaintiff of his employment rights without legally having the authority to do so from an expired union contract agreement which had expired on July 1, 2015. some three half years later from when the original award was issued. November 24, 2014.A s a result the plaintiff lost his retirement of 33 years due to the egregious behavior of the arbitrator and the defendants named herein.

26. On or about April 3, 2019, after receiving the unlawful fraudulent arbitration award. The Plaintiff Gales, asked Cathy Brockman to review and appeal for the plaintiff the award that was conjured up between, the fop and the state of Ohio, and signed off on by David Stanton. The arbitrator. The plaintiff pointed out in a 53 page memo to Cathy Brockman, the fraud, the collusion and conspiracy among all actors to include, FOP representative Douglas Behringer. In addition, the plaintiff pointed out to Cathy Brockman, the disrespect that Douglas Behringer had for the plaintiff. Cathy Brock was advised by the plaintiff, that Douglas Behringer accused the plaintiff of being a black racist. And as a result of his unfounded belief, he advised the plaintiff that he does not like black racist. Until this day the plaintiff have no clue how Douglas Behringer could make such a statement of the plaintiff who has only stood up for what was right. However, Douglas Behringer advised the plaintiff that, the plaintiff had no right to call Thomas P. Charles a racist. Nor should the plaintiff have filed complaints on Thomas P. Charles for his racist behavior towards the plaintiff. The information Douglas Behringer obtained had to have come from those he is assisting in violating my rights. However, Cathy Brockman, refused to initiate an appeal on the plaintiff behalf. In her response letter back to the Plaintiff. She claimed she

had spoken with Gwen Callender, her chief legal, who made the decision, that they could not over turn an arbitrator decision. At this point left the plaintiff to defend the action on his own against all defendants named herein. The sole reason Cathy Brockman would not file the appeal, was due to the heavy and egregious involvement of the fop to be complicit with arbitrator and the state defendants to harm and caused the plaintiff to permanently lose his 33 year career while conspiring with Thomas P. Charles, John Born, Paul Pride, James Hogan, and the arbitrator, namely, David Stanton, who without reservation used his office as arbitrator to assist his good friends the fop to rid ofBrockman allowed the state of Ohio to retry an already confirmed award, to retaliate and take away the plaintiff employment rights with the complicit assistance from the fraternal order of Police.

27. On April 23, 2019, the plaintiff filed complaints with the franklin county common pleas court to began the process to undo an unlawful arbitration award. The case now stands in the appeal court, 10th district,

## COUNT # TWO 42 USC 1983 (VIOLATIONS)

28. All foregoing relevant materials and pertinent information are reiterated and incorporated herein by reference.

29. Defendants each of them, have taken actions and/or have adopted policies, customs practices, procedures or usages, fostering, and condoning ( And/or they have failed or refused to adopt or observe appropriate measures preventing) discriminatory disparate employment treatment of an /or impact upon Timothy Gales on account of his engagement in his constitutional protected speech under the first amendment, his rights to be secured from unreasonable search and seizure of his fourth amendment rights, and his rights to protect his property under the 14th amendment of the constitution. The unconstitutional violation were committed by the defendants ( In retaliation and reprisal of same). All resulting in unconstitutional deprivation and denials of his rights to free speech, his rights to be free from unreasonble search and seizure, and his constitutional rights to privacy, as well as his property rights under the 14th amendment.

30. Defendants:Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson , unconstitutional and retaliatory acts were committed under color of law. As co conspirators, Douglas Behringer, Dave Stanton, meet the court definition of private person acting on the state (Ohio) behalf, therefore,

they too acted under color of law though private entities. They willing engaged in a pattern of corruption and was complicit with the state Ohio defendants under 42USC 1983

31. By reasons of the foregoing, and the Defendants violations of 1983. Timothy Gales has been damaged in said sum of back pay, overtime, promotion,and compensatory and punitive damages

### COUNT THREE (OHIO CIVIL RIGHTS ACT VIOLATIONS)

32. All foregoing relevant information are reiterated and incorporated herein by reference.

33. Defendant, State of Ohio was and is an employer within the meaning of the Ohio Civil Rights Act (OCRA), Chapter 4112, Ohio Revised Code, (RC), and specifically R.C. 4112 (01 (A) (2) of the OCRA.

34. Defendant Fraternal Order of Police is a organized union employee organization and as such, are covered within the meaning of the Ohio Civil Rights Act (OCRA) 4112, (R.C.) specifically, R.C. 4112 (01) (A) (2) of the OCRA.

35. Defendants State and Fraternal Order of Police engaged in patterns or practices of employment and retaliation, all in violation of OCRA 4112. 02 (A) and revised code 4112.02 (1) of the OCRA, and the provision promulgated under the Ohio Administration Code (OCA) against plaintiff.

36. Defendants actions constitute an ongoing harassment and retaliation against the plaintiff based on his race and constitutional protections.

37. The discriminatory and, retaliation of plaintiff practices of defendants fostered and condoned retaliation, harassment, and discriminator in the work place.

38. Thomas P., Charles was a duly appointed Director of Public Safety, and owed Timothy Gales the duty to refrain from his retaliatory and discrimination acts.

39. John Born was a duly appointed Director of Public Safety and owed Timothy Gales the duty to refrain from his retaliatory and discrimination acts.

40. Paul Pride was a duly appointed Superintendent of the Ohio State Patrol, and owed Timothy Gales the duty to refrain from his retaliatory and discrimination acts

41. James Hogan, was a duly appointed attorney, and owed Timothy Gales the duty to refrain from his retaliatory and discrimination acts.

42. Cathy Brockman was a duly appointed director for the fraternal order of police and owed Timothy Gales, the duty to protect his rights as a member and refrain from conspiring with the state to retaliate and discrimination.

41. Gwendolyn Callender a duly appointed attorney with the fraternal order of police owed Timothy Gales the duty to protect the rights of a member and refrain from conspiring with the state of Ohio to retaliate and discrimination of Timothy Gales

42. Douglas Behringer a duly appointed attorney, fraternal order of police owed Timothy Gales the duty to refrain from conspiring with the state of Ohio, to retaliate and discrimination of Timothy Gales.

43. Cullen Jackson duly appointed member of the office of collective bargaining, owed Timothy Gales, the duty to refrain from retalaition and discrimination by conspiring with his sister agency (State DPS) to harm Plaintiff Timothy Gales

44. David Stanton, a duly appointed arbitrator owed Timothy Gales the duty of a neutral arbitrator free from bias and discrimination, and further the duty to not conspire and assist the defendants, state (Ohio), and, union, (fop) to retaliate and discriminate against Timothy Gales all which are against the ethic standards of arbitrators. David Stanton acts were intentional and meant to inflict severe harm on Timothy Gales.

45. The Plaintiff Timothy Gales was employed with the state of Ohio from August 19, 1985 until his wrongful termination March 20, 2018

46. Timothy Gales is a black American, and was hired into the department of public safety investigation unit as an enforcement agent, where he was assigned in the Columbus office as one of only two blacks at the time of his unlawful termination and the most senior employee with the division.

47. From time to time from the date of his employment, the state of Ohio, department of Public Safety continued ina pattern of disparate, discriminatory, and retaliatory treatment of Timothy Gales. To include unlawful and fake administrative investigations, harassment of his elderly mother and family members, traveling to Cleveland to harass and scare them into thinking Timothy Gales had committed serious criminal offenses, making contact with, Timothy Gales associate, convincing associates to file charges or go along with charges with the patrol who possessed no authority to investigate, perjury at grand jury to falsely indict Timothy Gales, on a theft charge, which never occurred, nor were their any connections to the state of

Ohio, unlawfully demoted Timothy Gales, from his supervisor position, then failed to promote Timothy Gales as made whole order, as favor from one director to the next continued to unlawfully make false statement to terminate Timothy Gales. Perjury a second time by filing false motions to court which clearly were lies, make derogatory remarks that Timothy Gales is a racist to incite harassment and mistreatment of Timothy Gales.

45. Mr. Gales continually complained about the mistreatment, he continued to file EEOC complaints on all involved. However the harassment was so pervasive and unwarranted, the defendants named herein would high five each other once the harrassing events were over and Timothy Gales terminated.

46. On the termination which was issued on March 20, 2018, Timothy Gales was called into the office by Ohio State Patrol Captain Gary Allen. Once their, Mr. Gales was told to sit down. Gary Allen, advised Timothy Gales that the prior week he had driven out to Thomas P. Charles Home, He stated he told Thomas P. Charles about the impending discipline to be imposed on Timothy Gales, Gary Allen, further stated he told Thomas Charles that Timothy Gales had been a model employee upon his return to work. He said that did not matter, so "NOW", let me read you the proposed discipline.. You are being terminated again. This time for untruthfulness about your taxes wages. He then sent Timothy Gales home. A 33 year employee terminated for non sense retaliation based of language in an arbitration award that the state lost. At the time Gary Allen traveled to Thomas P. Charles home, which is located in Buckeye lake Ohio some 35 miles away from Columbus 1970 West Broad driving a state issued vehicle. Thomas P. Charles was not an employee of the department or should he had been in the loop of any disciplinary action taken against Timothy Gales. As Gary Allen has said if an employee does something negative to a trooper. The patrol will get that person. Whether the affected trooper is presently employed or retired. Thomas P. Charles was a retired trooper, appointed as director and he personally directed his staff to put a job hit out Timothy Gales regardless of cost.

46. The defendants Ohio Public Safety, Office of Collective Bargaining at the time of Timothy Gales unlawful termination had no policy on arbitration award or and procedures for Timothy Gales to follow as they related to an award.

47. The defendants state of Ohio Department of Public safety, or the DAS Office of Collective Bargaining had no policy or procedures for Timothy Gales to follow as they related to a 2014 award for offset after the aforementioned date

48. The defendants State of Ohio and FOP collectively violated court confirmed award for Timothy Gales for the sole purpose to retaliate and discriminate against Timothy Gales.

49. The defendants (State of Ohio, DPS-OCB) and FOP, Conspired together as a group to use an out dated contract that expire July 1, 2015, (agreement) and then force Timothy Gales into arbitrating a staged dispute with the losing defendants so that they could retaliate and discriminate against Timothy Gales.

50. Defendants state (Ohio), and the Fraternal Order of Police(FOP) disrespected the will and order of both the common pleas court and the 10th district court of appeals, by assembling actors, and orchestrating an unlawful scheme to overturn the decision of the courts which had been docketed and confirmed in favor of Timothy Gales, the defendants committed the act of disrespect to the courts for the sole purpose to use a rogue arbitrator to change the outcome sought by the defendants ( Ohio DPS-OCB) and, (FOP)

51. The conduct, of Thomas P. Charles, John Born, Paul Pride, James Hogan, Douglas Behringer, David Stanton, egregious and malicious, outrageous, unwelcomed, unprofessional, and was calculated to cause Timothy Gales extreme emotional distress.

COUNT IV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. All pertinent, materials relevant and pertinent foregoing information are reiterated.

53. by their actions, the above, Defendants intentionally and maliciously, with reckless disregard for the onsequences of their actions acted in a manner which they knew or should have known would cause great emotional distress suffering to Timothy Gales thus committing the tort of intentional infliction of emotional distress by extreme and outrageous conduct to the detriment and loss of Timothy Gales

54. By reason of the foregoingacts of intentional infliction of emotional distress, Timothy Gales has suffered damages in indetrmined sum to be proven at trial in terms of loss of mental anguish, humilation, and dispargement to his reputation, anf general loss of enjoyment of life, all

HEREFOREwarranting further or generalcompensation (Compensatory Damages) and punitive or exemplary damages ( Punitive Damages) whichC. should be awarded by reason of the deliberate, intentional, willful, wanton mialicious and/or reckless acts anf omissions of all defendants herein.

WHEREFORE, Mr. Timothy Gales demands

A. Trial by jury pursuant to Fed. R. Civ. P.38 and U.S. Const, Amend 7, on all issues of law.
B Judgement of equitable relief and redress, including declaratory judgments and preliminary and permanent injunctive relief, both prohibitory and mandatory,
C As of counts I II and III judgment for Timothy Gales for said sum of back pay overtime and promotion, plus pre- judgment interest and attorney fees when he selected one to take over the case along with the payment of expert witnesses. The selected attorney has the express rights under the Civil Rights Attorney Fees Award Act of 1976 as amended, 42 USC 1983
D. As of counts III and IV judgment for the plaintiff Timothy Gales against the state of Ohio, and state actors under color of law John Born, Paul Pride, James Hogan, Douglas Behringer, Cathy Brockman, Gwen Callender, Thomas P. Charles and David Stanton.. Plus award to an assigned attorney reasonable attorney fees on any punitive damages and/or such
E Other relief and redress as is just and equitable under the circumstances

Respectfully submitted
Timothy Gales, Pro Se,
710 Glendower Avenue
Columbus Ohio 43207
614 376 9346
tgales37@gmail.com

## CERTIFICATE OF SERVICE

I Timothy Gales affirms that a copy of the lawsuit sent via U.S. Mail  This 25th day of January to all defendants at Public Safety 1970 West Broad street, Columbus Ohio 43223, All defendants at Fraternal Order of Police 222 Town Street Columbus Ohio 43215, All defendants at the office of Collective

Bargaining 1602 West Broad Street and to David Stanton, Arbitrator, Office of Collective Bargaining Attn: Dave Stanton.

Respectfully submitted
Timothy Gales
710 Glendower Avenue
Columbus, Ohio 43207