**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIMOTHY GALES,**

      **Plaintiff,**

      **v.**

**THOMAS P. CHARLES, et al.,**

      **Defendants.**

      **Case No. 2:21-cv-328
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

<u>**REPORT AND RECOMMENDATION AND ORDER**</u>

This matter is before the Court on Plaintiff's amended Motion for Leave to Proceed *in forma pauperis*. (Doc. 3). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his § 1983 retaliation claim, only in so much as it relates to events that took place within the applicable statutory period. Accordingly, Plaintiff is **ORDERED** to file an amended Complaint, within **twenty-one (21) days** of the date of this Report and Recommendation, that includes specific factual allegations of retaliation which occurred within the past two years. Furthermore, and for the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED**.

**I.      BACKGROUND**

Plaintiff Timothy Gales, who is proceeding *pro se*, brings this action against: (1) Former Ohio Department of Public Safety ("ODPS") Director Thomas P. Charles; (2) ODPS Director John Born; (3) Ohio State Highway Patrol ("OSHP") Superintendent Paul Pride; (4) the Fraternal Order

of Police, LLC ("FOP"); (5) FOP Representative Douglas Behringer; (6) FOP Chief Legal Counsel Gwendolyn Callender; (7) FOP Director Cathy Brockman; (8) Arbiter David Stanton; (9) the Office of Collective Bargaining ("OCB") and employee Cullen Jackson; as well as (10) ODPS Attorney James Hogan.  (Doc. 1-1 at ¶ 13).  The Complaint centers around alleged adverse employment action Plaintiff suffered while employed by ODPS, specifically a 2014 arbitration following which he was reinstated and awarded lost wages.  (*Id*.).  Plaintiff alleges Defendants, in retaliation for the 2014 arbitration decision, conducted a fraudulent investigation and subsequent arbitration, that culminated in the termination of his employment.  (*Id*., ¶ 13).

Notably, this is not Plaintiff's first case in this Court relating to his employment with ODPS.  *See Gales v. Charles et al.*, 2:16-cv-00123-MHW-NMK (S.D. Ohio 2016); *Gales v. Ohio Dpt. of Pub. Safety et al.*, 2:06-cv-00587-MRA (S.D. Ohio 2006); *Gales v. Ohio Civil Serv., et al.*, 2:97-cv-00489-EAS-TPK (S.D. Ohio 1997).  Each of these cases was ultimately dismissed, the significance of which, will be explored below.

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  In reviewing his Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

Plaintiff's Complaint asserts various federal claims, as well as several state-law claims, and seeks monetary damages, injunctive relief, and declaratory relief. (*See generally* Doc. 1-1). Construing the Complaint broadly, Plaintiff has asserted four claims under 42 U.S.C. § 1983— conspiracy, retaliation, 4th and 14th Amendment violations—and two claims under Ohio law— unlawful discriminatory practices and intentional infliction of emotional distress. (*Id*.). Before turning to the merits of each, it is important to discuss the disposition of Plaintiff's most recent case in this Court, and its impact on his current claims for monetary relief against the Defendants in their official capacities.

### A.  2016 Case & Official Capacity Claims

In *Gales v. Charles et al.*, 2:16-cv-00123-MHW-NMK (S.D. Ohio 2016), the Court dismissed with prejudice Plaintiff's claims for monetary relief against state employee Defendants in their official capacity, holding those claims "constitute[d] claims against the state, [and] [were] barred by absolute immunity by virtue of the Eleventh Amendment []." *Id*. As a result, and given that Defendant Charles was named in both suits, in so much as Plaintiff is asserting a claim against him for actions taken in his official capacity, he is barred from doing so. Similarly, Plaintiff's claims for monetary damages against the remaining Defendants in their official capacities are also

barred by the Eleventh Amendment. *Stein v. Mohr*, No. 2:15-cv-2681, 2015 WL 5174980, at *3 (S.D. Ohio Sept. 4, 2015) (citing P*ennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000)). Accordingly, dismissal of Plaintiff's official capacity claims for monetary damages against Defendants Charles, Born, Pride, Behringer, Callender, Brockman, Stanton, Jackson and Hogan is appropriate. *Stein*, 2015 WL 5174980, at *3.

The Undersigned now considers whether Plaintiff's individual claims may proceed beyond the screening stage.

## B. Conspiracy

Plaintiff begins by alleging that Defendants "were given [] orders to carry out the scheme and wishes of [Defendants Born, Pride and Hogan] knowing that at the end of the unlawful termination an arbitration would ensue . . . " (Doc. 1-1 at ¶ 13). At base, Plaintiff is arguing that Defendants conspired to conduct a "fraudulent fixed arbitration" that culminated in the termination of his employment. (*Id*., ¶ 17).

"To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). Importantly however, the statute of limitations applicable to such claims in Ohio is two years. *Boddie v. Barstow*, No. 2:14-CV-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), *report and recommendation adopted*, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)). "Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the

complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 WL 2611321, at *3 (citing *Watson v. Wayne Cty.*, 90 Fed. App'x. 814, *1 (6th Cir. 2004)) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte"). This Court has applied that rule in cases screened under § 1915(a). *Id.* (citing *Smith v. Warren Cty. Sheriff's Dept.*, 2010 WL 761894 (S.D. Ohio Mar. 2, 2010)). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

The two-year statute of limitations "begins to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017) (quoting *Trzebuckowski v. City of Cleveland*, 319 F. 3d 853, 855–56 (6th Cir. 2003)). Here, even construing the allegations in a light most favorable to Plaintiff, the statute of limitations for this claim has expired. The basis for Plaintiff's conspiracy claim is the alleged "fraudulent fixed arbitration" orchestrated by Defendants. (Doc. 1-1 at ¶ 17). By Plaintiff's own admission, Defendants began constructing this alleged conspiracy "on or about February 2, 2017." (*Id.*). Furthermore, Plaintiff's alleged injury—the termination of his employment—occurred on March 20, 2018. (*Id.*, ¶ 14). Plaintiff filed this action on January 25, 2021. (*See id.*). Because March 2018 is the point at which Plaintiff "knew or had reason to know of the injury which is the basis of his action," and Plaintiff filed this action more than two years after that date, his § 1983 conspiracy claim is barred by the statute of limitations and dismissal is appropriate. *Boddie*, 2014 WL 2611321, at *3.

### C. First Amendment Retaliation

Plaintiff also claims that has been retaliated against following the November 2014 arbitration and his subsequent reinstatement. (Doc. 1-1 at ¶ 13–14). Specifically, Plaintiff alleges

that "[D]efendants began an administrative investigation . . . so that they could begin to dismantle the court['s] decision to reinstate [Plaintiff] and to pay [his award]." (*Id.*). This "fraudulent" investigation, culminated in a "fraudulent, fixed arbitration" and the termination of Plaintiff's employment. (*Id.*, ¶ 14, 17). Thereafter, Plaintiff alleges he asked Defendant Brockman "to review and appeal the [results of the arbitration]," and she "refused to initiate an appeal on [his] behalf." (*Id.*, ¶ 26 (alleging that Defendant Brockman and Defendant Callender determined "they could not overturn the arbitrator's decision")).

In order to establish a claim for First Amendment retaliation, a plaintiff must demonstrate that "(1) [he] was engaged in constitutionally protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by [his] protected conduct." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005)

Construing Plaintiff's allegations in a light most favorable to him, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his § 1983 retaliation claim. However, as it is not clear which allegations arose within the proscribed statute of limitations (*see* Doc. 1-1 at ¶ 26 (alleging Defendants refused to investigate the alleged retaliatory arbitration decision "on or about [2019]"), Plaintiff is **ORDERED** to file an amended Complaint, within **twenty-one (21) days** of the date of this Report and Recommendation, that includes specific factual allegations of retaliation which occurred within the past two years.

### D. Fourth and Fourteenth Amendment Claims

The Complaint goes on to state claims for relief under both the Fourth and Fourteenth Amendments. (*Id.*, ¶ 29). Specifically, Plaintiff alleges that he has suffered "discriminatory disparate employment treatment . . . on account of [exercising] his rights . . . to be secure[] from

unreasonable search and seizure . . . and to protect his property under the 14th [A]mendment."
(*Id*.). While not abundantly clear, these claims seem to stem from a portion of the 2014 arbitration
award, which Plaintiff claims has not yet been paid to him. (*Id*., ¶ 12, 29). Notably, however,
Plaintiff makes no specific factual allegations, against any Defendant, regarding either of these
claims. (*See generally id*.).

These claims suffer from the same two defects—lapsed statute of limitations and failure to
state a claim—each of which warrants dismissal. First, as discussed above, under Ohio law, a two-
year statute of limitations applies to a claim under § 1983. *Basista Holdings*, 710 F. App'x at 691.
Even under the most favorable reading of the proposed Complaint, the latest Plaintiff's claim could
have accrued was March 2018. (*See e.g.*, Doc. 1-1, ¶ 11 (claiming that on March 20, 2018
Defendants allegedly denied Plaintiff the entirety of his arbitration award for his alleged failure to
submit proper financial records as required)). Plaintiff's proposed complaint was not filed until
January 2021, more than eight months after the latest his claims could have accrued. They are,
therefore, barred by the statute of limitations. *See Covarrubia v. Ohio*, No. 2:17-cv-618, WL
3314657, at *2 (S.D. Ohio Aug. 3, 2017).

Second, even assuming these claims are not untimely, Plaintiff's Complaint fails to state a
claim upon which relief may be granted. Liberally construing the allegations in the Complaint,
Plaintiff has failed to set forth any facts to support a reasonable inference that any Defendant is
liable for the alleged violation of his rights under the Constitution. Instead, he offers only a "bare
assertion" that "will not suffice," *Twombly*, 550 U.S. at 556, and consequently, Plaintiff's
complaint does not state a plausible claim for relief.

### E.  State Law Claims

Finally, Plaintiff's Complaint alleges two state law claims: (1) unlawful discriminatory practices; and (2) intentional infliction of emotional distress.  (Doc. 1-1 at ¶¶ 35–37, 52–54).  As detailed above, to the extent Plaintiff brings these claims against the individual Defendants in their official capacities, he is barred from doing so by both this Court's previous ruling as well as by the Eleventh Amendment.  *Stein*, 2015 WL 5174980, at *3.  Furthermore, to the extent Plaintiff brings these claims against the Defendants in their individual capacities, those claims too are barred.

"[A] federal court cannot exercise supplemental jurisdiction over state law claims against a state employee in his individual capacity until such time as the cause of action is recognized under state law—until the Ohio Court of Claims determines that the employee is not entitled to immunity under O.R.C. § 9.86."  *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).  Accordingly, unless and until the Ohio Court of Claims determines that the individual Defendants may not invoke the immunity from civil liability conferred by O.R.C. § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.  *Id*.  As there has been no such determination from the Ohio Court of Claims, Plaintiff has again failed to state a claim upon which relief can be granted.

## IV.  CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his § 1983 retaliation claim, only in so much as relates to events that took place within the applicable statutory period.  Accordingly, Plaintiff is **ORDERED** to file an amended Complaint, within **twenty-one (21) days** of the date of this Report and Recommendation, that includes specific factual allegations

of retaliation which occurred within the past two years.  Furthermore, and for the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:   March 10, 2021                                           /s/ Kimberly A. Jolson
                                                                          KIMBERLY A. JOLSON
                                                                          UNITED STATES MAGISTRATE JUDGE