IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 MAR 31 PM 2:58

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

TIMOTHY GALES　　　　　　　　　} Case No. 2:21-cv-328
　　PLAINTIFF　　　　　　　　　　}
V.　　　　　　　　　　　　　　　　} Judge Micheal H. Watson
　　　　　　　　　　　　　　　　　}Magistrate Judge, Kimberly
THOMAS P. CHARLES, et, al.,　　　　}Jolson

Jury demand endorsed herein,

PURSUANT TO FEDERAL RULE15 CIVIL: PLAINTIFF AMENDED 1983 RETALIATION COMPLAINT

I. Now comes Plaintiff, Timothy Gales with the permission of the court submits his amended 1983 retaliation complaint. However, for the court to understand the full nature and involvement of all defendants, even though time barred for sake of the two year statute of limitation. The plaintiff will provide context to the complaint so the court will understand how and why the plaintiff brings this 1983 action against the defendants.

II. On March 20, 2013, the plaintiff was terminated from his employment by Thomas P. Charles at the recommendation of then, state patrol superintendent John Born. After John Born and Thomas Charles authorized the state patrol to conduct an illegal private property investigation as it related to the sale of a motor vehicle to an acquaintance. The Plaintiff returned to $2100 in a fifth third money order back to the acquaintance. However, the patrol

investigating trooper placed a valid money order into evidence and deprived the acquaintance from cashing the money order. The trooper took false information to the grand jury and claimed that the plaintiff had stolen the money and had the plaintiff falsely indicted on a theft charge. The trooper committed the perjury to assist Thomas Charles to fire the plaintiff for filing complaints and for resisting racist behavior at the agency.

III. On February 7, 2014, the plaintiff Timothy Gales was acquitted of the theft charge by the jury. Thomas Charles, and John Born refused to allow the trooper to testify and perjure on herself on the stand. John Born and Thomas P. Charles were livid and vowed that the plaintiff would never return to work as an enforcement agent "EVER", for the department of public safety. Therefore, Thomas Charles, allowed the Ohio State Patrol superintendent John Born to unlawfully oversee the Ohio Investigative Unit without the Ohio General Assembly passing laws or amendments so that John Born could continue to harass the plaintiff.

III. On September 10, 2014, the Plaintiff attended an arbitration hearing with the office of collective bargaining and the Fraternal Order of Police. The plaintiff went before arbitrator E. William Lewis, for a two day hearing on the issue of discharge.

IV. On November 24, 2014 arbitrator E. William Lewis delivered his award to the aforementioned parties. Arbitrator E. William Lewis restored the plaintiff back to his employment and ordered the state to immediately return the plaintiff back to his position with back pay less 30 day suspension for allegedly misusing OHLEG. And supply receipt of unemployment and other earnings to e offset from April 13, 2013 until November 24, 2024. No additional information flowed from the arbitrator award after the above date.

V. John Born, at this point has now been appointed director of public safety, to replace Thomas P. Charles, at, Charles request. Therefore, John Born upset with the arbitrator ruling. Requested the office of collective bargaining to file with the common pleas court, an application to vacate the November 24, 2014 award. However, on May 19, 2016 the common pleas court upheld the award. Please note: this appeal was the very first in the history of collective

bargaining requested by Public Safety. John Born Paul Pride, and Charles were livid that they lost the appeal.

VI. Therefore, On. June of 2016, John Born requested that the office of collective bargaining to appeal the lower court decision to the Tenth District Appeals Court of Ohio. However, on April 14, 2017 the Tenth District Court of Appeals upheld the lower court decision, to the dismay of Born, Charles, and, Pride., and further affirmed that the defendant, namely, the State pay interest on all money due the plaintiff in addition to back pay and benefits.
(a.) It should be noted that during the time of plaintiff 2016 2017appeals, John Born, Paul Pride, met on several occasion and spoke with Gwen Callender and Douglas Behringer in reference to forcing the plaintiff departure from DPS as an enforcement agent. Gwen Callender also ordered me to come to the fraternal order of police and for the state, personally told me she wanted my resignation and that was the only thing she was after, My resignation from the state. The plaintiff declined Gwen Callender was highly upset she could not get my resignation for the state of Ohio at their request

VII. On May 15, 2017 the plaintiff Timothy Gales was returned back to his position as an enforcement agent. The state on June 26, 2017 removed from the plaintiff back pay $ 35.300 as an offset, uncontested by the plaintiff, for income and unemployment received from April 13, 2013 until November 24, 2014 as required by E. William Lewis issued time stamped period, on the arbitration award. No additional sanctions were provided for by the arbitrator including mitigation language for any additional years of the parties continued disputes

VIII. January 11, 2018, the Defendants John Born, Paul Pride, with the approval of Douglas Behringer, Gwen Callender, and Cathy Brockman, of the FOP opened an unlawful investigation, claiming that the plaintiff failed to adhere to an arbitration award issued on November 24, 2014 by Arbitrator E. William Lewis. There were no new issues that could have resulted in discipline from the original award.

IX On March 20, 2018, John Born, Paul Pride with the assistance of Douglas Behringer, Cathy Brockman, and Gwen Callender, terminated the services of the plaintiff as a result of retaliation for rejecting racism and speaking out on the issue by filing complaints.

X.   USC 42 1983 RETALIATION CLAIM: FIRST AMENDMENT

(a). In broad terms, the First Amendment protects the right s to be free from government abridgment of free speech. Retaliation for the exercise of First Amendment rights is a constitutional violation. In fact, an act taken in retaliation for the exercise of a constitutionally protected right is actionable under Title USC 42 1983. The courts have defined three things the plaintiff must demonstrate.
(1). First the plaintiff engaged in protected conduct this means the plaintiff speech or expression was the type traditionally protected under the First Amendment.
(2). Second, an adverse action an adverse action was taken to deter a person of ordinary firmness from continuing to engage in that speech or conduct.
(3) Third there is a cause an effect relationship between the adverse action and the free speech motivated at least in part by the plaintiff protected conduct.
The plaintiff is prepared to prove each and every element set forth by the court to substantiate he has suffered injury from retaliation of all defendants named herein.
                           AMENDED COMPLAINT

XI.        COUNT (1) 1983 RETALIATION CLAIM IST AMENDMENT

(A1). On January 25, 2019 the plaintiff Timothy Gales received final resolution from his September 10, 2018 arbitration hearing presided by Arbitrator David Stanton. The handpicked and good friend of Douglas Behringer of the fraternal order of police. Douglas Behringer was very proud of his selection after having discussions with John Born, Paul Pride, and staff attorney James Hogan. Douglas Behringer assured John Born, Paul Pride,

and James Hogan, that his friend David Stanton would take care of the problem with the plaintiff. And after a careful review of the fraudulent award clearly demonstrates that David Stanton issued an award in violation of the laws of Ohio, and the laws of the United States for the sole purpose to assist the FOP, and it representatives Douglas Behringer, Cathy Brockman, and Gwen Callender to allow the defendants to retaliate and deprive the plaintiff of his protected speech and equal protection rights against the state of Ohio and it directors, and superintendent. Namely, Ohio Department of Public Safety, Thomas P. Charles, (former director) John Born (former director) state Patrol, Paul Pride (former), (superintendent of (OSP) State Patrol.  By continuing to carry out the  bad actions of their predecessors, and  while joining in to retaliate against the plaintiff for his asserting his protected First Amendment speech. And by depriving the plaintiff of his equal protection right under the 14th amendment by unlawfully seizing the plaintiff 33 year career by retaliation. The acts occurred while under color of law by the state actors.

(A2). Pursuant to Federal Arbitration Act, which recognize arbitration over litigation when a grievance has been filed. Courts have set aside or dismissed civil litigation in favor of arbitration. In addition, both state and federal courts have stated no civil actions can commence against a party until the issue of arbitration has been resolved.. In addition,  section 10 of the federal arbitration act allows courts to set aside awards by arbitrators who have committed fraud, evidence of partiality, misconduct by the arbitrator, and arbitrator exceeding his authority. The plaintiff is prepared to prove each element against the arbitrator that demonstrates his January 25, 2019 award was procured by fraud, misconduct, partiality, and with David Stanton exceeding his authority and clearly acted outside his duties as his arbitrator ethics required and then used his position to impose his own brand of industrial justice from an expired contract that ended 6.30.2015, to assist, Thomas P. Charles, John Born, Paul Pride, James Hogan, of the department of public safety, and his good friendships with Douglas Behringer, Cathy Brockman, and Gwen Callender, to terminate and, retaliate against the plaintiff for his protected speech, under the First Amendment of the constitution. Based on the foregoing is why it has taken so long to initiate legal action against named defendants.

XII.     DEFENDANTS TO THE JANUARY 25, 2019 AWARD

January 25, 2019, allegation contained herein the fraudulent award

(A2). Thomas P. Charles, herein known as "Charles", used his authority as a former director of the department of public safety, where his influence with then, director John Born to assist him with his wishes to retaliate against the plaintiff for filing complaints against him and accusing him " Charles of being a "RACIST",  and that the department of public was very discriminatory towards it black employees. In the past "Charles had warned all enforcement agents at a staff meeting not to make complaints of any kind. " Charles further warned the agents to include this plaintiff that should a complaint be filed whether with a name or anonymously he would find out who made the complaint and they would be dealt with. The January 25, 2019 arbitration award reflected the retaliation when arbitrator David Stanton relitigated and an issued award from an expired contract, that he knew had been reviewed and closed by the two courts. The Franklin County Common Pleas Court, and, the Tenth District Appellate Court. Without leave of the court David Stanton reversed the decisions of the court and handed Thomas P. Charles an award that reflected his wishes to retaliate and terminate the plaintiff for asserting his rights to free speech.

(A3).  John Born, former director of the department of public safety, failed to protect the plaintiff from retaliation from Thomas P. Charles. Instead,  John Born, headed up a group of named defendants herein, to assist him with his retaliation against the plaintiff by violating Ohio Revised Code 2711.09 and Ohio Revised Code 2711.14 confirmation of an award. As stated herein by the arbitrator, This case was heard by the Franklin County Common Pleas Court after John Born initiated a motion by the Ohio Attorney General to vacate the award. Then without leave of the court, John Born, interfered with the rights of the plaintiff by ordering Paul Pride, former superintendent of the Ohio State Highway Patrol, to conduct an investigation into offset allegedly owed by the plaintiff. It is well known that any disputes related to an arbitration award ie, corrections, modification, or vacating awards is the strict jurisdiction of the common pleas 88 courts in Ohio. Not the Ohio State Patrol

under ORC 2711.11. However, John Born failed to ask for modification, or correction of an award instead he chose to retaliate by orchestrating a fake arbitration against the plaintiff, and by assisting in the selection of a rogue arbitrator to overturn court decisions. The January 25, 2019 award substantiates his motives. The Second Circuit Court, in the case of General RE Life Corp v. Lincoln National Life Insurance,, 909f.3d544(2dcir.2018) where an arbitration award is ambiguous, the arbitrator retains their authority to clarify an award. There is nothing in the law that allows John Born, Paul Pride, to use unlawful means to correct an award. Simply put the award is a fraud FOR THE PURPOSE OF RETALIATION.

(A4).
In addition, John Born without authority of the Ohio General Assembly falsely and with malice in an effort to continue his retaliation. Allowed the Ohio State Patrol to oversee the functions of the Ohio Investigative Unit. On January 25, 2019, Arbitrator David Stanton issued an award in the name of the Ohio Department of Public Safety, and the Ohio State Patrol. ORC 5503.01 designate the duties of the Ohio State Patrol Superintendent, and provides for the appointment of troopers and radio personnel. The Ohio General Assembly at no time identified the highway patrol as having the ability to appoint enforcement agent and or oversee the operations of enforcement agents. John Born, allowed this to occur in violation of the law for the sole purpose to allow, OSP Superintendent, Paul Pride to retaliate, for he and Charles, against the plaintiff, and by doing so, prevent other enforcement personnel from engaging into the same activities as the plaintiff.

(A5) On or about January 29, 2019, at the directions of OSP superintendent Paul Pride. The plaintiff arbitration award was placed on the agency portal for all to review. The arbitration awards was placed in the OSP Portal where enforcement agents and trooper must read and sign for no other reason than to intimidate, retaliate against the plaintiff, by smearing his name through the portal and alerting others that what has happened to the plaintiff can happen to you as well. The scare tactic to not complain. John Born Knew or should have known his retaliation would cause severe harm to the plaintiff well being, health and his employment standings. However to not let his predecessor Thomas P. Charles down. Born chose to retaliate and, deprive the

plaintiff of his rights to free speech and employment for sole purpose to cause injury to the plaintiff. The plaintiff lost his 33 years of state employment and retirement due to the unlawful and retaliatory action of John Born.

## XII. JANUARY 25,2019 ALLEGATION CONTAINED HEREIN

(A6) Paul Pride, used his position as Superintendent of the Ohio State Patrol to authorize an unlawful and biased investigation as the details of the unlawful investigation is laid out in the January 25, 2019 award. Ohio Revised Code 4117.09 authorize contract agreements with parties. (See Appendix (B). The Plaintiff a member of the Ohio Fraternal Order of Police, and covered by agreement between the FOP and the Office of Collective Bargaining. At no time during the plaintiff employment was ever covered by an agreements with the Ohio State Patrol and the Fraternal Order of Police. However, Paul Pride committed the his unlawful actions solely to retaliate against the plaintiff for his protected speech for which his predecessor " "Charles." employed him to commit. ( Ohio Ninth District has stated in the case of (Gingrich v. Wooster, 9th dist No.00CA0032,2001 WL22256*5 (January 10, 2001) When parties agree to binding arbitration they agree to accept the findings of the arbitrator and may not relitigate the facts as found by the arbitrator. I n addition, the court stated that is the statutory duties of the court of common pleas under Ohio Revised Code 2711.10 (d) to make determination vacate an award. However, it is clear the intention of Paul Pride, to use his position as superintendent of the Ohio State Patrol, to violate the laws of Ohio and the constitution of the United States solely to retaliate against the plaintiff for his rejection of racial impropriety at the defendant agency. Therefore an award was issued in the name of the Ohio State Patrol and sanctioned by Paul Pride on January 25, 2019, and by doing so, unlawfully violated Ohio Revised Code 4117 10 (d) and Ohio Revised Code 4117.09 solely to retaliate against the plaintiff and to undue previously court journal court cases for which Paul Pride, John Born, Thomas P. Charles, were upset and disagreed with the findings of the court.

(A7) On or about January 29, 2019, with approval of Paul Pride, former OSP superintendent of the patrol. The plaintiff award which identified the Ohio State Patrol as a party in violation of the law. Identified the plaintiff as being terminated for all 1700 patrol staff and all 80 plus Ohio Investigative Unit Personnel to review, Paul Pride ensured the posting of the award for all to see for the sole purpose to humiliate and retaliate against the plaintiff and to cause and inflict injury to the plaintiff mental health and well being. The award was procured by fraud as of the result of Paul Pride initiating an unlawful investigation solely to retaliate against the plaintiff. Then placed on the OSP portal to cause the plaintiff undue embarassment and retaliation, and to prevent others for acting in the same manner as the plaintiff. Paul Pride actions were retaliatory and in violation of Title USC 42 1983

XIII, THE JANUARY 25, 2019 AWARD ISSUED BY DAVID STANTON.

(A8). David Stanton a seasoned 30 plus year arbitrator with exceptional experience in labor contract and disputes. Typically courts have found arbitrator to enjoy the same immunity from civil suits as judges, unless it can be found that an arbitrator acted in bad faith and exceeded his or her authority. Arbitrator Stanton clearly and with malice aligned himself with his good friends with the Fraternal Order Of Police. Namely, Douglas Behringer, Cathy Brockman, and, Gwen Callender, for the sole purpose carryout the objective of the defendants named herein to retaliate against the plaintiff. Dave Stanton unlawful arbitrary, and capricious, conduct allowed his signature to flow through a fraudulent and relitigated award for which he was not the original arbitrator. The courts have stated an arbitrators powers are terminated once an award is delivered to the parties. The court further stated as in Lockhart at 101, citing Citizen Building, of West Palm Beach ,Inc . The arbitrators powers are limited because.

(A9). Arbitrators are appointees with but one single duty and *** and the performance of that duty terminates their authority when the arbitral board renders a final award. Its powers and duties under the submission are terminated. Its authority is not a continuing one, and after its final decision is announced it is powerless modify it, or revoke it, or make a new award upon the same issues.

(A10). The aforementioned case alone demonstrates fraud and deception on the part of Arbitrator David Stanton. At issue was an award issued by Arbitrator E. William Lewis on November 24, 2014. The award was appealed by defendants John Born, Paul Pride, with the conclusion occurring on April 14, 2014. However, on June 19, 2018 Dave Stanton accepted a case that had been closed by the court then issued a fraudulent award based on his own form of retaliation and industrial justice. David Stanton January 25, 2019 arbitration award, is ripe with bias and fraudulent, misconduct on the part David Stanton, to include false statements made in reference to the fact that the plaintiff was wrong by not providing his 2016 2017 taxes as ask for by the John Born and Paul Pride, through Joe Exstein an administrator in Human Resource department and is not part of my chain of command the plaintiff reported to. The Internal Revenue Code 26 U.S. 7213 which reference unauthorized disclosure of information states in part below

(A11). For states and other person: Returns and returns information

It shall be unlawful for any person not described in paragraph (1) any return or return information as defined in section 6103 (b) acquired by him or another person. Any violation of this section shall be a felony punishable by a fine not to exceed $ 5000 or five years in prison, The IRS code clearly did not give to arbitrators the authority to order grievant to rule on taxes then make his own judgment as to what he believed the mindset of the plaintiff was at the time the plaintiff refused to release his taxes to the investigating OSP trooper who under the law had zero authority to request the plaintiff taxes. There is no written language in the contract agreement that Arbitrator David Stanton interpreted to require the plaintiff to turn over his taxes. There was no language in the award that stated the plaintiff must provide his 2016 - 2017 taxes for an offset. David Stanton clearly and with malice fashioned his award to fit the needs of Thomas P. Charles, John Born, Paul Pride, Douglas Behringer, Cathy Brockman, Gwen Callender, and James Hogan, and did so for no other reason than to allow the defendants named herein to retaliate against the plaintiff.

(A12) Arbitrator David Stanton, intentionally and with malice and for the sole purpose to retaliate and issue his own brand of industrial justice

fashioned a false and incomplete award based on testimony from state witnesses included

1. Joe Exstein: who testified that he was told by staff attorney James Hogan not to pay any additional money to the plaintiff, even though he knew his calculations were wrong for calculating court ordered interest. However to satisfy the wishes of the defendants named herein and to support the award he fashioned and delivered on January 25, 2019 David Stanton intentionally omitted testimony that would have supported the plaintiff claim, that he was owed thousands of dollars by the state of Ohio defendants named herein.

(2). OSP Lt. Chad Miller, testified at the hearing that the during the investigation process the plaintiff was truthful with his answers, in addition, Mr. Miller explained that he did not have the authority to investigate the plaintiff for alleged IRS tax violations, and that his investigation focused on what the arbitrator requested the plaintiff to honor in the award. However, David Stanton intentionally and with malice omitted any testimony given by Lt. Chad Miller, so that he could fashion his January 25, 2019, award to meet the demand of the defendants named herein. The fake arbitration conducted by David Stanton was nothing more than a sham.

(3) OSP Captain Lennox, testified that the plaintiff very well could have misunderstood his responsibility as it related to providing documents. However Captain Lennox admitted the plaintiff was not being dishonest based on his own interpretation of the award issued by E. William Lewis on November 24, 2014. However, David Stanton, intentionally and with malice on January 25, 2019, omitted any testimony made by Capt Lennox for the sole purpose to fashion an award to meet the demand of the defendants named herein and to allow retaliation by the defendants and himself.

(4). Katy Robeson, testified ans was caught in a lie when she claimed that the plaintiff failed to tell her he had been terminated from his employment when he was hired by Allied Universal Security where she served as human resource manager. She then was hired by the defendant agency in the human resource department. However, with her interview with OSP clearly demonstrates she was untruthful when she stated that the plaintiff told her he had been fired by the defendants agency named herein. However, David Stanton, intentionally, and with malice omitted any false testimony made by Katy Robeson, so that he could fashion a falsified and untruthful award to meet the demand of the defendants names herein, David Stanton action were

intentional and he meant to inflict serious harm by retaliating against the plaintiff for his expression of free speech by refusing to provide his constitutionally protected IRS tax documents for which he has no authority under an expired contract to make judgment on.

(A13) On January 25, 2019, Arbitrator David Stanton went into great details of how and why the plaintiff deserved termination. At no time did the arbitrator point out the misdeed of the defendants. The arbitrator in the award issued, unlawfully reduced the plaintiff state employment from 33 years to having only 21 years of service. Arbitrator Stanton with the help of the defendants named herein, intentionally changed the plaintiff tenure, so that he could fashion an award, and make it appear, that he didn't take employment away from an employee, who had met his retirement years. However, with malice and to assist the defendants named herein. David Stanton fashioned his award with the plaintiff being employed by the state and had tenure of only 21 years reduced from 33 years. As stated David Stanton arbitration hearing was a sham. Dave Stanton was bought and paid for by the defendants.

(6). On January 25, 2019, David Stanton delivered an award to the defendants in violation of FAA and Ohio Laws to include ORC 2705 contempt section, and ORC 4117.09, ORC 4117.04 Parties agreement. The defendants appointed David Stanton as arbitrator for two purposes, to overturn the decision of the Franklin county common pleas court, and to overturn the decision of the appeals court based on an award issued by E. William Lewis, then terminate the employment of the plaintiff. in fact, David Stanton, overturned an award issued by the original arbitrator, E, William Lewis, solely, to meet the demand of the defendants named herein. David Stanton, had absolutely no authority on January 25, 2019 to disturb the decisions of the court. Nor, did he have any authority to fashion an award with the Ohio State Patrol who were not the employer of the plaintiff pursuant to Ohio law. The contract that E. William Lewis issued his award under had expired on June 30, 2015. Arbitrator David Stanton revived an expired contract that knew or should have known no longer existed, and that there were no real parties to the contract. Then allowed his signature to flow through an award as if his award was made from a valid contract. It was not.

However, in doing so David Stanton violated well well established public policies. He did so to retaliate against the plaintiff for no other reason than to violate the protected rights of the plaintiff free expression of speech, and to assist the defendants named herein to retaliate. Against the plaintiff and reverse court decisions. (See Appendix C award 1.25.2019).

### IX. FRATERNAL ORDER OF POLICE RETALIATION 1.25.19

(A14) Douglas Behringer, on January 25, 2019, received through email an award from Arbitrator David Stanton, captioned: Ohio Department of Public Safety, and the Ohio State Highway Patrol. Douglas Behringer is a seasoned labor attorney for defendant Ohio Fraternal Order of Police. He is well versed on arbitration negotiations and, in determining who are parties to agreements he has negotiated, specifically, agreements between the office of collective bargaining and the FOP. Douglas Behringer knew or should have known that he was violating ORC 4117.09, and ORC 4117.04, Ohio Collective Bargaining laws, when he intentionally engaged himself and the fraternal order of police into a staged second arbitration, based on a previously issued November 24, 2014, award, issued by arbitrator E. William Lewis. This second arbitration occurred without a valid contract agreement, and in violation of ORC 4117.09, Douglas Behringer knew the Ohio State Patrol were no longer members of the fraternal order of police. Douglas Behringer also knew that the Ohio State Patrol formed a union, known as the Ohio Troopers Association, and enforcement agents hired under the department of public safety were not members of the troopers association collective bargaining agreements. And, that there were no agreements made between the Ohio Office of Collective Bargaining under ORC 4117.10 (D) to include any agreements between the FOP and the State Patrol. Douglas Behringer knew from the beginning that his involvement was unlawful , and failed to properly represent the plaintiff. His actions were to assist the defendants named herein, and himself, to retaliate against the plaintiff for his protected activities. There were no legal basis for a second arbitration. The contract had expired on June 30, 2015.

(A15). On January 25, at approximately 6:25 pm Douglas Behringer contacted the plaintiff via Cell Phone and explained the arbitrator decision. A heated argument occurred after he stated I shouldn't have pissed off the arbitrator by refusing to retire. I attempted to explain to him it was my right to refuse if the plaintiff chose not to retire. The plaintiff reminded Douglas Behringer of his earlier comments that his good buddy Dave Stanton would take care of the plaintiff for the union because he great friends with the union. His response was "well", you lost your grievance. Doug stated, you are done with the state. I emailed you a copy of the arbitrator decision so you can read it yourself.

The plaintiff asked Douglas Behringer, what grounds did the arbitrator have to rule on a confirmed arbitration and terminate the plaintiff services. Behringer response, "well it looks like you were dishonest about your taxes and the arbitrator to great offense to your dishonesty in his award. I further explained to Douglas Behringer, His good buddy Dave Stanton was bought and paid for as soon as he was assigned the arbitration. And the fraternal order of police knew what they were doing was wrong. Douglas Behringer stated I have more people to worry about not just you Timothy! And hung up the phone.

(A16). On or about February 12, 2019, the plaintiff made contact with FOP representative Curtis Hundley, and requested that he ask Douglas Behringer to appeal the fraudulent award issued by David Stanton. I explained this award can't stand, it was procured by fraud, and by an expired contract. The following day Curtis Hundley contacted Douglas Behringer the FOP representative and was told by FOP Behringer, that he was not going to do a damn thing for "Gales", Mr. Hundley stated, Behringer said what do he expects from me, "ouote", the guy ( Gales) speaks negative of him, now he want my help… So what do he want me to say! Oh that the arbitrator discriminated against him. "Well tell him I wont be doing shit for him. "End quote", He then stated he called Thomas P. Charles a Racist I will not fight for his ass. He (Gales) better take his request for appeal, to the higher ups.

(A17), On March 23, 2020, the plaintiff submitted an email to Douglas Behringer which outlined his retaliatory and discriminatory actions taken against the plaintiff as of the result of the January 25, 2019 award issued in

violation of the laws of Ohio and the United States. The complaint outlined discriminatory, and retaliatory action of Douglas Behringer. In addition, to his complete failure to properly represent the plaintiff with whom he forced into a staged arbitration as outlined in the January 25, 2019 award. Behringer, failed to protect the rights afforded the plaintiff. Instead, he did so by, aligning himself with Thomas P. Charles, John Born, Paul Pride, James Hogan, and his good buddy David Stanton, so that he could engage in an acts of retaliation and deprivation against the plaintiff for filing complaints and, resisting racism. (See Appendix A 2 – 3.23.20 email to Behringer). The complaint made was not investigated by FOP of the plaintiff concerns.

(A18). Cathy Brockman, director of the Ohio Fraternal Order of Police., and, Gwen Callendeer, chief legal for the FOP
On March 29, 2019, the plaintiff Timothy Gales submitted a 56 page complaint letter to Cathy Brockman, that outlined the years of mistreatment the plaintiff had received from staff members of the FOP. Namely, Douglas Behringer, and former representatives, Paul Cox, and Joel Barton. The plaintiff explained in his letter to Ms. Brockman the failure of Doug Behringer to represent fairly at a staged arbitration he helped the defendants put together. On April 9, 2019, Cathy Brockman, and Gwen Callender, provided a negative response to the plaintiff request. Ms. Brockman in her response to the plaintiff. Denied the plaintiff request for an appeal to common pleas court. Instead she provided information that typically a judge would write in his or her opinion to vacate an award. The fraternal Order of Police do not have the authority to fashion decision, left to the court. Ms. Brockman, pointed in her letter and acknowledged the plaintiff dislike for Douglas Behringer ( See A-1- FOP 4.9.20 response letter). Cathy Brockman further pointed out in her letter, that pursuant to Ohio Revised Code 2711.10 that there are limited grounds for challenging an award and my claims do not exist. Even though the award was procured by fraud, and retaliation by the fop and Behringer. The award was issued under an expired contract, and the award was re-litigated from the original award in violation of the law. This violated my due process rights under the 14th amendment. TRIED TWICE FOR THE SAME ACT However, Cathy Brockman and Gwen Callender were engaged to assist the defendants named herein to retaliate against the plaintiff. That the two used their positions retaliate by having there good

friend David Stanton reverse court decision and terminate the plaintiff based on his complaints and by identifying Thomas P. Charles as a discriminatory and racist director. Cathy Brockman, and Gwen Callender collectively retaliated against the plaintiff and deprived the plaintiff of his employment rights and property by assuming the very same customs as used by the STATE defendants named herein and under color of law. The staged and unlawful arbitration approved by Cathy Brockman and Gwen Callender was a complete sham. So simply put, Cathy Brockman, and Gwen Callender are now protecting Dave Stanton and Douglas Behringer for their involvement with the scheme to retaliate. In essence, Ms. Brockman has stated in her letter pursuant to section 20.09 of the expired contract. She failed to point out in the same section where it state that should the arbitrator violate state law the parties to include employee may seek redress. Now she basically stating, the plaintiff got what he bargained for and what he deserve. Catrhy Brockman now believe that the unlawful acts by the defendants is now binding on the plaintiff. (See appendix A-1 Letter). Because the FOP will not pursue an appeal for the plaintiff. The plaintiff pursued his own appeal as a result of the refusal and failure to represent by the FOP and it representatives. It was the intent of the fop to deprive and retaliate against the plaintiff for his protected activities and assist the defendants named herein to seize the

X.      JAMES HOGAN DPS LEGAL ATTORNEY

(A19) Is hereby named in his individual capacity as in house legal adviser for the department of public safety. James Hogan is an experienced labor attorney having at one time worked for the Ohio Office of Collective Bargaining as their legal counsel. James Hogan is very well versed in contract negotiations, as well as, establishing parties to valid contract agreements for the state of Ohio, as provided for in ORC 4711.01 to 4711.09. James Hogan, is also well trained on the enforcement of arbitration awards issued by arbitrators.

(A20) On January 25, 2019, James Hogan received from David Stanton an arbitration award. The award was titled Parties, the Ohio Department of Public Safety, and the Ohio State Highway Patrol. James Hogan knew based on his experience as a labor attorney, that the aforementioned designation as parties by the arbitrator was wrong, and incorrect. It was attorney James

Hogan, who attended the fraudulent and staged arbitration for which a January 25, 2019 award was issued. It also was James Hogan who attended the September 10, 2014 arbitration conducted by E. William Lewis as it related to the plaintiff grievance against Thomas P. Charles and John Born. James Hogan, used his position as a state labor attorney to influence the decision of the arbitrator by telling him. Under no conditions do John Born or Paul Pride, both, defendants named herein, would accept nothing less than the plaintiff termination. James Hogan acted in the same manner as Thomas P. Charles, John Born, and Paul Pride while under color of law And as a result of the sham award issued by David Stanton, James Hogan assisted defendants named herein to retaliate against the plaintiff for his protected activity. On several occasion the plaintiff submitted email to Mr. Hogan, requesting that the defendants (state) pay interest and additional back pay owed. With the latest email being sent July 7, 2020. James Hogan ignored the email in its entirety and refused to respond. James Hogan, committed the act and refused to respond based on the plaintiff filing complaints on the agency, and, defendants named herein. In addition, during the 2018 arbitration fake hearing. Joe Exstein testified that, it was James Hogan who told him not to pay the any additional money to the plaintiff that was owed. James Hogan committed the retaliatory acts for no other reason than to support the wishes of Thomas Charles, John Born, and Paul Pride, all who had in the past been sued by the plaintiff in federal court and in state court. Therefore, James Hogan assumed the same customs and norms of the defendants named herein to retaliate against the plaintiff for rejecting discrimination and racism. As a result, the January 25, 2019 fake arbitration award stole a 33 year state employee career due to retaliation and deprivation of rights. James Hogan failed his ethics as an attorney, however he chose to use his position as a labor attorney to retaliate and cost a 33 year Black law enforcement officer his career with no other justification other than retaliation. ( See appendix A July 7, 2020 titled back pay and interest owed)

# XI. COUNT TWO: RETALIATION VIOLATES 14TH AMENDMENT 1983

(A21). In the case of Carlos Vegas a math teacher with the long island school system who had filed retaliation and discrimination complaints against the Long Island school board. The Federal Second Circuit found that retaliation for discrimination complaints counted as deprivation of any rights, privileges, or immunities under the equal protection clause of the 14th Amendment and is actionable under 1983. Therefore, the plaintiff Timothy Gales is asking the court to find all defendants named herein to be in violation of the plaintiff equal protections rights under the fourteenth amendment of the constitution. The defendant named herein, intentionally and with malice deprived the plaintiff of his rights by coming together as a group to unlawfully seize the employment of a black law enforcement officer and to satisfy the wishes of Thomas P. Charles, John Born, and Paul Pride based on the plaintiff filing complaints and lawsuits against them, the defendants retaliated by taking the plaintiff employment by discriminatory and retaliatory means.

# XII.     CONCLUSION

The plaintiff is asking the court to set a trial date by jury for the case to be heard. The plaintiff is prepared and ready to prove each allegation contained in his amended complaint which allege constitutional 14th amendment violation of equal treatment and first amendment violation for expression of speech.. The plaintiff is asking ten million dollars in compensatory damages from Thomas P. Charles, John Born, Paul Pride, James Hogan, as well as punitive damages. The plaintiff is asking 6 million in compensatory damages from the Fraternal Order of Police, Douglas Behringer, Gwen Callender, and Cathy Brockman, along with punitive damages deemed appropriate by the court. The Plaintiff is asking 2 million dollars in compensatory damages from David Stanton, as well as punitive damages as deemed appropriate by the court. The plaintiff request a written apology from Cullen Jackson, The plaintiff request no compensation from Cullen Jackson.

Special note:

The plaintiff is advising the court that there is presently an open case with the Ohio Supreme Court. Case No. 21-0331 filed March 15, 2021

Certificate of Service

I Timothy Gales the affirm that a copy of the amended complaint was sent to the defendants at the below address via U.S. Mail on March 31, 2021, to, Thomas P. Charles, John Born, Paul Pride, James Hogan, 1970 West Broad Street Columbus, Ohio 43223. Douglas Behringer, Cathy Brockman, fraternal order of police, Gwen Callender 222 Town Street Columbus Ohio 43215. David Stanton, 7321 New Lagrange Rd, Covington Kentucky, 40222 and Cullen Jackson 1602 West Broad street Columbus Ohio 43223

Timothy Gales
710 Glendower Avenue
Columbus, Ohio 43207
614 376.9346
tgales37@gmail.com