IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY GALES,

    Plaintiff,

    v.

THOMAS P. CHARLES, et al.,

    Defendants.

Case No. 2:21-cv-328
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on the September 16, 2021, Order to Show Cause. (Doc. 8). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute under Rule 41.

**I.  BACKGROUND**

Plaintiff's 42 U.S.C. § 1983 retaliation complaint was filed on March 10, 2021. (Doc. 4). The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on March 10, 2021. (Doc. 5). The Court dismissed without prejudice Plaintiff's claims for damages against Defendants in their official capacities; the conspiracy claim, the Fourth Amendment claim, and the Fourteenth Amendment claim against Defendants; and the state-law claims against Defendants in their individual capacities.  The Plaintiff was permitted to proceed with his individual-capacity retaliation claim but was ordered to file an Amended Complaint detailing which allegations, not barred by the statute of limitations, support the claim. (Doc. 6).  Plaintiff filed his Amended Complaint on March 31, 2021.  On September 16, 2021, this Court issued a Show Cause Order requiring Plaintiff to serve process on Defendants or show cause why he has not done so by

September 30, 2021.  (Doc. 8).  As of the date of this Report and Recommendation, Plaintiff has not served Defendants or shown cause.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal.  First, Plaintiff has not responded to the Court's show cause order and has not engaged the Court since March 2021.  The absence of communication from Plaintiff indicates he has "a reckless disregard for the effect of

his conduct on [the Court's] proceedings[,]" due to willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). No Defendant has been served, so there is little risk of prejudice, but the remaining factors weigh in favor of dismissal. The Court warned Plaintiff that failure to comply with its orders would result in a recommendation that his case be dismissed. (Doc. 8). "Additionally, the Court has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings." *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning. Because lesser sanctions would be futile, dismissal of this action is appropriate. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause"). Accordingly, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute pursuant to Rule 41.

IV. **CONCLUSION**

The Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which

objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 22, 2021   /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE