IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY GALES | Case No. 2:21-cv-00328-MHW-KA |
| Plaintiff, | JUDGE: MICHAEL H. WATSON |
| v. | MOTION TO DISMISS BY DOUGLAS BEHRINGER, GWEN CALLENDER, AND CATHY BROCKMAN |
| THOMAS CHARLES, et al. | |
| Defendants | |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Douglas Behringer, Gwen Callender, and Cathy Brockman (collectively, the "Fraternal Order of Police, Ohio Labor Council, Inc. Defendants" or "FOP Defendants") respectfully submits this Motion to Dismiss the Complaint. This Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff has failed to state a claim against the FOP Defendants upon which relief can be granted.

## FACTS

**A.    Facts Alleged In The Complaint[1]**

Plaintiff is proceeding *pro se*. The Amended Complaint is hardly a model of clarity or coherent pleading; FOP Defendants believe that the Amended Complaint alleges the following facts:

Defendants are Directors of the Ohio Department of Public Safety Director (Thomas Charles, John Born), a Superintendent of Ohio State Highway Patrol (Paul Pride), an arbitrator (David

---

[1] FOP Defendants deny any wrongdoing.  The facts are presented as described in the Complaint for Rule 12 purposes, only.  FOP Defendants deny many of Plaintiff's allegations and anticipate that discovery and, if necessary, trial will show a very different set of facts.

1

Stanton), an Office of Collective Bargaining employee (Cullen Jackson), an ODPS Attorney (James Hogan), and FOP Defendants.

Plaintiff was a former ODPS employee. He was terminated from employment in 2013, but following a union grievance and court proceeding, was reinstated. In 2018, he was again terminated. This second termination was upheld by an arbitrator. The decision of the arbitrator, attached as an Exhibit to the Complaint, describes the basis for this termination. Plaintiff was terminated because he failed to provide evidence to his employer of his wages earned following his initial termination and before his reinstatement – this information was necessary to determine the amount of the back-pay due to Plaintiff as a result of his successful grievance. (Decision, Doc#7-1, PageID#125.)

Plaintiff alleges that he was terminated because had accused Charles of being a racist and ODPS of engaging in discriminatory employment practices. He further alleges a broad conspiracy between ODPS employees, the arbitrator, and FOP to conduct a biased and fraudulent arbitration hearing. (*See, generally*, Am. Complaint, Doc#7, PageID#88.) The basis for this conspiracy, and the motivation of many of the individuals involved, including FOP Defendants, to join in the conspiracy, is not described in the Amended Complaint with any detail.

In terms of the FOP Defendants, Plaintiff claims that Behringer "failed to properly represent" Plaintiff through the arbitration process and "to assist" the other defendants and "retaliate against the plaintiff for his protected activities." (Am. Complaint, Doc#7, PageID#91.) Behinger declined to appeal the arbitration decision. (Am. Complaint, Doc#7, PageID#91.) Plaintiff sought assistance from Behringer's supervisors at the FOP, Brockman and Callender. In a letter to Plaintiff, Brockman explained the FOP's decision to not pursue an appeal:

> There is no evidence before me to consider that would support your claim that there was any corruption, fraud or other undue means in the arbitration hearing and award. The limited grounds to vacate an arbitration award do not exist pursuant to R.C. §2711.10. While I am sure you are disappointed with the outcome, the award is final and binding pursuant to Article/Section 20.09, Paragraph 4, of the Collective Bargaining Agreement.

2

(Letter, Doc#7-1, PageID#98.) Nonetheless, Plaintiff alleges that Brockman and Callender were "protecting" the arbitrator and Behringer "for their involvement with the scheme to retaliate." (Am. Complaint, Doc#7, PageID#94.) The motivation of the FOP Defendants, beyond broad and conclusory allegations of racism and/or desire to assist a friend, is not described in the Amended Complaint with any detail.

This litigation followed.

**B.     Procedural Background**

A previous complaint by Plaintiff, alleging misconduct by many of the same individuals named in this case, was dismissed with prejudice. *Gales v. Charles et al.*, 2:16-cv-00123-MHW-NMK.

Plaintiff originally filed a *pro se* complaint asserting various federal claims, as well as several state-law claims. (See generally Doc. 1-1). This Court described the Complaint as asserting "four claims under 42 U.S.C. § 1983—conspiracy, retaliation, 4th and 14th Amendment violations—and two claims under Ohio law—unlawful discriminatory practices and intentional infliction of emotional distress." (Report and Recommendation, R.5, PageID#70.) In a Report and Recommendation, this Court noted that many of Plaintiff's allegations were barred by the statute of limitations, but granted Plaintiff leave to file an Amended Complaint that "includes specific factual allegations of retaliation which occurred within the past two years."

This Court adopted the Report and Recommendation and dismissed all claims for damages against Defendants in their official capacities as barred by sovereign immunity and the conspiracy claims, Fourth Amendment claim, and Fourteenth Amendment claim as barred by the pertinent statutes of limitations. This Court also dismissed the state-law claims against Defendants in their individual capacities. (Doc#6.) Plaintiff filed an Amended Complaint on March 31, 2022.

The case was dismissed for failure to effectuate service. (Doc#10, Doc#11.) However, the Court granted a motion for reconsideration and permitted Plaintiff additional time to serve Defendants. (Doc#13, 14.)

FOP Defendants were served by certified mail on or about September 9, 2022. FOP Defendants now submit this Motion to Dismiss.

## ARGUMENT

**A.    Standard**

In evaluating a facial attack on the basis for subject matter jurisdiction under Rule 12(b)(1), this Court should take the allegations of fact in the Amended Complaint as being true. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When the defendant makes such a motion, the plaintiff bears the burden of proving subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff "must allege facts that are sufficient 'to state a claim to relief that is plausible on its face.'" *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.    This Court Lacks Jurisdiction Because SERB Has Exclusive Jurisdiction Over Plaintiff's Claims Against FOP Defendants**

Plaintiff's claims against FOP Defendants must be resolved before the State Employment Relations Board ("SERB"), which has exclusive jurisdiction over claims related to unfair labor practices by unions and their agents. *See Holt v. State of Ohio & Dept. of Youth Services, No. C2-05-894*, 2006 U.S. Dist. LEXIS 69960 (S.D. Ohio Sept. 27, 2006) (stating that SERB has exclusive jurisdiction

4

to decide matters committed to it pursuant to Ohio Rev. Code Chapter 4117). *See also Franklin County Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St. 3d 167, 172 (1991) (plaintiff may not file claims that arise from or depend on the collective bargaining rights created by R. C. § 4117, rather, SERB has exclusive, original jurisdiction).

In the Amended Complaint, Plaintiff ties all of the alleged misconduct (within the statute of limitations) by FOP Defendants to the manner in which FOP Defendants handled his request to appeal the arbitration decision.[2] Plaintiff specifically complains that "the FOP will not pursue an appeal" of the arbitration decision on his behalf and that there was a "failure to represent by the FOP and its representatives." (Am. Complaint, Doc#7, PageID#94.) Plaintiff alleges that Behringer threatened to not "do a damn thing" to challenge the arbitration. (Am. Complaint, Doc#7, PageID#92.) Plaintiff alleges that Callender and Brockman were "protecting" the arbitrator and others and declined to "pursue an appeal." (Am. Complaint, R.7, PageID#94.)

Revised Code 4117.11(B)(6) makes it an unfair labor practice for an "employee organization, its agents, or representatives" to fail "to fairly represent all public employees in a bargaining unit."[3] Unfair labor practices by Ohio public employee unions are under the exclusive jurisdiction of SERB. *Shamrock v. Trumbull County Comm'rs*, 71 Ohio App. 3d 54, 57 (11th Dist. 1990).[4] The Sixth Circuit has

---

[2] Plaintiff also describes what he claims is Behringer's "complete failure to properly represent the plaintiff" in a "staged arbitration." He then claims that Callender and Brockman approved the "staged and unlawful arbitration." (Doc#7, PageID#94.) All of these claims are, this Court has found, precluded by the statute of limitations. (Report and Recommendation, R.5, PageID#72 (noting that "The basis for Plaintiff's conspiracy claim is the alleged 'fraudulent fixed arbitration' orchestrated by Defendants" in March 2018).)

[3] Because R.C. 4117.18(B) covers claims against both the union and its "agents," SERB has exclusive jurisdiction over the claims against the FOP Defendants despite the fact that Plaintiff has not sued the FOP itself.

[4] Plaintiff clearly falls under the statute. A public employee is any person employed by a public employer. R.C. 4117.01(C), and a public employer is defined as the state or any political subdivision of the state located entirely within the state, including any public or special district. R.C. 4117.01(B). If Plaintiff believes that FOP Defendants failed to fairly represent him, he can file an unfair labor

5

held that "acts which constitute unfair labor practices under Chapter 4117 are subject to the exclusive jurisdiction of [SERB]… the courts cannot review such claims on primary jurisdiction." *Zafirau v. Cleveland Mun. Sch. Dist.*, 448 Fed. Appx. 531, 536 (6th Cir. 2011), citing *Shamrock, supra*. See also *Bero v. Eastern Knox County Joint Fire Dist.*, Case No. 2:11-cv-411, 2011 BL 277342 at *3 (SD. Ohio Oct. 27, 2011) ("Jurisdiction over the employment rights of public employees properly rests initially with SERB…"); *Featherstone v. Columbus Pub. Schools*, 39 F. Supp. 2d 1020, 1025 (S.D. Ohio 1999) ("It is well recognized that SERB is vested with exclusive initial jurisdiction over claims brought by public employees pursuant to § 4117."), *citing Holloman v. Greater Cleveland Regional Transit Auth.*, 6th Cir. No. 90-3473, 1991 U.S. App. LEXIS 6904 (Apr. 12, 1991). *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police Capital City Lodge 9*, 59 Ohio St.3d 167, 171, 572 N.E.2d 87 (1991) (when a party asserts a claim that arises from or depends on the collective bargaining rights created by Chapter 4117 "the remedies provided in that chapter are exclusive" to SERB).

The substance of Plaintiff's claims against FOP Defendant relate to the FOP's representation of him and, thus, fall squarely within R.C. 4117.11(B)(6). All of Plaintiff's alleged injuries from FOP Defendants arise in relation to his rights guaranteed by the collective bargaining agreement. True, courts have observed that "even though SERB has exclusive jurisdiction over claims of unfair labor practices, courts are not prohibited from exercising jurisdiction over federal civil rights claims." *Unger v. City of Mentor*, N.D.Ohio No. 1:08 CV 2000, 2009 U.S. Dist. LEXIS 150684, at *13 (Jan. 12, 2009), *quoting Gilbert v. Correction Reception Ctr.*, S.D.Ohio No. 2:07-cv-624, 2008 U.S. Dist. LEXIS 70904, at *22-23 (Sep. 19, 2008) (collecting cases). However, Plaintiff cannot avoid the exclusive jurisdiction of SERB by drafting the Amended Complaint to sound like causes of action in tort, contract law, or civil

---

practice charge in accordance with O.R.C. 4117.12 citing a violation of O.R.C. 4117.11(B)(6). (FOP Defendants express no opinion on whether such a claim would ultimately be successful.)

6

conspiracy. *State ex rel. Ohio Department of Mental Health v. Nadel*, 98 Ohio St. 3d 405, 2003-Ohio-1632, ¶21 ("mere fact that [a party] couched the allegations… in language comparable to that found in [other claims] is insufficient to vest jurisdiction" in courts instead of SERB).

In *Murray v. City of Columbus*, S.D.Ohio No. 2:10-CV-797, 2012 U.S. Dist. LEXIS 137888 (Sep. 26, 2012), this Court determined that SERB had exclusive jurisdiction over claims by a former law enforcement officer. Like in this case, the officer alleged that unfairness and bias in an arbitration proceeding formed the basis of a claim under Section 1983. This Court rejected an effort to recast claims of poor representation as a Section 1983 claim: "The fact that the FOP decided not to arbitrate Plaintiff's grievance does not amount to a deprivation of [plaintiff's] due process rights, but rather, may amount to an alleged breach of the duty of fair representation, a claim over which SERB has jurisdiction, not this Court." 2012 U.S. Dist. LEXIS 137888, at *26. Courts in the Northern District have dismissed similar claims against unions representing law enforcement officers and other employees for lack of jurisdiction, even if not pled explicitly as unfair labor practice claims. For example, in *Eyman v. Repicky*, N.D.Ohio No. 1:11 CV 1830, 2011 U.S. Dist. LEXIS 135698 (Nov. 21, 2011), a court in the Northern District dismissed claim by a Euclid patrol officer – including claims under § 1983 – for lack of jurisdiction even though the officer did "not expressly state in his Complaint that he is alleging an unfair labor practice." The *Eyman* Court observed that an employee may not attempt "to 'repackage'" allegations of unfair representation and present them as federal claims. 2011 U.S. Dist. LEXIS 135698, at *14. Similarly, in *Bielozer v. City of N. Olmsted*, N.D.Ohio No. 1:14 CV 1160, 2014 U.S. Dist. LEXIS 126317 (Sep. 9, 2014), a Court dismissed a claim arising, in part, from an alleged breach of an agreement between an officer and his employer arising out of a disciplinary proceeding. This Court said that "the claims arise from, or are dependent on, interpretation of the" collective bargaining agreement and, as a result, "this Court is without jurisdiction to hear these claims." 2014 U.S. Dist. LEXIS 126317 at *14. *Cf. Simmons v. Ohio Civ. Serv. Emp. Assoc.*, AFSCME

7

Local 11, 259 F.Supp.2d 677, 685 (S.D.Ohio 2003) ("there is no colorable basis for asserting the claim as an independent action outside the jurisdiction of SERB"); *Albano v. Columbus Bd. of Edn.*, S.D.Ohio No. 2:14-CV-0379, 2015 U.S. Dist. LEXIS 32807, at *25 (Mar. 17, 2015) (failures by union representatives "cannot form the basis of a §1983 action… While [plaintiff] may have a claim against Union Representatives for a breach of the duty of fair representation under Ohio Rev. Code § 4117, due to any alleged failure to advise him of his rights and options, the State Employment Relations Board has exclusive jurisdiction of such claims.").

Accordingly, because the Amended Complaint alleges an unfair labor practice by a public employee within the exclusive jurisdiction of SERB, this Court lacks jurisdiction and the Amended Complaint against FOP/OLC should be dismissed on these grounds.

**C.**     **Plaintiff Has Not Adequately Pled A § 1983 Action**

To set forth a cognizable § 1983 claim, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). "[A]cting under color of state law requires that the defendant in a §1983 action ha[s] exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Redding*, 241 F.3d at 533, quoting, West, 487 U.S. at 49.

   **1.**     **FOP Defendants Are Not State Actors**

Nowhere in the Amended Complaint does Plaintiff allege that FOP Defendants are state actors. Nor can he. FOP Defendants are employed by a labor union. Labor unions are generally not

8

state actors; and the FOP in particular has been found to not be a state actor. *Murray*, 2012 U.S. Dist. LEXIS 137888, at *28 ("Labor unions are generally not state actors"), *citing Johnson v. Intern. Bhd. of Teamsters (Local 830)*, 256 F. App'x 481, 483 (3d. Cir. 2007).

Plaintiff appears to rely on the conspiracy exception. "If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983…" *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000). "A private actor acts under color of state law when its conduct is 'fairly attributable to the state.'" *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (citation omitted). See also *Memphis, Tenn. Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905, 86 Fed. Appx. 137 (6th Cir. 2004). But Plaintiff cannot take advantage of the exception because Plaintiff has failed to adequately plead a conspiracy under § 1983. Plaintiff alleges in a conclusory fashion that FOP Defendants "actions were to assist" the other defendants "to retaliate against the plaintiff for his protected activities." (Am. Complaint, Doc#7, PageID#91.) He alleges a friendship between FOP Defendants and the arbitrator, another non-government employees. (Am. Complaint, Doc#7, PageID#92-93.) Plaintiff, however, does not allege any express agreement between FOP Defendants and any state actor. Nor does he allege, except in the most conclusory fashion, any common understanding or design between FOP Defendants and any state actor to accomplish any unlawful objective. Indeed, the Court is left to wonder *why* FOP Defendant would have any desire to conspire with the state actors to deprive Plaintiff of his constitutional rights – especially since the FOP engages in collective bargaining with the state actors as and their interests are most often diametrically opposite and adversarial.

The conclusory allegations that FOP Defendants were part of a civil conspiracy does not save the Amended Complaint.[5] This Court has explained that a §1983 conspiracy claim "must be pled with

---

[5] A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir.2007). To prevail on a §1983 conspiracy

9

some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient…" *Murphy v. Northwestern School Dist.*, N.D.Ohio No. 5:12 CV 2429, 2013 U.S. Dist. LEXIS 52283, at *20 (Apr. 9, 2013), *citing inter alia Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). In this case, the allegation concerning the role of FOP/OLC in a conspiracy is stated solely as a conclusion. This is not sufficient under Sixth Circuit precedent, which requires an allegation that the private actor willfully participated in joint action with those acting under color of law. *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).

*Murray v. City of Columbus*, *supra,* illustrates the point. In *Murray* this Court dismissed a claim that FOP and City of Columbus conspired together to deny a former officer due process. This Court found that conclusory allegations of a conspiracy, without more, were insufficient to state a claim against FOP. As in this case, this Court in *Murray* was "left to guess how the City and FOP conspired together…" and that dismissal was warranted because such conclusory "allegations are insufficient to assert FOP… acted under the color of state law." 2012 U.S. Dist. LEXIS 137888, at *29. Similarly, in *Kohus v. Ohio State Hwy. Patrol*, S.D.Ohio No. 3:12-cv-324, 2014 U.S. Dist. LEXIS 571 (Jan. 2, 2014), this Court considered a complaint that contained slightly more allegations against the union than in this case. In *Kohus* a law enforcement officer alleged that a union acted in concert with state employees to coerce him into signing a settlement agreement. This Court dismissed a §1983 conspiracy claim against the union, observing that despite some allegations generally alleged against all defendants, "there is practically no basis to infer that the allegations purport to state a claim against the Union." 2014 U.S. Dist. LEXIS 571, at *13. *See also Kurek v. Ohio Dept. of Dev. Disabilities*, N.D.Ohio No.

---

claim, Plaintiff must show that a single plan existed, that FOP Defendant shared in the general conspiratorial objective to deprive Plaintiff of his constitutional rights, and that FOP Defendants committed an overt act in furtherance of the conspiracy. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

3:16CV623, 2017 U.S. Dist. LEXIS 78224, at *5 (May 23, 2017) (observing that a "conclusory allegation that the Union colluded and conspired with" other state actors was "insufficient to support an inference that the Union was a state actor").[6]

Accordingly, because Plaintiff fails to allege facts to suggest a connection between FOP Defendants and the other state actors named in this action beyond conclusory allegations, Plaintiff has failed to establish any of the key elements of a §1983 claim against FOP Defendants and therefore fails to state a claim upon which relief may be granted.

### 2. Plaintiff Fails To Allege A Causal Relationship

A complaint filed under § 1983 must show a causal connection between the named defendant and the alleged constitutional deprivations. This means that Plaintiff must allege specific actions taken by the defendant that were the proximate cause of the constitutional injury. *Cameron v. City of Pontiac, Mich.*, 813 F.2d 782, 786 (6th Cir. 1987). "Congress did not intend § 1983 to attach where causation is absent." *Deaton v. Montgomery City*, 989 F.2d 885, 889 (6th Cir. 1993).

This Court Ordered Plaintiff to submit an Amended Complaint describing the "factual allegations of retaliation which occurred within the past two years." (Report and Recommendation, R.5, PageID#73.) Thus, any harm caused by acts prior to January 25, 2019 – the date the arbitration award was announced – is precluded by the statute of limitations.[7] The only conduct by FOP

---

[6] Plaintiff's allegations of a "friendship" between certain individuals is insufficient to overcome this problem. *See e.g. Lewis v. Locicero*, M.D. La. No. 15-129, 2016 U.S. Dist. LEXIS 26140 *4 (M.D. La. Feb. 29, 2016) ("Plaintiff's conspiracy allegation is only supported by the allegation that [defendants] are longtime friends, which is insufficient."); *Barnes v. Timmons*, D.Colo. Civil Action No. 12-cv-01042-WJM-KMT, 2013 U.S. Dist. LEXIS 33937, at *9 (Mar. 12, 2013) (allegation that defendant was "was 'friends' with many police officers" insufficient to establish conspiracy).

[7] For example, the Amended Complaint provides that Behringer "failed to properly represent the Plaintiff. The Amended Complaint merely states that a vague allegation that Behringer "knew from the beginning his involvement was unlawful" and fails to state precisely what retaliatory actions were taken by Behringer in connection with the actual arbitration. The Amended Complaint does not allege that Callender and Brockman were involved in the actual arbitration. Regardless, this all occurred more than two years prior to the filing of the original complaint.

11

Defendants that Plaintiff identifies with any specificity occurring within the two years preceding the filing of the complaint is that FOP Defendants declined to pursue an appeal. (Am. Complaint, Doc#7, PageID#91, 93.) But FOP Defendants had no legal obligation to pursue an appeal and whether such an appeal would have been successful is highly speculative.[8] The Amended Complaint should be dismissed because Plaintiff cannot show that FOP Defendants deprived Plaintiff of a constitutional right by failing to perform an act which they were legally required to do and which was the cause in fact of Plaintiff's alleged injury.[9]

Under Sixth Circuit precedent, FOP Defendants' alleged failure to appeal the arbitration award cannot constitute direct participation in the deprivation of a right because a plaintiff cannot establish liability under §1983 based on a mere failure to act in the absence of a legal duty. *See e.g. Doe v. Claiborne County*, 103 F.3d 495, 512 (6th Cir. 1996) ("If state law does not impose a duty to take action, 'there is no conduit through which an exercise of state power can be said to have caused the constitutional injury.'"), *quoting Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1411-16 (5th Cir. 1995). The Sixth Circuit has observed that "allegations that a defendant mishandled a grievance or failed to investigate a complaint are insufficient to state a claim" under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In *Shehee,* the Sixth Circuit held that an allegation that misconduct was brought to attention of official is insufficient for §1983 purposes. The court explained that an officer's involvement in the denial of an administrative

---

[8] If FOP Defendants had an obligation to pursue such an appeal, it would be as part of the duty of fair representation under R.C. c. 4117. As noted *supra*, if Plaintiff wishes to adjudicate the existence of such a legal obligation, SERB has exclusive jurisdiction.

[9] The claims against Callender and Brockman are even weaker, as they seem to be premised in part on their roles as supervisors. But §1983 liability cannot be premised solely on the theory of *respondeat superior* and, a "mere failure to act" cannot substantiate a § 1983 claim based on a theory of supervisor liability. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

grievance was not evidence that the officer "directly participated, encouraged, authorized or acquiesced in the claimed" unconstitutional acts. 199 F.3d 295, 300.

Plaintiff's claim is also subject to dismissal because he fails to connect FOP Defendants' alleged failure to submit an appeal to his earlier injury from the retaliatory arbitration proceeding. This Court previously observed that "Plaintiff's alleged injury" is "the termination of his employment." (Report and Recommendation, R.5, PageID#72.) Plaintiff does not allege that FOP Defendants' participation in any post-arbitration cover up exacerbated or prolonged his injuries, resulting in the kind of causation needed to sustain a §1983 conspiracy claim, and the result of that appeal is purely speculative. The Sixth Circuit, in analogous cases, has explained that actions following an initial injury to approve or not challenge the conduct that led to the injury, cannot create liability under § 1983. *See Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) (rejecting §1983 liability by supervisors who conducted and approved an investigation into the allegations of wrongdoing; the "after-the-fact approval of the investigation… did not itself cause or continue a harm against" the plaintiff); *Pineda v. Hamilton Cty.*, 977 F.3d 483, 495 (6th Cir. 2020). *Abdoo v. Sandusky Cty.*, N.D.Ohio No. 3:19 CV 400, 2021 U.S. Dist. LEXIS 43763, at *38 (Mar. 9, 2021) (the "most recent command from the Sixth Circuit [in *Pineda*] is that a single bad investigation, conducted after the fact, cannot satisfy the causation element").

Accordingly, because Plaintiff fails to allege facts to allege a sufficient causal connection between the actions of FOP Defendants and Plaintiff's alleged injuries, Plaintiff has failed to establish one of the key elements of a §1983 claim against FOP Defendants and therefore fails to state a claim upon which relief may be granted.

### 3. Plaintiff Did Not Engage In Protected Activity

Plaintiff alleges that he complained about racial discrimination and discriminatory employment practices at ODPS. (Am. Complaint, R.7, PageID#94.) Although Plaintiff includes generalized

13

descriptions of certain types of speech which might, theoretically, be protected, he has failed to allege adequate details about the statements forming the basis of his claim. The dates, times, and the manner of the speech are all completely missing – this makes the complaint subject to dismissal. *See Hopkins v. City of Jacksonville,* M.D.Fla. No. 3:07-cv-147-J-32MCR, 2014 U.S. Dist. LEXIS 162331, at *39 (Nov. 19, 2014) (dismissing First Amendment retaliation case where plaintiff described general complaints but "has not identified any particular time at which he spoke as a citizen on a matter of public interest"); *Morozin v. Philadelphia Hous. Auth.*, E.D.Pa. No. 18-2174, 2019 U.S. Dist. LEXIS 136815, at *8 (Aug. 13, 2019) ("Although [plaintiff] includes generalized descriptions of certain types of speech which might, theoretically, be protected, he has failed to allege adequate details about the statements forming the basis of his claim.").

The Sixth Circuit has held that discriminatory practices and cultural bigotry at public agencies are "inherently" matters of concern to the community. *Perry v. McGinnis*, 209 F.3d 597, 608 (6th Cir. 2000). The Sixth Circuit's *Perry* decision does not automatically mean that Plaintiff's statements were protected activity, though. Judge Beckwith, in *Collins v. Allen*, S.D.Ohio No. 1:04-CV-572, 2006 U.S. Dist. LEXIS 61192 (Aug. 28, 2006), reviewed the Sixth Circuit's decisions on whether a public employee's complaints about employment practices were matters of public concern. Judge Beckwith observed that there is a distinction between complaints about broad misconduct and individualized concerns of an employee:

> this Court observed some time ago that "a fairly bright line can be drawn between the expression of a concern about malfeasance of some type in the operation of a public agency, whether it relates to misuse of public funds, public corruption, or other such matters, and speech relating entirely or almost entirely to a particular employee's job situation." *Ohio Council of the Blind v. Voinovich*, 1994 U.S. Dist. LEXIS 21292 (S.D. Ohio 1994).

2006 U.S. Dist. LEXIS 61192, at *14. In *Collins*, for example, an employee's complaints about alleged discriminatory harassment in a public office were not protected activity because they "were directed at her own job conditions, and were made to protect her self-interest." 2006 U.S. Dist. LEXIS 61192,

14

at *20.  As with the employee in *Collins*, Plaintiff did not engage in protected activity because the "point of [his] complaint was, without doubt, to seek compensatory damages and to keep [his] job." *Id.*  The attachments to Plaintiff's Amended Complaint show that Plaintiff's allegations arise out of his termination due to failure to disclose information related to outside employment.  (Decision, Doc#7-1, PageID#105-106.)  An email Plaintiff sent to a Department of Public Safety employee accuses numerous persons, including an FOP employee, of being racist – but the only racist conduct described concerns how they treated Plaintiff and does not suggest any racially motivated actions directed towards other employees or the public at large.  (Email, Doc#7-1, PageID#100.)  The Amended Complaint, thus, fails to state a claim because it does not describe any protected activity unrelated to the individual concerns of Plaintiff.  *Cf. Feterle v. Chowdhury*, 148 F.App'x 524, 533 (6th Cir. 2005) ("complaining about your boss and coworkers is not protected by the First Amendment just because you work for the government"); *Van Compernolle v. City of Zeeland*, 241 F. App'x 244, 250 (6th Cir. 2007) (denying retaliation claim by police officer who participated in other officers' grievance procedures because activity "related to employee discipline, which is generally not a matter of public concern").[10]

---

[10] The Sixth Circuit's recent decision *in Myers v. City of Centerville*, 6th Cir. No. 21-3850, 2022 U.S. App. LEXIS 20118, at *25 (July 21, 2022), is not to the contrary.  In *Myers,* the court found that a letter complaining about the firing of a different city employee was protected activity.  The letter is *Myers* is distinct from the complaints by Plaintiff for two reasons: (i) it concerned other people and (ii) described previous instances of "similar misconduct."

15

## CONCLUSION

The Complaint should be dismissed.

Respectfully submitted,

    /s/ Joshua Adam Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system this September 14, 2022 upon all counsel of record. A copy was also delivered by U.S. Mail to Plaintiff:

Timothy Gales
710 Glendower Avenue
Columbus, OH 43207

    /s/ Joshua Adam Engel
Joshua Adam Engel (0075769)
