IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY GALES | Case No.-cv-00328 |
| Plaintiff | Honorable Judge Michael Watson |
| V. | Response and opposition to: |
| Defendants | Defendant motion to dismiss |
| THOMAS CHARLES et, al, | complaint against Behringer, |
| | Brockman, and Callender (FOP) |

Pursuant to Fed Civil Rule 12 (b)(1) and 12 (b) (6) which states the following, in construing a complaint upon a motion to dismiss for failure to state a claim, all material allegations of the complaint must be accepted as true and all reasonable inferences must be drawn in favor of the non- moving party. (Mitchell v. Lawson Milk Co. ., 40 Ohio St.3rd 190, 192, (1998). additionally, the court may not consider materials beyond the pleading, but must rely solely on the allegation within the complaint. Thomas v. Central Ohio Cellular Inc, 93 Ohio App3rd 530,538,(1994), The court went further by stating, a complaint should not be dismissed for failure to state a claim which would entitle him to relief, O'Brien v. University Comm. Tenants Union, 42 Ohio St 2nd 242,245,quoting,Conley v. Gibson, 365,U.S. 41,45,(1957).

## FACTS

I. First, and foremost, as the plaintiff has stated in his complaint alleging collusion and conspiracy of the FOP actors. Namely, Douglas Behringer, Gwen Callender, and Cathy Brockman. The

> plaintiff brings to the court attention the intimate relationship between the Fraternal Order of Police, Ohio Labor Counsel, and the Ohio Department of Public Safety has come full circle. The FOP, has selected of all attorneys, Josh Engle, who was the Ohio Department of Public Safety "Chief Legal Officer and has been on the front lines with the FOP for years. Josh Engle career with the Ohio Department of Public safety was less than stellar. Mr. in 2010, Josh Engle was convicted of 3 charges of improperly intercepting confidential emails belonging to the U.S Attorney Office, Ohio Ethics Commission, as well as the U.S. Department of Justice, and he was given a six month suspension from practicing law for his crimes. Josh Engle arguments simply can't be trusted. He is a career political figure head for the FOP. He is now attempting to advance his position with the federal court based on his status as an attorney in the political arena of Ohio.

II. Now the Fraternal Order of Police has employed their trusted friend Mr. Engle as its attorney, he does have the right to argue the defendants unlawful and illegal retaliatory acts of fraud and deceit leveled towards the plaintiff.

III. Now, comes the Plaintiff Timothy Gales, whom with his several causes of action have identified in his complaint the many fraudulent acts committed by the fop defendants specifically identified below.

a. Engaging into an unlawful second arbitration with the state defendant's on, September 10, 2018 when the fop actors, namely, Douglas Behringer, (Labor attorney) and Gwen Callender (Labor attorney) who each were well versed in labor laws and understand arbitration rules. The Fraternal order of police knew or should have known Ohio laws against second arbitration are barred in Ohio. Proof of

the fop knowledge of second arbitration is a violation of Ohio law, rest in one fop own appeals.... Fraternal Order of Police, Ohio Labor Counsel, Inc, v. City of Athens case No. (01CA18). Where in the case the Fourth District Court of Appeals ruled in favor of the FOP when the court cited Lockhart v. American Res.Ins. Co. (1981) 2 Ohio App. 3rd 99,103, The court pointed out that the case had to be redone de novo. The Athens court further stated that the arbitration panel's subsequent action on the issue of the original award submitted was a nullity. In a subsequent case, Ohio Office of Collective Bargaining v. Ohio Civil Service No.(18AP-478) The tenth District Court of Appeals The court cited in the OCSEA case, that the doctrine has specifically been applied in the breadth of arbitrator authority whereas in most cases arbitrator appointments continues until they have heard the case, made a final award, and disclosed it to the parties. At this time their task is performed, their duties under the arbitration agreement are discharged and their arbitral authority is at an end. Sterling China at 553-54, citing Green at 976 quoting III MacNeil, Spiedel and Stipannowich, section (37.6.1.1, at 37-25)

b."The tenth district court further cited that, the policy which lies behind this is an unwillingness to permit one who is not a Judicial officer and who acts informally and sporadically, to reexamine a final decision which has already been rendered, was based on, the potential "EVIL", of outside communication and unilateral influence which might affect a new conclusion. In the Miller Court the Tenth District noted: One of the questions for the court was whether an arbitrator had authority to reconsider the first award. The Miller court answered. It is clear that it did not. It was the evil of the defendants FOP in this case that fueled an unlawful award against the plaintiff.

c. The Miller court stated: R.C. Chapter 2711 does not confer authority to an arbitrator to reconsider its award. Instead, R.C. 2711 confers jurisdiction only to trial courts pursuant to 2711.10 to, vacate, modify, or correct an arbitration award. The court stated that when the submitted issues are decided the arbitrator powers expire. Thus a second award on even a single circumscribed submission is a nullity. Lockhart v Res, Ins. Inc, Co. (1981) 2 Ohio App. 3rd,99,102, 2 Ohio B L ED. 495 68 U.S. 97,99 The Lockhart court also relied on, Citizens Bldg. of West Palm Beach Inc V. Union Tel.Co. (C.A.5. 1941), 120, F2d,982, 984 which held arbitrators are appointees with but one single duty and***** performance of that duty terminates their authority. When an arbitrator board renders a final award, its powers and duties under the submission are terminated. Its authority is not a continuing one, and after its final decision is announced, it is powerless to modify, or revoke, or to make a new award upon the same issues.

d. Clearly the above case law supports the position of the plaintiff that the arbitration conducted on behalf of the defendants FOP as actors along with the state while operating under the color of the state badge The also cloaked the defendants Brockman, Behringer, and, Callender under the color of the state badge, to, intentionally engaged into fraudulent misconduct to deprive the plaintiff a 33 year state of Ohio employee, and, who had committed no employment related offense could legally lose his job and retirement due to due to wage earnings from an outside employer, which was the direct result of collusion of the fop defendants named herein, who acted in concert with state defendants under the color of the badge, and by doing so, clearly violated the 1st and 14th amendment rights of the plaintiff which can be proving at time of court. The fop defendants were state actors.

IV.

V. The courts have noted that for a plaintiff to establish bad faith on the part of a union, the plaintiff must be establish the union acted in "bad faith", The plaintiff must provide substantial evidence of fraud, deceitful action and dishonest conduct (See) Humphrey v. Moore 375,U.S. 335,348, (1964) or show that the union was motivated by personal animus toward the plaintiff. see Conkle 73F,3d at 916, including personal animus as bad faith.

a. It is very clear the personal animus the union has for the plaintiff, this animus is also spelled out in the fraudulent award, where the rogue arbitrator stated it's not the states fault that the union and the grievant don't get along or like each other. Douglas Behringer and Plaintiff has a long history of dislike and he would like nothing else but an opportunity to violate the plaintiff rights under the color of law to assist the defendant state to unlawfully take the plaintiff employment property rights and to cause the plaintiff to suffer as it has done in this case.

b. Now the FOP and its attorney Josh Engle is pushing the narrative that this court lacks jurisdiction to hear the plaintiff 1983 action and that the jurisdiction belongs to the State Employment Relation Board under the R.C. 4117. The defendants are wrong, the case is proper with the federal court pursuant to a 1983 Retaliation Act and, claims for which the plaintiff has relied upon. The defendant through deception is trying to mislead the court when the defendants knew full well that the State Employee Relation Board (SERB) dismissed the plaintiff unfair labor case as being untimely filed.

VI. On April 22, 2021, the plaintiff filed an unfair labor practice against the Fraternal Order of Police, and the Department of Public Safety, However, again as of the result of collusion between the defendants named herein, to include, Douglas Behringer, Gwen Callender, and

Cathy Brockman, who each conspired with Paul Pride, OSP Superintendent, John Born Public Safety Director, and James Hogan Public Safety legal who now work in the capacity as staff attorney just as Josh Engle once held. The acts committed by the defendant's fop were prevent a challenge to the fake arbitration award that was issued by a rogue arbitrator that was due to fraud, deception, and, misconduct by the arbitrator, and each defendant named herein. The arbitrator deliberately with malice reversed the first original award for the defendant's and by doing so reversed the decision of honorable judge Kimberly Cocroft issued decision on May 19, 2016 (See attachment 1)

a. The Collective Bargaining agreement (2012-2015) was expired at the time the unlawful award was issued. However, under 20.08 of the old agreement, specifically states the arbitrator to issue his/her award within 45 days after the hearing. However, the fop actors and the state realizing that what action they had taken against the plaintiff were unlawful and in bad faith which clearly was an act of an unfair labor practice, conspired with each other to ensure the plaintiff would not have an opportunity to respond to their unlawfulness of their behavior. The (STATE, DPS, FOP, OCB,) and, the arbitrator each developed a scheme to circumvent and reverse an official court proceeding under case No. 15 MS-0119 for which the defendants named herein arguably failed to agree with of the court, and to prevent SERB proceeding and, actions by the plaintiff to challenge their illegal actions. On, December, 2018, the plaintiff was contacted by Douglas Behringer, who advised the plaintiff that the arbitrator David Stanton had requested an extension of time to deliver his award to the parties. Behringer further advised the reason for the requested extension. Behringer claimed that David Stanton and his wife both were going into the hospital to get knee replacements, and therefor would unavailable to deliver his award. I found the arbitrator excuse to not being believable and sensed

something more sinister was afoot. The ORC 4117.12 is very clear when an employee seeks to file an unfair labor charge against the employee union or employer. Under R.C. 4117.12 (A). The section code states in part, the board shall not issue a notice of hearing based upon an unfair labor practice occurring more than ninety days prior to the filing of the charge with the board, unless the person aggrieved thereby is prevented from filing the charge by reason of service in the armed forces, in which the ninety days period is extended and computed from the day of discharge. The defendants Behringer, Stanton, Hogan, Pride, and Borne were each very aware of the timeline that existed for the plaintiff and through collusion sought to exhaust the time limits for the plaintiff file upon service of the fraudulent award. A review of the defendant's time lines of the fraudulent award, and to draw perspective to this court. The plaintiff has identified below the defendant's time line below to avoid SERB.

VII. The fake arbitration was commenced on September 10, 2018 by the defendant's fop and the state with David Stanton in violation of state arbitrations laws and the Federal Arbitration Act (FAA).

a. The arbitrator provided that briefs be turned in by 10.25.18 (fake briefs) were allegedly turn by FOP on that date. The briefs allowed the arbitrator to violate state and federal arbitrations laws by reversing the original award and thumbing his nose at the franklin county common pleas court ruling which was based on a February 15, 2015 application by defendants State (DPS OCB) requesting the arbitration award issued by the original arbitrator E. William Lewis be vacated. It was not. Instead, the court confirmed the award on May 19, 2016. The concerted acts by fop defendant's on September 10, 2018, deprived the plaintiff of his constitutional employment rights, while Behringer, Callender, and Brockman violated their own oath of duty to protect

membership from arbitrary and capricious conduct of state defendant's, instead they joined the misconduct under color of law.

b. The award should have never occurred. The arbitration was heard September 9, 2014 by arbitrator E. William Lewis with a final award issued on November 24, 2014. A new award was clearly retaliation by each defendant.

c. The Plaintiff was contacted by Douglas Behringer in early December, while he was acting under color of law, on behalf of the state, as an actor and stated an extension was agreed upon between fop and the state to allow additional time for the arbitrator to issue his bogus award. However, in reality, the only thing the arbitrator and the defendants were doing, was to run out the 90 days clock on SERB to prevent a SERB investigation of the complicit behavior of the defendants.

d. On January 25, 2019, the rogue and bias arbitrator issued his fraudulent and, unlawful award to the parties which clearly violated state law and federal law while issuing a second award for which he had no authority to do.  What is so amazing, is that, the date David Stanton of issued the "fake", award, and by doing so, exhausted the plaintiff ability to challenge the defendants wrongful and unlawful acts. On, January 25, 2019 at 6:00 pm when SERB had closed on the final day to challenge the unlawful award. FOP D. Behringer contacted the plaintiff to advise the plaintiff his grievance had been denied. The 6:00 Pm contact by Behringer, ensured the defendant's named herein, would prevent the plaintiff ability to file a complaint, with remedies completely exhausted with SERB, they closed one hour prior to D. Behringer made his contact to the plaintiff. This act of retaliation under the federal 1983 act was committed by the defendant's by prior calculation and design.

e. On November of 2019 the plaintiff received from SERB a letter dismissing the complaint for failure to file timely. each of the events identified herein by the plaintiff were schemes developed to deprive the plaintiff of his 33 years of employment and prevent his retirement due to the fact the plaintiff fought racism at the agency and which Douglas Behringer of the FOP didn't agree with. It these very reasons, the fop deliberately and with Malice engaged into conduct with the state and as state actors to collectively obtain the results the Franklin County Courts refused to grant. Therefore, the defendants developed their own plan through prior calculation and design to rid themselves of the plaintiff who made valid discriminatory complaints and retaliatory complaints against them.

VIII. The original award was issued November 24, 2014 by Arbitrator E. William Lewis. (See Attachment -2 THE 2014 Award) However, Douglas Behringer refused all attempts by the Plaintiff to locate E. William Lewis to review his original award. Instead he claimed E. William Lewis no longer review arbitrations which clearly was a lie. In addition, the plaintiff was told by Behringer under no condition would the FOP subpoena E. William Lewis to testify at the hearing to explain what his meaning of receipts required by the plaintiff in the 2014 to produce to his employer for wage offsets. The plaintiff was denied any witnesses on his behalf, in violation of equal treatment and rights.

---

### ARTICLE 1- TITLED AGREEMENT

of the 2012 through 2015 collective bargaining agreement

states in part the following.

IX. This agreement is made and entered into by and between the State of Ohio, Office of Collective Bargaining hereinafter referred to as State or "Employer" and the Fraternal Order of Police, Ohio Labor Counsel Inc, hereinafter referred as Labor Counsel or FOP. The plaintiff draw, to court attention that based on this agreement the only parties to the agreement is noted above. However,

X. On September 10, 2018, and without the written permission of the State Employees Review Board (SERB) under R.C. 4117, the FOP defendants violated this section 4117.19 (B) when it allowed the State Highway Patrol to conduct a dispute on a confirmed court issued decision and award on case: No. ( FCCP-15 MS-0119). This act was improper by the defendant's fop.

XI. The R.C. 4117.19 (A) states that the exclusive representative of an employee organization, originally filing is constitution and bylaws shall report to the board promptly, all changes or amendments to its constitution and bylaws. At no time during the course of the unlawful and illegal acts of the FOP did they ever notify SERB as required by law, that members of the state highway patrol were included into their bylaws, and allowed to dispute grievances at arbitration hearings which occurred with Public Safety Enforcement agents, who statutory authority is under R.C. 5502.01 and 5502.14, Agents hired under this Chapter are hired under the authority of the department of public safety director and not the superintendent of the Ohio State Patrol who's powers are written under 5503.01 and the superintendent only has power to hire and request termination of troopers and radio personnel, and dispatchers. The OSP superintendent have no powers over enforcement agents and the General Assembly has not amended any laws to allow the superintendent of OSP authority over enforcement agents under R.C. 5501.14. However, the defendants named herein, (FOP) disregarded the laws for the sole reason to join

forces with the state to retaliate against a 33 years employee and rob him of his employment and retirement rights by conspiring with the state to redo a confirmed arbitration award for which the collective bargaining agreement had expired. (2012 - 2015) and binding upon all parties. Then some almost four years later the defendant's fop in bad faith commenced with the state a fraudulent, but "RETALIATORY", and, bias outdated second award. And, by allowing the arbitrator to commit the act. The rogue arbitrator, Reversed the first award and, the Common Pleas Court decision and judgment. David Stanton allowed his signature to flow through his biased and fraudulent award to collectively conspire and allow his good friends at fop to retaliate against the plaintiff for the state defendants. The defendant's fop named herein are highly experienced labor attorneys, they know and understand the rules of arbitration R.C. 2711 and R.C 4711 Douglas Behringer, Gwen Callender, and Cathy Brockman knew or should have known that their action would cause irrepairable harm to the Plaintiff. However, the defendants (fop)Enlisted themselves as actors for the state and by doing so adopted the 1983 actions user color of law and the badge. They must be held liable for their wrongful actions.

a. Once an award has been issued it can't be redone. a violation of Ohio Law.

b. if there is a dispute with the language only the court can settle the dispute not the Ohio State Patrol. Ohio Revised Code is 2711.10 and 2711.11 is mandatory. There is nowhere in R.C. 2711 that allows for the patrol to conduct an administrative investigation with the plaintiff based on language by an arbitrator referencing pay receipts in his award. The Defendants (FOP) with malice, and, unlawfully acting as actors under the color of law with the state allowed the misconduct to be carried out while being full participants to the act. The Plaintiff as a

result has suffered irreparable harm based on the illegal and unlawful action od Beringer, Brockman, and Callender

c. To make matters worse Douglas Behringer, with Malice, and in bad faith was allowed to pick his very good friend David Stanton who he and Brockman, and Callender knew would as in Behringer words "take care of the plaintiff. The selected arbitrator had no authority to redo or review what the original arbitrator who issued the plaintiff award required. However, to satisfy the fop, the state and his good buddy Behringer, the rogue arbitrator stole the plaintiff 33 years employment while conspiring with defendants in hopes that a challenge to the unlawfullness would not occur.

XII. The defendants operated off an expired contract in violation of R.C. 4117. Serb requires state contracts not to extend past 3 years. here in the answer filed by the fop attorney points to the termination of the plaintiff by Thomas Charles March of 2013. The arbitrator issued his award to the Plaintiff and to fop November 24, 2014. However, the state appealed and lost each appeal in two courts in franklin county. That is when the conspiracy began for the scheme to undo what the courts had done. The scheme could never work unless the fraternal order of police and its actors assisted the state, DPS OCB with the scheme for which they acted upon voluntarily. Now some almost four years later the defendants redo an award that not only was confirmed but affirmed by the tenth district court of appeals. Now the fop defendants want this court to believe that they were not actor for the state and that their action don't fall under the color of the badge of the state of Ohio. I hope this court as I do disagree with the FOP assertion.

XIII. This scandalous and retaliatory, and horrible act committed by the defendants (FOP) should not be allowed to escape their bad behavior. The Plaintiff asked the court to continue the lawsuit moving forward

and allow a jury to hear the complaint. The plaintiff a 33 years law enforcement officer who on any occasion faced the danger of bad people he had investigated. Only to realize the real criminals worked inside the FOP and the state and would not be outdone by any court until collectively they had violated the plaintiff rights to deprive him of his employment rights freedom of speech and the right to be treated equally. The Plaintiff Stands ready to provide all required evidence at trial and looks forward to clearing his good name: The court must allow this suit to move forward, No one is above the law including well educated attorneys who have used their positions to violate the rights of a citizen and while acting as private citizens in concert with the state of Ohio to retaliate and deprive the plaintiff of his constitutional given rights to equal treatment.

XIV. The fraternal order of Police defendants named herein were fully aware of the scheme the state had planned on using to oust the plaintiff from his employment. The fop defendants were further aware, that upon return to employment the Plaintiff paid to the defendant state agency $ 35, 300 (See attachment 3 reimbursement of funds) pursuant to the arbitrator award. The Money was paid on June 26, 2017. The defendants FOP, namely, Behringer, Brockman, and Callender further knew defendant state (DPS-OCB) owed to the plaintiff in excess of $125,000 in back pay and benefit money at the time of termination. But allowed an unlawful and out of date contract agreement dispute to occur, in retaliation because the plaintiff fought racism at the agency. The FOP defendants named herein. refused to enforce the arbitration award for the plaintiff in common pleas court for which they had full power to do Instead the defendants retaliated. Then simply stuck their head in the sand and willfully allowed and participated with the state to retaliate against this plaintiff. The FOP defendant's allowed State defendants through collusion with each

other, to reverse the state (DPS-OCB) as judgment debtors to making the plaintiff the judgment debtor when in fact the plaintiff made full offset of $35,300 to the state on with June 26, 2017 this knowledge was known to all fop defendants. While the FOP worked in concert with the state, while the state (DPS-OCB) refused to pay to the Plaintiff over $125,000 in benefits and back pay (See attachment 5 letter from DPS Attorney James Hogan). Then the FOP allowed the retaliation to occur with a bogus and unlawful fake arbitration. In reality the defendant committed criminal act and should have been charged accordingly.

XV. It is not common for an arbitrator to sign off on the career of 33 years employment unless some serious egregious behavior occurred or he is complicit with the scheme himself as he is here. (ie), fighting on the job, unauthorized use of drugs, assaults, serious insubordination, rape, unlawful sexual encounter while working, intentional homicide, those, incident would require immediate termination. However, the plaintiff constitutional right to not give the Patrol his 2016 2017 tax returns that was not a valid reason for termination. The arbitrator 2014, award, did not require the plaintiff 2014 to release his 2016 or 2017 taxes to his employer (state DPS OCB) for offset in his 2014 award. The plaintiff paid $35,300 as required by the November 2014 award. Clearly demonstrates collusion on the part of the defendants (FOP) to keep with the cozy relationship with the state, while standing ready to defend the state at any cost, and to violate the rights of the plaintiff through unlawful and retaliatory acts.

XVI. The court should be aware that the plaintiff has longed argued the conspiracy between the State (DPS) and the (FOP) based the continued collusion between the two. On April 19, 2021 the enforcement agents in bargaining unit two voted to oust the fraternal order of police because of continued failure to meet the needs of the membership but continued the cozy relationship with the state while turning its back on

the membership. Just another illustration of the complicit behavior of the FOP to harm its members. It now wants this court to believe that the plaintiff complaint is simply an unfair labor practice under R.C. 4117 it is not. A 33 years law enforcement officer loses his career over a 2016 2017 1040 tax returns he wouldn't provide only to be backed up by a rogue arbitrator who just happens to be best friends with the FOP, and who lacked any authority to redo reverse an original award issued by a different arbitrator. This is why the Tenth District points out a second award may not be reviewed by an arbitrator based on the EVIL that may follow, and that he is not a judicial officer and therefore may not review a second arbitration award. The conspiracy is real with all defendants named herein. The fop allowed the state defendants (DPS-OCB and a rogue arbitrator) to retaliate against the plaintiff by reversing the original award to fit the request of the state defendants. This was no mistake or oversight by five (5) well educated labor attorney's who each are well versed in Arbitration laws and, Rules. Dave Stanton, an arbitration attorney teaches arbitration rules and laws to students looking to become arbitrators, and has been recognized by the American Arbitration Board

Conclusion:

XVII. Plaintiff has unlawfully been removed from his position of 33 years state employee by violations of the plaintiff constitutional rights. And, at the time of his unlawful and retaliatory termination, the plaintiff a good employee, who had no work related discipline on his employment record at the time of this retaliation. The plaintiff was targeted immediately upon his return back to duty on May 15, 2017, by use a fraudulent OSP Internal investigation with the approval of defendant's fop. (See ATTACHEMNT 6- February 2, 2017 letter to plaintiff employer Universal Protection Services). The defendant's fop being fully aware of the illegal acts by the state (DPS) to ascertain certain information on

the plaintiff FROM HIS OUTSIDE EMPLOYER. The letter to plaintiff former employer is proof that a scheme was underway as earliest as February 2, 2017 to dismantle the arbitration award and two court decisions, with the Appellate Court decision pending when the state (DPS) placed the plaintiff employer under investigation seeking records on the plaintiff "only". The plaintiff request that this court deny dismissal of the defendant fop Fed rule 12 motion and set a court date for a jury to hear the Plaintiff arguments based on each of the defendant illegal and unlawful acts. The Plaintiff further states that this court has full jurisdiction over this matter and, the plaintiff has exhausted all administrative remedies required by law. SERB no longer has jurisdiction over the plaintiff case it was dismissed November 2019. This 1983 action is within the jurisdiction of this court and the plaintiff ready to challenge and defend any and all allegations made by the defendants named herein. The FOP defendants were cloaked with state authority for which is the sole and exclusive authority of the state to enforce R.C. 4117, and, R.C. 2711, in addition, it's also the state exclusive authority to discipline employees. The union Cloaked themselves under color of law with the same authority through the false guise of representation when in fact the only concerns was to assist in the firing the plaintiff. This is more than a case of unfair representation that Josh Engle want the court to believe. This is a case of deprivation of rights guaranteed by the U.S. Constitution. The plaintiff has suffered irrepairable harm mentally, and emotionally, by loss of his coveted career in law enforcement and the loss of his full retirement that can't be recovered without intervention this court. This court has full jurisdiction under 1983 actions. (see attachment 7 letter of agreement between OCB and FOP), This letter illustrates that Ohio State Patrol interfered with Ohio arbitration laws 2711 and the Federal

Arbitration Act to retaliate against the plaintiff for defendants named herein.

The Plaintiff request the court to deny the defendant's FOP Douglas Behringer, Cathy Brockman, and Gwen Callender motion to dismiss. The law of this state and this country is for everyone. Regardless of the defendant's status as attorney's and as, the director of the fraternal order of police they have broken the law of Ohio, civil and criminal they violated the federal laws both civil and criminal. I ask this court to show that they are not above the law as they believe they are

foot note:

I can't help but recall who I believe was the finest Governor this state has ever had, and that is the great honorable George V. Voinivich. I cherished the moment until this day, He said Timmy we all at some point face adversity in our lives, I, being an immigrant son i understand. He said i admire and like you, you are such a professional and I expect you to go far in life. He said Tim if you stub your toe don't be afraid, it only will hurt a short time just don't do it again. I think about that statement i reflect it upon my return back to duty I stayed under the radar until the defendants pulled me to the forefront and attacked me without any justification. I know if Governor Voinivich was alive this wouldn't have happened whether he was governor or not, I, could have reached out to him and had the problem solved. Yes, he is truly missed by me.

Respectfully submitted

/s/ Timothy Gales pro se,    9-26-26

710 Glendower Avenue

Columbus, Ohio 43207

614 376-9346

tgales37@gmail.com

## CERTIFICATE OF SERVICE

I Timothy Gales certify that a true copy of this motion was sent to via certified mail to Josh Engle on or about the September 26, 2022, at Engle and Martin LLC 4660 Duke Drive Suite 101 Mason OH, 45040

Timothy Gales pro se,

9-26-26