## ATTACHMENTS

1. Common Pleas Court May 19. 2016 decision
2. ~~Arbitrator E. William Lewis November 24, 2014 Award~~
3. Reimbursement of $35.000 to the state
4. Letter from James Hogan denying money is owed
5. Letter of investigation to Universal Security Feb 2, 2017
6. Memo from DPS outlining documents plaintiff turned in to his union for offset
7. Letter from OSP initiating an investigation based on an arbitrator award in violation of 2711 and the FAA
8. Letter of contract agreement between the state and fop, and, not OSP.

ATTACHMENT 1

IN THE COURT OF COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, OFFICE OF COLLECTIVE BARGAINING, ET AL.: | : | Case No. 15-MS-119 |
| Plaintiffs, | : | |
| v. | : | JUDGE COCROFT |
| FRATERNAL ORDER OF POLICE OF OHIO, INC., OHIO LABOR COUNCIL, INC. | : | |
| Defendant. | : | |

### DECISION AND ENTRY DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD FILED FEBRUARY 20, 2015
and
### GRANTING DEFENDANT'S MOTION TO CONFIRM FILED MARCH 20, 2015

This matter is before the Court on the motion of the plaintiffs, State of Ohio Department of Administrative Services, Office of Collective Bargaining and Ohio Department of Public Safety ("the State"), to vacate an arbitration award under Chapter 2711 of the Revised Code. The defendant, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP"), has opposed the motion. For the following reasons, the State's motion is denied.

### I. FACTS

In 2012, the State and the FOP entered into a collective bargaining agreement ("CBA"). The State alleges that following a workplace investigation, the Director of the Ohio Department of Public Safety terminated Timothy Gales' employment as an Enforcement Agent with the Department of Public Safety for violating workplace rules,

1

Ohio law, and bringing "discredit" upon the Ohio Department of Public Safety. Gales filed a grievance challenging his termination and pursuant to an arbitration agreement in the CBA the parties submitted their issues to an arbitrator for resolution. Following a two-day hearing, the arbitrator issued a "decision and award" modifying Gales termination to a one-month suspension. This motion to vacate the arbitrator's award followed.

## II. LAW & ANALYSIS

### A. Procedural Background

Before reviewing the merits of the parties' arguments, it is necessary for the Court to review the procedural history of this case. "An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 * * *." *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 10. R.C. 2711.13 provides: "After an award in an arbitration proceeding is made, any party to the arbitration *may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award* as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.) "[T]he language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory." *City of Galion v. Am. Fedn & Mun. Emps., Local No. 2243*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995).

A motion filed under R.C. Chapter 2711 "is not a full complaint initiating a civil matter * * *." *Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. Franklin No. 09AP-608, 2010-Ohio-2850, ¶ 20. Rather, R.C. 2711.05 provides "[a]ny application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of

motions, except as otherwise expressly provided in such sections." For this reason, the Tenth District Court of Appeals has found "the applicable rules in both the local rules and Ohio Rules of Civil Procedure are those pertaining to motions rather than those pertaining to the commencement of an action." *Reynoldsburg City Sch. Dist. Bd. of Educ. v. Licking Heights Local Sch. Dist. Bd. of Educ.*, 10th Dist. Franklin No. 11AP-173, 2011-Ohio-5063, ¶ 15.

The filings in this matter are procedurally puzzling at best. On February 20, 2015, the State filed their "Application and Motion to Vacate Arbitration Award" to the Court's docket as a complaint. Like a complaint, it contains number paragraphs setting forth the State's claims, a statement alleging proper venue, and a concise statement of the relief sought. In response the FOP filed a motion to confirm the arbitration award and a separate "answer and counterclaim," generally denying the allegations in the State's motion and seeking interest on the money owed to Gales. The State filed an "answer to [the FOP's] counterclaim." Then on May 14, 2015, the State filed a "Motion for Summary Judgment and Opposition to Defendant's Motion to Confirm the Arbitration Award." The FOP filed a "response" and thereafter the State replied.

In its response, the FOP argues that the State's motion for summary judgment should be dismissed because it is procedurally improper. The FOP points out that, even though the State timely filed a motion to vacate under R.C. 2711.13, it failed to include a memorandum in support as required by the local rules. It argues, inter alia, that the State's motion for summary judgment is an "attempt to substitute the memorandum or brief which should have accompanied the motion to vacate * * *," and does not comply with R.C. Chapter 2711. The State counters that its motion for

3

summary judgment is actually its brief in support of its application to vacate the arbitration award. Moreover, under R.C. 2711.14, it was not required to file its brief at the time it filed its application to vacate the arbitration award, because a memorandum is not listed as one of the documents required to be filed with the motion. The Court rejects this argument.

The State's motion is titled "Plaintiffs' Motion for Summary Judgment and Opposition to Defendant's Motion to Confirm the Arbitration Award." The face of the motion states, "[n]ow comes the Appellant, [the State], by and through counsel, pursuant to Rule 56 of the Ohio Rules of Civil Procedure, and asks for judgment in its favor." Civ.R. 56 deals exclusively with motions for summary judgment. In addition, the State filed the document to the record as a motion for summary judgment and nearly two months after filing its motion to vacate the arbitration award. And to the extent that it is submitted as an opposition to the FOP's motion to confirm, it is untimely and filed without leave of court. *See* Loc.R. 21.01 (requiring an opposing party to serve its "answer brief" within 14 days).

With this in mind, the Court agrees with the FOP that the "Plaintiffs' Motion for Summary Judgment," is actually a motion for summary judgment and not a memorandum in support of its motion to vacate the arbitration award. Because a motion for summary judgment is not a proper filing under R.C Chapter 2711 to challenge an arbitration award the Court will not consider it and the parties' related pleadings in ruling on the State's application and motion to vacate.

4

### B. Motion to Vacate

Turning to the State's application and motion to vacate the arbitration award, it argues that the "Arbitrator exceeded his authority or so imperfectly executed them by reading provisions into the CBA that did not exist and disregarding applicable Ohio law. Specifically, the State argues that the arbitration award should be vacated "because the Arbitrator disregarded applicable Ohio law on the sale or transfer of vehicles, namely Section 4517.02(A)(6) and Section 4738.02(B) of the Ohio Revised Code and, thereby, disregarded the expressed written provision in the CBA that his award must 'conform with the Law of Ohio.'"

However, the State fails to cite any law or authority in support of its motion. It also fails to specify how it believes the arbitrator disregarded R.C. 4517.02(A)(6) and 4738.02(B) in determining his award. As the Tenth District has pointed out, the parties must conform to the applicable local rules and Ohio Rules of Civil Procedure pertaining to motion. Loc.R. 21.01 provides that "[a]ll motions shall be accompanied by a brief stating the grounds and citing authorities relied upon." Accordingly, the State has failed to comply with Loc.R. 21.01. This alone is reason to deny the State's motion.

Even considering the merits, the State's argument still fails. When parties agree to submit their controversy to binding arbitration, they agree to accept the result even if is it legally or factually wrong. *Prosper Bus. Dev. Corp. v. Intervenor*, 10th Dist. Franklin Nos. 11AP-855, 11AP-856, 2012-Ohio-2992, ¶ 42. "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award. * * * R.C. 2711.10 restricts the grounds on which a court may vacate an arbitration award to fraud, corruption, misconduct, an imperfect award, or that the

arbitrator exceeded his or her authority. *FOP Capital City Lodge No. 9 v. City of Reynoldsburg*, 10th Dist. Franklin Nos. 12AP-451, 12AP-452, 2013-Ohio-1057, ¶ 22.

"Once an arbitrator has made an award, it cannot be easily overturned or modified." *Id.* "It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award." *Queen City Lodge No. 69, Fraternal Order of Police v. Cincinnati*, 63 Ohio St.3d 403, 407, 588 N.E.2d 802 (1992).

"The parties' contract determines the parameters of an arbitrator's authority. *FOP Capital City Lodge* at ¶ 23. "An arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the collective bargaining agreement." *Id.* "An arbitrator's award departs from the essence of the collective bargaining agreement when '(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civil Serv. Emps. Assn., Local 11*, 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), syllabus. "An award lacks rational support when the collective bargaining agreement does not give grounds for, make legitimate, or provide justification for the award. * * * An award cannot be rationally derived from the collective bargaining agreement's terms when it cannot be deduced or reasoned from those terms."

Here, a review of the arbitrator's award shows it did not depart from the essence of the CBA. The arbitrator considered and applied both statutes that the State alleges he disregarded. In fact, he applied the appropriate statute to each of Gales' alleged title transfers. Therefore, the Court disagrees that the arbitrator disregarded the statutes

and exceeded his authority as alleged by the State in its application and motion to vacate. Accordingly, the State's motion to vacate the arbitration award is **DENIED**.

C. Motion to Confirm

Turning to the FOP's motion to confirm, it opposes the merits of the plaintiff's application and motion to vacate arbitration award and moves the Court to confirm the arbitration award under R.C. 2711.09. The State did not file its opposition to the motion to confirm within 14 days of the date of service as set forth on the FOP's certificate of service attached to the motion, thus the opposition is untimely under Loc.R. 21.01. Accordingly, the Court will not consider it when ruling on the FOP's motion to confirm.

R.C. 2711.09 provides in relevant part "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

"When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court *must* grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Ed.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985), syllabus. (Emphasis added.)

Therefore because the State has not shown cause to vacate the arbitration award, R.C. 2711.09 requires the Court to confirm the award. Accordingly, the FOP's motion to confirm is **GRANTED**.

7

0D061 Case: 2:21-cv-00328-MPH-KAJ Doc #: 18-1 Filed: 09/26/22 Page: 10 of 32 PAGEID #: 242
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 May 09 3:32 PM-21CV001519
1548

In its motion, the FOP also seeks interest on the arbitration award under R.C. 1343.03. The arbitrator's decision and award states Gales:

> is to be considered suspended without pay from his termination date of March 21, 2013 through April 21, 2013. He is to be immediately restored to the same position he held before his discharge. He is to receive all straight time wages he would have received but for this incident. Upon request from the Employer, the Grievant is to supply records of all receipts for wage earnings and Unemployment Compensation, if any. The Employer may use these amounts to reduce its obligation to the Grievant. All expenditures for health incurred by the Grievant that would otherwise have been paid by Employer-provided health insurance are to[sic] reimbursed to Mr. Gales. Appropriate seniority credit is to be restored to the Grievant. Appropriate pension contributions are to be made on his behalf as if this incident did not occur.

Here, the FOP asserts that because the State has refused to reinstate Gales and pay him any money owed, he is entitled to interest on his back pay under R.C. 1343.03. "To compensate an aggrieved employee and make him whole, R.C. 1343.03 provides for a trial court's award of interest on the back pay due to a wrongfully discharged employee from the date of the arbitrator's award until reinstatement. *City of Parma v. Parma Fire Fighters Ass'n, Local 639*, 8th Dist. Cuyahoga No. 99263, 2013-Ohio-2918, ¶ 20. Thus, a trial court may award pre- and postjudgment interest on the back pay due to the employee from the date of the arbitrator's award until he is reinstated. *Id.* Accordingly, the Court awards pre- and postjudgment interest on the back pay due to Gales at the statutory rate under R.C. 1343.03 from November 24, 2014, until the date he is reinstated.

**IT IS SO ORDERED.**

**Copies to all parties.**

## Franklin County Court of Common Pleas

**Date:**          05-19-2016

**Case Title:**      OHIO STATE DEPT ADMINISTRATIVE SERVICES ET AL -VS-
FOP OHIO INC OHIO LABOR COUNCIL INC

**Case Number:**   15MS000119

**Type:**          DECISION/ENTRY

It Is So Ordered.

/s/ Judge Kimberly Cocroft

Electronically signed on 2016-May-19    page 9 of 9

Case: 3:22-cv-00028-MJN-KAJ Doc #: 18-1 Filed: 09/26/22 Page: 12 of 32 PAGEID #: 244

Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 May 19 3:58 PM-15MS000119

Court Disposition

Case Number: 15MS000119

Case Style: OHIO STATE DEPT ADMINISTRATIVE SERVICES ET
AL -VS- FOP OHIO INC OHIO LABOR COUNCIL INC

Case Terminated: 18 - Other Terminations

Final Appealable Order: Yes

Motion Tie Off Information:

1. Motion CMS Document Id: 15MS0001192015-04-1799960000
   Document Title: 04-17-2015-MOTION FOR SUMMARY
JUDGMENT - PLAINTIFF: OHIO STATE DEPT ADMINISTRATIVE
SERVICES
   Disposition: MOTION RELEASED TO CLEAR DOCKET


2. Motion CMS Document Id: 15MS0001192015-03-2099930000
   Document Title: 03-20-2015-MOTION - DEFENDANT: FOP OHIO
INC OHIO LABOR COUNCIL INC
   Disposition: MOTION GRANTED

### Timothy Gales - 10017685

| | | |
|---|---|---:|
| Total Gross Pay | $ | 248,582.40 |
| Additional 3% | $ | 7,457.47 |
| 2013 - 2017 Earnings | $ | 35,394.92 |
| **TOTAL (Gross Pay + 3% - Earnings)** | **$** | **220,644.95** |

| | | |
|---|---|---:|
| Deductions | | |
| Retirement -EE Share | $ | 32,150.30 |
| Union Dues | $ | 2,540.52 |
| Deductions Total | $ | 34,690.82 |
| **Total Minus Deductions** | **$** | **185,954.13** |

| | | |
|---|---|---:|
| Tax Estimate | | |
| Estimated Taxable Gross | $ | 188,494.65 |
| Federal 25% | $ | 47,123.66 |
| State 3.5 % | $ | 6,597.31 |
| Columbus 2.5% | $ | 4,712.37 |
| Total Estimated Taxes | $ | 58,433.34 |

| | | |
|---|---|---:|
| Final **Estimated** Total | $ | 127,520.79 |



- Bureau of Motor Vehicles
- Emergency Management Agency
- Emergency Medical Services
- Office of Criminal Justice Services
- Ohio Homeland Security
- Ohio State Highway Patrol

John R. Kasich, Governor
John Born, Director
Heather R. Frient
*Chief Legal Counsel*

Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio 43218-2081
(614) 466-7014
www.publicsafety.ohio.gov



January 26, 2018

Timothy Gales
710 Glendower Avenue
Columbus, Ohio 43207

Agent Gales:

I have received your January 24, 2018 letter to Capt. Gary Allen, with the subject line "Back pay, interest on back pay, and promotion." While I do not agree with the assertions in your letter, I encourage you to speak to your union representatives and an attorney to determine the personal legal rights you purport to describe in your letter. Let this letter serve as a memorialization that the Department disputes the legal assertions in your letter and will not make the payments requested in your letter, including, for example, payment of interest compounded daily, repayment of the wages corresponding to the suspension imposed by the arbitrator, or payments relating to a 2014 promotional opportunity while you were not employed with the Department.

Direct to me any future correspondence regarding what you believe to be your legal claims. If you do hire an attorney, please give your attorney my information.

Sincerely,

James A. Hogan
Ohio Department of Public Safety
Office of Legal Services

ATTACHMENT C (1)



**OHIO DEPARTMENT OF PUBLIC SAFETY**
SAFETY · SERVICE · PROTECTION

- Bureau of Motor Vehicles
- Emergency Management Agency
- Emergency Medical Services
- Office of Criminal Justice Services
- Ohio Homeland Security
- Ohio State Highway Patrol



John R. Kasich, Governor
John Born, Director
**Geoffrey Dutton**
*Executive Director*

Private Investigator Security Guard Services
1970 West Broad Street

P.O. Box 182001
Columbus, Ohio 43218-2001
(614) 466-4130
www.pisgs.ohio.gov

02/02/2017

**Universal Protection Service LLC**
**Trade Name: Allied Universal Security Services LLC**
**57 E. Wilson Bridge Rd., Suite 300**
**Worthington, OH 43085**

RE: Request for records, **Universal Protection Service LLC**
**Trade Name: Allied Universal Security Services LLC**, License #200821001426

Dear Mr. Moser,

The Private Investigator Security Guard Services (PISGS) section of the Ohio Department of Public Safety is responsible for licensing businesses that provide security guard services, private investigation services, or both, and for registering the employees of those businesses. As part of its regulatory authority set forth in Chapter 4749. of the Ohio Revised Code and in the rules set forth in the Ohio Administrative Code, PISGS is authorized to conduct investigations into the actions of such licensed businesses. By law, all licensees are to make all books, records, or documents pertaining to an investigation available to PISGS personnel. *See* Revised Code § 4749.11(E); Ohio Administrative Code 4501:7-1-11.

Please be advised that PISGS is currently conducting an investigation of **Universal Protection Service LLC Trade Name: Allied Universal Security Services LLC.** As part of this investigation, the following records are being requested:

Payroll records **for all employees working as security guards and/or private investigators for Universal Protection Service LLC Trade Name: Allied Universal Security Services LLC,** during the period of time beginning July 1, 2016 through February 2, 2017. Specifically, please provide payroll that includes, the names of the employees, the number of hours/days worked as a security guard during each pay period within the listed time frame, the hire date for each security guard employee.

ATTACHMENT C (2)

**Ohio Department of Public Safety**
**Page 2**

Please provide these records to Investigator Pat Gehrisch no later than March 2, 2017. You may provide electronic copies to SPGehrisch@dps.state.oh.us, or you may mail hard copies of the records to 8210 CR 140 Suite F, Findlay, OH 45840. If you require any additional information about this request, or if you have any questions, please contact Investigator Gehrisch at 614-579-3600.

Very truly yours,

Pat Gehrisch
Investigator, PISGS

ATTACHMENT B (3)

Documents) and corresponding summary listed below. Please confirm that it reflects all of your earnings and all unemployment received during 2013 – 2017, and reply to me by Wednesday, June 7, 2017.

If you have any other questions please contact me directly.

SUMMARY OF ALL EARNINGS & UNEMPLOYMENT DOCUMENTS FOR YEARS 2013 - 2017 PROVIDED BY TIMOTHY GALES

2013 – 1040 US Individual Income Tax Return
2013 - Form 1099-R Ohio Public Employees Retirement System
2013 – W-2 State of Ohio
2014 – 1040 US Individual Income Tax Return
2014 – IT 1040 Ohio Department of Taxation Individual Income Tax Return
2014 – W-2 Acloche LLC
2015 – 1040 EZ Income Tax Return
2015 – W-2 Callos Resource LLC
JFS Claim Summary covering 02/07/2016 – 02/04/2017
2016 – 1040 US Individual Income Tax Return
2016 – Form 8867 Paid Preparer's Due Diligence Checklist
2016 – Form 8879 IRS e-file Signature Authorization
2016 – Ohio IT 1040 Individual Income Tax Return
2016 – Ohio Schedule of Credits
2016 – Whitehall Individual Income Tax Return

Joe

*Joseph A. Eckstein*
HR Director
Human Resources
Ohio Department of Public Safety
Phone (614)752-7554
Fax (614)752-4664
jeckstein@dps.ohio.gov



**From:** Gales, Timothy
**Sent:** Wednesday, May 31, 2017 10:20 AM
**To:** Riggins, Kathy <Kathy.Riggins@dps.ohio.gov>
**Cc:** Kolsky, Harold <hdkolsky@dps.ohio.gov>
**Subject:** deferment of funds prior to final back pay dispersement

# INTER-OFFICE COMMUNICATION

Date    January 29, 2018                                           File    2-ADM

To      Major R.S. Fambro                     Attention   Captain C.J. Linek

From    Staff Lieutenant C.A. Miller, Administrative Investigations Unit

Subject Administrative Investigation #2017-0678~Enforcement Agent Timothy Gales, Unit #9093, Ohio Investigative Unit, Columbus District

## Background:

Information was received that Enforcement Agent Timothy Gales, Ohio Investigative Unit-Columbus District, had provided inaccurate and/or incomplete information related to income earnings during the time frame he was not employed with the Division. Gales was terminated by the Division in March 2013. Gales was reinstated into his job as part of an arbitration decision and returned to employment with the Division in May 2017. The arbitration award required Gales to supply records of all receipts for wage earnings and Unemployment Compensation. These amounts would reduce the amount of back pay the Division was obligated to Gales. During an e-mail exchange dated June 2, 2017, with Joe Eckstein, Director of Human Resources for the Department of Public Safety, Gales was asked to confirm a list of employments he had for 2013-2017. Gales confirmed the list as accurately depicting his employments for the time period listed but failed to disclose an employment he had from September 2016 through May 2017 which was not listed.

## Investigative Action:

On December 11, 2017, I interviewed Katy Robson, Administrative Professional 4 (AP4). Robson was interviewed as a witness to administrative investigation 2017-0678. The interview was conducted at the Charles Shipley Building within the DPS Human Resources Office. The interview was digitally recorded and the following is a summary of the interview.

Robson has been employed with the Department of Public Safety (DPS) since January 2017 as an Administrative Professional 4 within the Human Resources Section. Prior to accepting her job with DPS she was employed by Universal Protection Services, which eventually merged with Allied Universal. She was employed with Allied Universal until December 2016. Within this employment she was the Human Resource Coordinator and was responsible for the hiring of all security officers. Robson worked in this position for approximately two and one half years.

Robson was asked if she was familiar with Timothy Gales. She stated she was, that she had first met him during a career fair she was overseeing for Universal Protection at the Ohio State University sometime around May or June 2016. She recalled Gales approaching her booth to inquire about their

LOA#: | 2736|

**Letter of Agreement**

Pursuant to the Collective Bargaining Agreement (the agreement) for the Fraternal Order of Police (FOP), and Chapter 4117 of the Ohio Revised Code (ORC), the State of Ohio, Department of Administrative Services, Office of Collective Bargaining (OCB), OCB and the FOP have reached the following agreement. This agreement becomes effective upon the date of signature by the Deputy Director of OCB, or designee.

**Agreement**

The Office of Collective Bargaining and have agreed to the following panel of arbitrators for the 2018 – 2021 collective bargaining period to include January 31, 2019 through June 30, 2021. The following arbitrators/mediators shall serve for the duration of this Agreement unless the arbitrator/mediator's services are terminated earlier by written notice from either party to the other in accordance with the contract. The arbitrator/mediator shall be notified of such termination by a joint letter from the parties pursuant to Article 20.09 of the Agreement.

**Main Panel**
Tobin Braverman
Louis Imundo
William Lewis (Howard Tolley if W. Lewis is not available)
Susan Grody Ruben
David Stanton
Rob Stein

**Scope of Agreement**

This agreement constitutes the complete understanding of the parties and merges and supersedes all other discussions, agreements, and understandings, either oral or written between the parties with respect to the subject matter thereof. This letter of agreement may be used by either party only to enforce its provisions and will not be used in any unrelated hearing, grievance, arbitration or negotiation.

This agreement shall remain in effect through the duration of the 2018 - 2021 Collective Bargaining Agreement. The agreement shall terminate at the expiration of the current agreement.

_____
ODAS, Office of Collective Bargaining (OCB)

2/12/19
_____
Date

_____
Fraternal Order of Police (FOP)

1 Feb 19
_____
Date

ATTACHMENT 3

### Timothy Gales - 10017685

| | | |
|---|---|---:|
| Total Gross Pay | $ | 248,582.40 |
| Additional 3% | $ | 7,457.47 |
| 2013 - 2017 Earnings | $ | 35,394.92 |
| **TOTAL (Gross Pay + 3% - Earnings)** | **$** | **220,644.95** |

Deductions

| | | |
|---|---|---:|
| Retirement -EE Share | $ | 32,150.30 |
| Union Dues | $ | 2,540.52 |
| Deductions Total | $ | 34,690.82 |
| **Total Minus Deductions** | **$** | **185,954.13** |

Tax Estimate

| | | |
|---|---|---:|
| Estimated Taxable Gross | $ | 188,494.65 |
| Federal 25% | $ | 47,123.66 |
| State 3.5 % | $ | 6,597.31 |
| Columbus 2.5% | $ | 4,712.37 |
| Total Estimated Taxes | $ | 58,433.34 |

| | | |
|---|---|---:|
| Final **Estimated** Total | $ | 127,520.79 |

ATTACHMENT 4





**OHIO DEPARTMENT OF PUBLIC SAFETY**
SAFETY · SERVICE · PROTECTION

- Bureau of Motor Vehicles
- Emergency Management Agency
- Emergency Medical Services
- Office of Criminal Justice Services
- Ohio Homeland Security
- Ohio State Highway Patrol

John R. Kasich, Governor
John Born, Director
Heather R. Frient
*Chief Legal Counsel*

Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio 43218-2081
(614) 466-7014
www.publicsafety.ohio.gov

January 26, 2018

Timothy Gales
710 Glendower Avenue
Columbus, Ohio 43207

Agent Gales:

I have received your January 24, 2018 letter to Capt. Gary Allen, with the subject line "Back pay, interest on back pay, and promotion." While I do not agree with the assertions in your letter, I encourage you to speak to your union representatives and an attorney to determine the personal legal rights you purport to describe in your letter. Let this letter serve as a memorialization that the Department disputes the legal assertions in your letter and will not make the payments requested in your letter, including, for example, payment of interest compounded daily, repayment of the wages corresponding to the suspension imposed by the arbitrator, or payments relating to a 2014 promotional opportunity while you were not employed with the Department.

Direct to me any future correspondence regarding what you believe to be your legal claims. If you do hire an attorney, please give your attorney my information.

Sincerely,

James A. Hogan
Ohio Department of Public Safety
Office of Legal Services

ATTACHMENT 5

ATTACHMENT C (1)



**OHIO DEPARTMENT OF PUBLIC SAFETY**
SAFETY · SERVICE · PROTECTION

- Bureau of Motor Vehicles
- Emergency Management Agency
- Emergency Medical Services
- Office of Criminal Justice Services
- Ohio Homeland Security
- Ohio State Highway Patrol



John R. Kasich, Governor
John Born, Director
**Geoffrey Dutton**
*Executive Director*

Private Investigator Security Guard Services
1970 West Broad Street

P.O. Box 182001
Columbus, Ohio 43218-2001
(614) 466-4130
www.pisgs.ohio.gov

02/02/2017

**Universal Protection Service LLC**
**Trade Name: Allied Universal Security Services LLC**
**57 E. Wilson Bridge Rd., Suite 300**
**Worthington, OH 43085**

RE: Request for records, **Universal Protection Service LLC**
**Trade Name: Allied Universal Security Services LLC,** License #200821001426

Dear Mr. Moser,

The Private Investigator Security Guard Services (PISGS) section of the Ohio Department of Public Safety is responsible for licensing businesses that provide security guard services, private investigation services, or both, and for registering the employees of those businesses. As part of its regulatory authority set forth in Chapter 4749. of the Ohio Revised Code and in the rules set forth in the Ohio Administrative Code, PISGS is authorized to conduct investigations into the actions of such licensed businesses. By law, all licensees are to make all books, records, or documents pertaining to an investigation available to PISGS personnel. *See* Revised Code § 4749.11(E); Ohio Administrative Code 4501:7-1-11.

Please be advised that PISGS is currently conducting an investigation of **Universal Protection Service LLC Trade Name: Allied Universal Security Services LLC.** As part of this investigation, the following records are being requested:

Payroll records **for all employees working as security guards and/or private investigators** for **Universal Protection Service LLC Trade Name: Allied Universal Security Services LLC,** during the period of time beginning July 1, 2016 through February 2, 2017. Specifically, please provide payroll that includes, the names of the employees, the number of hours/days worked as a security guard during each pay period within the listed time frame, the hire date for each security guard employee.

ATTACHMENT C P)

**Ohio Department of Public Safety**
**Page 2**

Please provide these records to Investigator Pat Gehrisch no later than March 2, 2017. You may provide electronic copies to SPGehrisch@dps.state.oh.us, or you may mail hard copies of the records to 8210 CR 140 Suite F, Findlay, OH 45840. If you require any additional information about this request, or if you have any questions, please contact Investigator Gehrisch at 614-579-3600.

Very truly yours,

Pat Gehrisch
Investigator, PISGS

ATTACHMENT 6

ATTACHMENT B (3)

Documents) and corresponding summary listed below. Please confirm that it reflects all of your earnings and all unemployment received during 2013 – 2017, and reply to me by Wednesday, June 7, 2017.

If you have any other questions please contact me directly.

SUMMARY OF ALL EARNINGS & UNEMPLOYMENT DOCUMENTS FOR YEARS 2013 - 2017 PROVIDED BY TIMOTHY GALES

2013 – 1040 US Individual Income Tax Return
2013 - Form 1099-R Ohio Public Employees Retirement System
2013 – W-2 State of Ohio
2014 – 1040 US Individual Income Tax Return
2014 – IT 1040 Ohio Department of Taxation Individual Income Tax Return
2014 – W-2 Acloche LLC
2015 – 1040 EZ Income Tax Return
2015 – W-2 Callos Resource LLC
JFS Claim Summary covering 02/07/2016 – 02/04/2017
2016 – 1040 US Individual Income Tax Return
2016 – Form 8867 Paid Preparer's Due Diligence Checklist
2016 – Form 8879 IRS e-file Signature Authorization
2016 – Ohio IT 1040 Individual Income Tax Return
2016 – Ohio Schedule of Credits
2016 – Whitehall Individual Income Tax Return


Joe

*Joseph A. Eckstein*
HR Director
Human Resources
Ohio Department of Public Safety
Phone (614)752-7554
Fax (614)752-4664
jeckstein@dps.ohio.gov





.


**From:** Gales, Timothy
**Sent:** Wednesday, May 31, 2017 10:20 AM
**To:** Riggins, Kathy <Kathy.Riggins@dps.ohio.gov>
**Cc:** Kolsky, Harold <hdkolsky@dps.ohio.gov>
**Subject:** deferment of funds prior to final back pay dispersement

ATTACHMENT 7

# INTER-OFFICE COMMUNICATION

| | | | | |
|---|---|---|---|---|
| Date | January 29, 2018 | | File | 2-ADM |

| | | | |
|---|---|---|---|
| To | Major R.S. Fambro | Attention | Captain C.J. Linek |

| | |
|---|---|
| From | Staff Lieutenant C.A. Miller, Administrative Investigations Unit |
| Subject | Administrative Investigation #2017-0678~Enforcement Agent Timothy Gales, Unit #9093, Ohio Investigative Unit, Columbus District |

## Background:

Information was received that Enforcement Agent Timothy Gales, Ohio Investigative Unit-Columbus District, had provided inaccurate and/or incomplete information related to income earnings during the time frame he was not employed with the Division. Gales was terminated by the Division in March 2013. Gales was reinstated into his job as part of an arbitration decision and returned to employment with the Division in May 2017. The arbitration award required Gales to supply records of all receipts for wage earnings and Unemployment Compensation. These amounts would reduce the amount of back pay the Division was obligated to Gales. During an e-mail exchange dated June 2, 2017, with Joe Eckstein, Director of Human Resources for the Department of Public Safety, Gales was asked to confirm a list of employments he had for 2013-2017. Gales confirmed the list as accurately depicting his employments for the time period listed but failed to disclose an employment he had from September 2016 through May 2017 which was not listed.

## Investigative Action:

On December 11, 2017, I interviewed Katy Robson, Administrative Professional 4 (AP4). Robson was interviewed as a witness to administrative investigation 2017-0678. The interview was conducted at the Charles Shipley Building within the DPS Human Resources Office. The interview was digitally recorded and the following is a summary of the interview.

Robson has been employed with the Department of Public Safety (DPS) since January 2017 as an Administrative Professional 4 within the Human Resources Section. Prior to accepting her job with DPS she was employed by Universal Protection Services, which eventually merged with Allied Universal. She was employed with Allied Universal until December 2016. Within this employment she was the Human Resource Coordinator and was responsible for the hiring of all security officers. Robson worked in this position for approximately two and one half years.

Robson was asked if she was familiar with Timothy Gales. She stated she was, that she had first met him during a career fair she was overseeing for Universal Protection at the Ohio State University sometime around May or June 2016. She recalled Gales approaching her booth to inquire about their

*As national leaders, the Ohio State Highway Patrol collaborates with community and safety partners to provide professional law enforcement services focused on deterring crime and promoting traffic safety to improve the quality of life for those we serve.*
An Equal Opportunity Employer

OHP 0128 4/15 HP-22

ATTACHMENT 8

LOA#: | 2736 |

**Letter of Agreement**

Pursuant to the Collective Bargaining Agreement (the agreement) for the Fraternal Order of Police (FOP), and Chapter 4117 of the Ohio Revised Code (ORC), the State of Ohio, Department of Administrative Services, Office of Collective Bargaining (OCB), OCB and the FOP have reached the following agreement. This agreement becomes effective upon the date of signature by the Deputy Director of OCB, or designee.

**Agreement**

The Office of Collective Bargaining and have agreed to the following panel of arbitrators for the 2018 – 2021 collective bargaining period to include January 31, 2019 through June 30, 2021. The following arbitrators/mediators shall serve for the duration of this Agreement unless the arbitrator/mediator's services are terminated earlier by written notice from either party to the other in accordance with the contract. The arbitrator/mediator shall be notified of such termination by a joint letter from the parties pursuant to Article 20.09 of the Agreement.

**Main Panel**
Tobin Braverman
Louis Imundo
William Lewis (Howard Tolley if W. Lewis is not available)
Susan Grody Ruben
David Stanton
Rob Stein

**Scope of Agreement**

This agreement constitutes the complete understanding of the parties and merges and supersedes all other discussions, agreements, and understandings, either oral or written between the parties with respect to the subject matter thereof. This letter of agreement may be used by either party only to enforce its provisions and will not be used in any unrelated hearing, grievance, arbitration or negotiation.

This agreement shall remain in effect through the duration of the 2018 - 2021 Collective Bargaining Agreement. The agreement shall terminate at the expiration of the current agreement.

_Matthew M. Damschroder / KNR_                    _2/12/19_
ODAS, Office of Collective Bargaining (OCB)           Date

_[signature]_                                        _1 Feb 19_
Fraternal Order of Police (FOP)                      Date