IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY GALES, | : | |
| Plaintiff, | : | CASE NO. 2:21-CV-328 |
| v. | : | JUDGE MICHAEL H. WATSON |
| THOMAS P. CHARLES, *et al.*, | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| Defendant. | : | |

### DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson, respectfully request that Plaintiff Timothy Gales' claims for First Amendment Retaliation against them in this matter be dismissed. As set forth in the attached Memorandum, the Amended Complaint fails to plead sufficient factual support to set forth valid claims for First Amendment Retaliation against the aforementioned Defendants.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Timothy M. Miller*

TIMOTHY M. MILLER (0079064)
*Trial Counsel*
Senior Assistant Attorney General
Court of Claims
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 466-7447 – Telephone
(614) 644-9185 – Facsimile
Timothy.Miller@OhioAGO.gov

CATHLEEN B. SLATER (0066088)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
elsreview@OhioAGO.gov

*Counsel for Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson*

**MEMORANDUM IN SUPPORT**

I. Introduction and Statement of Facts

Notwithstanding explicit instruction from this Court, Plaintiff Timothy Gales' Amended Complaint is filled with nothing but disjointed, conclusory assertions that fail to set forth a timely claim of First Amendment Retaliation, pursuant to 42 U.S.C. § 1983, against Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson. Gales first filed the above-captioned matter on January 25, 2021, and he set forth numerous claims against Defendants Charles, Born, Pride, Hogan, and Jackson. (Complaint, Doc. 1-1). On March 10, 2021, in a Report and Recommendation, this Court recommended that many of Gales' claims be dismissed, but Gales was ordered to file an Amended Complaint "that includes specific factual allegations of retaliation that occurred within the past two years." (Report & Recommendation, Doc. 5, PAGEID # 73). On March 31, 2021, Gales filed an Amended Complaint, wherein he appeared to allege the following relevant facts:

- On March 10, 2013, Gales' employment was terminated. (Amended Complaint, Doc. 7, PAGEID # 79).

- On November 24, 2014, Gales' termination was reversed by an arbitrator, and he was reinstated to his previous employment and awarded backpay. (Amended Complaint, Doc. 7, PAGEID # 80).

- On 15, 2017, Gales was reinstated to his employment with the Ohio Department of Public Safety. (Exhibit A-7, Doc. 7.1, PAGEID # 104).

- On March 20, 2018, Gales' employment was terminated again. (Amended Complaint, Doc. 7, PAGEID # 82).

- On September 10, 2018, an arbitration was conducted concerning Gales, March 20, 2018 termination. (Amended Complaint, Doc. 7, PAGEID # 82).

- On January 25, 2019, the arbitrator issued a decision concerning the aforementioned arbitration. (Amended Complaint, Doc. 7, PAGEID #82; Exhibit A-7, Doc. 7-1, PAGEID # 101-130).

- On January 29, 2019, the arbitration decision was allegedly posted on an employee forum. (Amended Complaint, Doc. 7, PAGEID # 86-87).

- On July 20, 2020, Gales sent an email to Defendant Hogan inquiring about what Gales believed was unpaid backpay in connection with the November 24, 2014 arbitration decision that overturned Gales' March 10, 2013 termination. (Amended Complaint, Doc. 7 PAGEID # 95; Exhibit A-3, Doc. 7.1, PAGEID # 100).

Gales' Amended Complaint is devoid of any allegations that Defendant Jackson took any retaliatory action against him. Further, with respect to Defendants Charles, Born, Pride and Hogan, Gales fails to allege any specific facts to show that any of them took retaliatory action against him during the applicable statute of limitations, and there is no causal connection between any purported retaliatory acts and Gales unspecific claims that he has engaged in protected speech. Rather, Gales repeatedly makes vague, conclusory assertions that Defendants Charles, Born, Pride, and Hogan conspired to retaliate against him, and the arbitration decision issued on January 25, 2019 was the result of their actions. Again though, Gales does not specifically state how or when Defendants Charles, Born, and Pride affected the arbitration decision. Notably, the arbitration decision does not list Defendants Charles, Born, or Pride attending the arbitration or participating in any way. (See Exhibit A-7, Doc. 7-1, PAGEDID # 101-130). Defendants Hogan and Jackson were present at the arbitration, but there is no language in the decision stating that they testified or participated in authoring the arbitration decision. *Id*.

Moreover, procedurally, Gales' action is flawed against Defendant Born. On July 12, 2022, this Court issued an Order directing Gales to provide a completed summons form for each Defendant on or before August 5, 2022. (Order, Doc. 14, PAGEID # 174). On July 21, 2022, Gales submitted a completed summons form for Defendant Born, and it listed Born's address as 1970 West Broad Street, Columbus, Ohio 43215. (Born Summons, Doc. 15, PAGEID # 178).

4

However, Defendant Born has not worked at this address since on or about January 5, 2019, and Defendant Born has not been served with a summon and copy of Gales' Amended Complaint via certified mail.  (Born Declaration ¶ 2-3).

## II. Law and Argument

### A. Standard of Review

#### 1. Fed. R. Civ. P. 12(b)(5).

"In considering a motion to dismiss under Rule 12(b)(5), 'this Court must accept as true all well pleaded allegations of the complaint . . . although reference to the record is permissible to determine the alleged insufficiency of service of process.'"  *See Carter v. Delaware Co. Bd. of Comm'rs,* Case No. 2:07-cv-1189, 2009 U.S. Dist. LEXIS 16436 * 43-44 (S.D. Ohio, March 3, 2009), *quoting Thompson v. Kerr,* 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) [further citations omitted].  "Motions to dismiss under Fed. R. Civ. P. 12(b)(5) need not be treated as motions for summary judgment even if they are supported by affidavits."  *See Enyart v. Franklin County,* Case No. 2:09-cv-687, 2013 U.S. Dist. LEXIS 66270, * 6 (S.D. Ohio, May 7, 2013), *adopted* 2013 U.S. Dist. LEXIS 129661 (S.D. Ohio, Sept. 12, 2013).

#### 2. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing

5

court to draw on its judicial experience and common sense." *Id*. at 1950. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562; *see also Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-48 (2005) (finding complaint legally insufficient where plaintiff failed to provide factual support supporting every element of a claim). "[M]ore than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements," *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted), and "a complaint will [not] suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 678 (citation omitted).

Courts liberally construe complaints filed by *pro se* plaintiffs when determining whether a complaint fails to state a claim upon which relief may be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted). There are, however, limits to allowing *pro se* litigants liberality in pleading, *Frengler v. General Motors*, 482 Fed. Appx. 975, 977 (6th Cir. 2012), and courts are not required to "guess at the nature of the claim asserted." *Id*. at 976-77 (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Ashiegbu v. Purviance*, 74 F. Supp.2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Further, the pleading requirements of the *Twombly-Iqbal* line of cases apply to *pro se* complaints. *See Ganiyev v. Progressive Northern Ins. Co*., 2012 WL 1977942 (S.D. Ohio June 1, 2012) (M.J. Bowman) (granting motion to dismiss *pro se* complaint on basis of failure to satisfy *Twombly*-

*Iqbal* standards); *Balsley v. Kasich*, 2013 WL 5274584 (S.D. Ohio Sept. 18, 2013) (same); *Pate v. Schultz*, 2008 WL 2566204 (S.D. Ohio June 26, 2008) (same, dismissing Title VII and ADA claims).

    **B.**    **Gales has failed to perfect service on Defendant John Born.**

On July 6, 2022, this Court issued an Order requiring Gales to serve Defendants with a summons and copy of his Amended Complaint within 30 days. (Order, Doc. 13, PAGED # 172-73). Thereafter, on July 12, 2022, this Court clarified that Gales needed to submit completed summons forms for each Defendant on or before August 5, 2022 in order to perfect service. (Order, Doc. 14, PAGEID # 174). On July 21, 2022, Gales submitted a completed summons form for Defendant Born, and it listed Born's address as 1970 West Broad Street, Columbus, Ohio 43215. (Born Summons, Doc. 15, PAGEID # 178). However, Defendant Born has not worked at this address since on or about January 5, 2019, and Defendant Born has not been served with a summons and copy of Gales' Amended Complaint via certified mail. (Born Declaration ¶ 2-3). Accordingly, Gales has failed to comply with this Court's July 6 and 12, 2022 Orders, and he has failed to serve Defendant Born in a matter set forth in Fed. Civ. R. 4(e).

Therefore, Gales' claim against Defendant Born should be dismissed.

    **C.**    **Gales' conclusory assertions are insufficient, as a matter of law, to state a claim for First Amendment Retaliation against Defendants Thomas Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson.**

Under 42 U.S.C. § 1983, an individual may bring a private cause of action against anyone who, under color of state law, deprives the person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). To state a claim for First Amendment retaliation, a plaintiff must allege: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the

plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005). If the plaintiff can establish a prima facie case, then the burden of proof "shifts to the employer to demonstrate by a preponderance of the evidence that the employment decision would have been the same absent the protected conduct." *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 294 (6th Cir. 2012). Moreover, claims brought pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1998)); *Brown v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1984).

Here, Gales has failed to set forth a timely claim of First Amendment Retaliation against Defendants Charles, Born, Pride, Hogan, and Jackson. To the extent that Gales alleges that he was subjected to an alleged adverse action within the two years before January 25, 2021, he fails to state a claim upon which relief can be granted because his Complaint consists of nothing but conclusory statements that do not suffice to state a claim under *Twombly-Iqbal*.

      **1.**      **Gales fails to allege sufficient facts to establish that he engaged in protected speech.**

When a former public employee (like Gales) sues for retaliation under the First Amendment's Speech Clause, the employee must show that he spoke "as a citizen on a matter of public concern" in order to establish that his speech was "protected conduct." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 386 (2011); *Connick v. Myers*, 461 U.S. 138, 147 (1983). However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410,

8

421 (2006). Whether a public employee's speech was made pursuant to his official duties is a question of law. *Mayhew v. Town of Smyrna*, 856 F.3d 456, 462 (6th Cir. 2017).

The Supreme Court has not "articulate[d] a comprehensive framework for defining the scope of an employee's duties[.]" *Garcetti*, 547 U.S. at 424. Instead, the "proper inquiry is a practical one." *Id.* To aid in assessment of the public employee's statement and whether it was made pursuant to the employee's official duties, courts consider "both [the statement's] content and context." *Fox v. Traverse City Area Pub. Schools Bd. of Edn.*, 605 F.3d 345, 348 (6th Cir. 2010). These factors inform the answer to the "critical question": "whether the speech at issue is itself ordinarily within the scope of an employee's duties." *Lane v. Franks*, 573 U.S. 228, 240 (2014).

To that end, a "public employee's job description, though an important consideration, is not dispositive." *Henderson v. City of Flint*, 751 F. App'x 618, 623 (6th Cir. 2018). "On the other hand, speech made pursuant to *ad hoc* or *de facto* duties not appearing in any written job description is nevertheless not protected if it owes its existence to the speaker's professional responsibilities." *Id.* (citations omitted).

Here, Gales' Amended Complaint generally alleges that he filed lawsuits against Defendants Charles, Born, and Pride.[1] (Amended Complaint, Doc. 7, PAGEID # 96). However, Gales' Amended Complaint fails to include any details regarding the basis of the alleged lawsuits or when and where they were filed. This lack of detail is fatal to his claim. *See Hopkins v. City of Jacksonville,* M.D.Fla. No. 3:07-cv-147-J-32MCR, 2014 U.S. Dist. LEXIS 162331, at *39 (Nov. 19, 2014) (dismissing First Amendment retaliation case where plaintiff described general complaints but "has not identified any particular time at which he spoke as a citizen on a matter

---

[1]    It is worth noting that Gales does not allege he filed lawsuits against Defendants Hogan or Jackson.

of public interest"); *Morozin v. Philadelphia Hous. Auth.*, E.D.Pa. No. 18-2174, 2019 U.S. Dist. LEXIS 136815, at *8 (Aug. 13, 2019) ("Although [plaintiff] includes generalized descriptions of certain types of speech which might, theoretically, be protected, he has failed to allege adequate details about the statements forming the basis of his claim.").

Accordingly, Gales' general assertion are insufficient to establish that he has engaged in activity protected by the First Amendment, and his Amended Complaint should be dismissed for failure to state a claim.

> **2. Gales' Complaint is devoid of any factual allegations of retaliation against Defendant Jackson.**

In his Amended Complaint, Gales states that he is requesting a written apology from Defendant Jackson. (Amended Complaint, Doc. 7, PAGEID # 96). However, this is literally the only mention of Jackson in Gales' Amended Complaint. There are no factual assertions that Jackson was aware of any alleged protected speech that Gales may have engaged in, nor does Gales allege that Jackson took any adverse action against him.

Accordingly, Gales has failed to set forth any claim against Defendant Jackson, and any First Amendment Retaliation claims against Defendant Jackson should be dismissed.

> **3. Gales fails to set forth a claim of First Amendment Retaliation against Defendants Charles, Born, Pride, or Hogan with respect to the January 25, 2019 arbitration decision.**

Gales essentially alleges that Defendants Charles, Born, Pride, and Hogan retaliated against him because an arbitrator issued a decision on January 25, 2019 which affirmed the termination of Gales' employment that happened previously on March 20, 2018. Gales, however, fails to allege any facts showing that Defendants Charles, Born, Pride, or Hogan had any hand in writing the arbitration decision. In fact, the arbitration decision itself, which Gales has filed as an exhibit, is barren of any facts indicating that Defendants Charles, Born, Pride, or

10

Hogan assisted in writing the decision or influencing the arbitrator in reaching his decision. (Exhibit A-7, Doc. 7-1, PAGEID #101-130). The only connection between the January 25, 2019 arbitration decision and Defendants Charles, Born, Pride, or Hogan are Gales' unsupported, conclusory assertions.

Gales' conclusory assertions are insufficient to establish claim for relief. *See Iqbal,* 556 U.S. at 678 (finding that "unadorned, the defendant-unlawfully-harmed-me accusation" is insufficient); see also *Taylor v. 3B Enterprises, LLC*, No. 3:13-CV-259-S, 2014 WL 4916334, at *6 (W.D. Ky. Sept. 30, 2014) (finding that allegations of race discrimination were conclusory because Taylor failed to identify any Caucasian employee who was treated more favorably under similar circumstances and she alleged "no facts from which a reasonable person could infer how her race factored into the employer's decisions, or caused her to lose her job, as opposed to any other nondiscriminatory basis for decisions regarding her employment."); *Freeman v. Shaker Heights City Sch. Dist.,* No. 1:11 CV 1754, 2011 WL 6012356, at *2 (N.D. Ohio Dec. 1, 2011) (finding that Plaintiff failed to state a claim for race discrimination under *Twombly* by alleging only that she was "passed over for promotions" and continually harassed with fabricated discipline and also by failing to identify comparable, non-protected persons that were treated better).

Therefore, any claims for First Amendment Retaliation against Defendants Charles, Born, Pride, and Hogan should be dismissed for failure to state a claim upon which relief may be granted.

> **4.** **Gales fails to set forth a claim of First Amendment Retaliation against Defendant Pride with respect to the alleged January 29, 2019 posting of the arbitration award.**

Gales also alleges that on or about January 29, 2019, Pride allowed for the January 25,

11

2019 arbitrator's decision to be posted on an employee portal. (Amended Complaint, Doc. 7, PAGEID # 86-87). Again though, Gales' Amended Complaint fails to state what alleged protected activity he engaged in, and it is barren of any factual assertions to establish a possible causal connection between any purported protected speech and the alleged posting of the arbitration decision. Additionally, Gales' Amended Complaint does not contain any factual allegations to establish that Pride actually authorized the alleged posting of the arbitration award. Moreover, it is unclear how Gales would even have known about this alleged posting since he was no longer employed with the State of Ohio. (Amended Complaint, Doc. 7, PAGEID # 82; Exhibit A-7, Doc. 7-1, PAGEID # 101-130). As set forth above, this type conclusory assertion is insufficient to establish a claim upon which relief can be granted.

Accordingly, any claim for First Amendment Retaliation against Pride in connection with an alleged posting of the arbitration award should be dismissed for failure to state a claim upon which relief can be granted.[2]

> **5. Gales fails to set forth a claim for First Amendment retaliation against Defendant Hogan concerning Gales' July 7, 2020 email, nor can Gales show that any such claim would be timely.**

Gales also cannot establish a claim of First Amendment Retaliation against Defendant Hogan in connection with Gales' July 20, 2020 email. The subject of the email is Gales' belief that he did not receive his full backpay upon reinstatement in 2017 in relation to a judgment issued by a Franklin County Court of Common Pleas judge on May 19, 2016. (Exhibit A-3, Doc. 7.1, PAGEID # 100; Exhibit A-4, Doc. 7,1, PAGEID # 131-139). While Gales sent the email within the two-year period before the initiation of the above-captioned action, it is clear

---

[2] Even if this Court wanted to charitably treat the alleged posting of the arbitration award as a claim for defamation against Pride, it would still need to be dismissed pursuant to Fed. Civ. R. 12(b)(1) for lack of subject matter jurisdiction. (Report and Recommendation, Doc. 5, PAGEID # 75; Order, Doc. 6, PAGEID # 77-78).

from Gales' own exhibit that the alleged adverse action occurred, at the latest, back in 2017 when he was reinstated to his employment. (Exhibit A-7, Doc. 7.1, PAGEID #104). Moreover, the Common Pleas Court awarded Gales "pre- and postjudgment interest on the backpay due to Gales at the statutory rate under R.C. 1343.03 from November 24, 2014, until the date he is reinstated" in 2016. (Exhibit A-4, Doc. 7.1, PAGEID # 138). Thus, any claim Gales seeks to bring related to an alleged failure to pay him backpay following his 2017 reinstatement is outside the two-year statute of limitations.[3]

Therefore, Gales fails to state a claim for First Amendment Retaliation against Defendant Hogan relating to his July 20, 2020 email

## III. CONCLUSION

For the foregoing reasons, Defendants Charles, Born, Pride, Hogan, and Jackson, respectfully requests that all of Plaintiff Timothy Gales' claims for First Amendment Retaliation be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Timothy M. Miller*

TIMOTHY M. MILLER (0079064)
*Trial Counsel*
Senior Assistant Attorney General

---

[3] This Court also lacks subject matter jurisdiction over any purported claim by Gales to enforce the arbitration award from 2016. *See* R.C. 2711.03(A) ("The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement.").

Court of Claims
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 466-7447 – Telephone
(614) 644-9185 – Facsimile
Timothy.Miller@OhioAGO.gov

CATHLEEN B. SLATER (0066088)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
elsreview@OhioAGO.gov

*Counsel for Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2022, a true and accurate copy of the foregoing *Defendants' Motion to Dismiss* was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, service was made by ordinary U.S. Mail, postage prepaid to Timothy Gales, 710 Glendower Avenue, Columbus, Ohio 43207.

*/s/ Timothy M. Miller*

TIMOTHY M. MILLER (0079064)
*Trial Counsel*
Senior Assistant Attorney General

14