IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY GALES | Case No. 2:21-cv-00328-MHW-KA |
| Plaintiff, | JUDGE: MICHAEL H. WATSON |
| v. | REPLY TO OPPOSITION TO MOTION TO DISMISS BY DOUGLAS BEHRINGER, GWEN CALLENDER, AND CATHY BROCKMAN |
| THOMAS CHARLES, et al. | |
| Defendants | |

Defendants Douglas Behringer, Gwen Callender, and Cathy Brockman (collectively, the "Fraternal Order of Police, Ohio Labor Council, Inc. Defendants" or  "FOP Defendants") respectfully submits this Reply to the Response to their Motion to Dismiss the Complaint.  (Doc#17; Doc#18.)  This Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff has failed to state a claim against the FOP Defendants upon which relief can be granted.

Plaintiff provides almost zero legal authority to support the viability of the Amended Complaint.  Plaintiff, sadly, does not merely double-down on unsupported allegations and wild speculation (as improper as this is) but, instead, engages in innuendo and personal attacks on both FOP Defendants and their counsel.  The Court should take such attacks as a commentary on the weakness of the merits of Plaintiff's claims.  FOP Defendants believe that this matter has been adequately briefed and generally relies on the arguments and authority presented initially.  FOP Defendants offer only a few additional observations:

1

A.  **This Court Should Disregard The Supplemental Materials Submitted By Plaintiff**

Plaintiff attached letters and other materials to his response to the Motion to Dismiss. (Doc#18-1.)  In evaluating a Rule 12(b) motion, this Court should limit its analysis to the allegations of the Amended Complaint and disregard any supplemental materials attached to Plaintiffs' response. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."), *citing Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). *See also Luxury Limousine, Inc. v. Natl. Indemn. Co.*, E.D.Mich. No. 19-10893, 2019 U.S. Dist. LEXIS 132596, at *4 (Aug. 7, 2019) (outside materials attached by plaintiff to response brief "are not appropriate for the court to consider in conjunction with" a motion to dismiss); *Curtiss-Wright Corp. v. TDY Industries, LLC*, N.D.Ohio No. 1:20CV2179, 2021 U.S. Dist. LEXIS 91217, at *7 (May 13, 2021) ("the Court has disregarded the exhibits attached to Plaintiffs' Memorandum in Opposition").

B.  **This Court Lacks Jurisdiction Because SERB Has Exclusive Jurisdiction Over Plaintiff's Claims Against FOP Defendants**

Plaintiff does not contest that his claims against FOP Defendants must be resolved before the State Employment Relations Board ("SERB"), which has exclusive jurisdiction over claims related to unfair labor practices by unions and their agents.  While the Response to the Motion to Dismiss makes some reference to SERB dismissing a prior claim as untimely (perhaps suggesting that he is free to pursue claims in this Court after he exhausts SERB remedies), the Amended Complaint does not state that Plaintiff ever pursued a matter with SERB at all, much less a matter related to the FOP's allegedly insufficient representation of him described in the Amended Complaint.

C.  **Plaintiff Has Not Adequately Pled A § 1983 Action**

Plaintiff provides no authority to support his claim under 42 U.S.C. § 1983, choosing instead to simply repeat conclusory and inflammatory accusations of a wide-ranging conspiracy.  Dismissal of these claims is warranted because Plaintiff's conclusory claims are fantastical in failing to adequately

2

allege a conspiracy among persons who hardly share common goals. The Amended Complaint also fails on the merits by failing to allege a sufficient causal connection between the actions of FOP Defendants and Plaintiff's alleged injuries and that Plaintiff engaged in protected activity. The Amended Complaint may air Plaintiff's numerous personal grievances, but that does not mean it states a viable claim.

## CONCLUSION

The Complaint should be dismissed.

Respectfully submitted,

*/s/ Joshua Adam Engel*
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system this October 4, 2022 upon all counsel of record. A copy was also delivered by U.S. Mail to Plaintiff:

Timothy Gales
710 Glendower Avenue
Columbus, OH 43207

*/s/ Joshua Adam Engel*
Joshua Adam Engel (0075769)