# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| TIMOTHY GALES, | |
| Plaintiff, | CASE NO. 2:21-CV-328 |
| v. | JUDGE MICHAEL H. WATSON |
| THOMAS P. CHARLES, *et al.*, | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| Defendant. | |

## DEFENDANT DAVID STANTON'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant David Stanton respectfully requests that the Court dismiss Plaintiff Timothy Gales' claim for First Amendment Retaliation against Defendant Stanton. As outlined in the attached memorandum in support, the amended complaint fails to state a claim upon which relief can be granted.

Dated: October 13, 2022

Respectfully submitted,

By: /s/ *Edward G. Hubbard*
    Edward G. Hubbard (0067784)
    WESTON HURD LLP
    101 E. Town St. - Suite 500
    Columbus, OH 43215
    614-280-1125 (direct)
    614-280-0200 (main)
    614-280-0204 (fax)
    ehubbard@westonhurd.com

*Trial Attorney for David Stanton*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STANTON'S MOTION TO DISMISS THE COMPLAINT

Defendant David Stanton respectfully submits this memorandum of law in support of his Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff's amended complaint asserts allegations beginning in 2013 and ending in 2020 against the defendants in this case, primarily relating to the termination of his employment, twice, with the Ohio Investigative Unit. The allegations against Defendant Stanton arose from his service as an arbitrator on September 10, 2018. (Amended Complaint, Doc. 7, PAGEID # 82). Specifically, Defendant Stanton heard a grievance asserted by Grievant Timothy Gales claiming that his termination lacked just cause. Amended Complaint, Doc. 7-1, PAGEID # 101.

Plaintiff's complaint alleges that on "January 25, 2019, David Stanton delivered an award to the defendants in violation of FAA and Ohio Laws to include ORC 2705 contempt section, and ORC 4117.09, ORC 4117.04 Parties agreement." (Amended Complaint, Doc. 7, PAGEID # 90). That is, Defendant Stanton denied the grievance. Plaintiff then opines that "[h]owever, in doing so David Stanton violated well well [*sic*]established public policies. He did so to retaliate[1] against the plaintiff for no other reason than to violate the protected rights of the plaintiff free expression of speech, and to assist the defendants named herein to retaliate." (Amended Complaint, Doc. 7, PAGEID # 91). Plaintiff notes that "[p]ursuant to Federal Arbitration Act, which recognize arbitration over litigation when a grievance has been filed. Courts have set aside or dismissed

---

[1] The Court dismissed the Fourteenth Amendment retaliation claim, leaving only the claim of First Amendment retaliation. (Report and Recommendation, Doc. 5, PAGEID # 75; Order, Doc. 6, PAGEID # 77-78).

civil litigation in favor of arbitration. *** In addition, section 10 of the federal arbitration act allows courts to set aside awards by arbitrators who have committed fraud, evidence of partiality, misconduct by the arbitrator, and arbitrator exceeding his authority. The plaintiff is prepared to prove each element against the arbitrator that demonstrates his January 25, 2019 award was procured by fraud, misconduct, partiality….." (Amended Complaint, Doc. 7, PAGEID # 83).

## LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard demands more than "labels and conclusions" or "naked assertion[s]" lacking any "further factual enhancement." *Twombly*, 550 U.S. at 555, 557; *see also Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). If, from the pleading, the Court cannot "infer more than the mere possibility of misconduct," the complaint cannot survive a motion to dismiss for failure to state a plausible claim of relief. *Iqbal,* 556 U.S. at 679.

This standard applies regardless of a plaintiff's *pro se* status. *Shulman v. Amazon.com.kydc, LLC*, 2015 2015 WL 1782636 at *6 (E.D. Ky. Apr. 20, 2015) (quoting *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)) ("'[C]ourts have been unwilling to completely abrogate basic pleading essentials in *pro se* suits.'"). A court is not required to "guess at the nature of the claim asserted" (*id.,* citing *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975)) or "conjure allegations on a litigant's behalf" because that litigant is proceeding *pro se*. *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001).

**ARGUMENT**

1. **Plaintiff's remedy for any error in the Award arises under the Federal Arbitration Act.**

Plaintiff, as noted above, alleges that the Award was in violation of the Federal Arbitration Act ("FAA") and states that he is prepared to prove the elements necessary to do so. This Court previously explained that: "Congress enacted the FAA to ensure that the courts uphold private arbitration agreements, and the FAA "provides the exclusive remedy for challenging conduct that taints an arbitration award" within the Act's coverage. *Decker v. Merrill Lynch, Pierce, Fenner & Smith*, 205 F.3d 906, 909 (6th Cir. 2000) (quoting *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982)).  Accordingly, where a suit is in substance no more than a collateral attack on the Award itself, it is governed by the provisions of the Act. *Corey*, 691 F.2d at 1211-13.  Under the FAA, an arbitrator's Award is binding on the parties "unless they challenge the validity of the underlying contract to arbitrate under section 2 of the FAA or seek to vacate, modify, or correct the award under sections 10 or 11." *Byrd v. Am. Arbitration Ass'n*, No. 2:12-cv-00638, 2013 U.S. Dist. LEXIS 43658, at *11 (S.D. Ohio Mar. 27, 2013).

The plaintiff must apply for an order from the district court where the Award was made to vacate the Award under section 2 of the FAA.  Under section 12 of the FAA, the movant seeking to vacate the Award must serve notice of the filing of the motion to vacate in the district court within three months after the Award was delivered.  Plaintiff concedes that the Award was delivered on January 25, 2019.  Plaintiff makes no claim of moving to vacate the Award under section 12 within three months of this date.  As such, he is estopped from now collaterally attacking what he could have sought to vacate under the FAA.

The result is no different under Ohio law, which provides for similar remedies:

> In any of the following cases, the court of common pleas shall make an order vacating the Award upon the application of any party to the arbitration if:
>
> (A) The Award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Ohio Rev. Code Ann. § 2711.10.  Plaintiff had three months under Ohio law to institute such an action.  Ohio Rev. Code Ann. § 2711.13.  Plaintiff's complaint is silent as to filing any such action.

**2.      Plaintiff's claims are barred as a collateral attack on the Award.**

As stated by this Court in *Byrd*, *supra*, at *13-14, "[plaintiff] maintains that … alleged wrongdoing tainted the arbitration proceedings resulting in an erroneous award against him.  But "where a party files a complaint in federal court seeking damages for an alleged wrongdoing that comprised an arbitration award and caused the party injury, it 'is no more, in substance, than an impermissible collateral attack on the award itself.'" *Decker*, 205 F.3d at 910 (quoting Corey, 691 F.2d at 1211-12)."

Here, despite the allegations of conspiracy, the gravamen of the plaintiff's allegations against Defendant Stanton is that the Award should have been in his favor.  He seeks damages flowing from the Award; thus, this action is an impermissible collateral attack on the Award.

3. **Defendant Stanton is entitled to arbitrable immunity.**

This Court in *Byrd* declared that "[a]rbitrators and the boards that sponsor arbitration are immune from civil liability for acts arising out of a contractually agreed-upon proceeding." *Byrd*, *supra*, at *14-16, citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1208-09 (6th Cir. 1982); *Int'l Union v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir. 1983); *Cort v. American Arbitration Ass'n*, 795 F. Supp. 970, 973 (N.D. Cal. 1992). Citing *Corey*, the Court stated that: "[b]ecause arbitrators are essential actors in furtherance of that policy, "arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." Finally, it noted that "arbitral immunity serves an important, two-fold purpose: to protect arbitrators from suit, and to ensure that there is a body of individuals willing to perform the service." *Citing Cort*, *supra*, 795 F. Supp. at 973.

This case is like *Arredondo v. Cty. of Nassau*, No. 11-CV-710 (JFB)(GRB), 2012 U.S. Dist. LEXIS 36156, at *42 (E.D.N.Y. Mar. 16, 2012), in which plaintiff made various allegations against the arbitrator as part of his § 1983 claim, including: (1) a conflict of interest based upon a failure to disclose a campaign contribution, and bias related to same; (2) delay in scheduling the hearing and an untimely award; (3) his decision was irrational and based on hearsay; and (4) intimidating behavior toward plaintiff at the hearing.

In *Arredondo,* the Court found that all "these alleged actions relate to acts within the scope of the arbitrator and, thus, are barred by the doctrine of absolute immunity. Moreover, with respect to any request for prospective relief, there is no allegation of a violation of a prior declaratory decree and, thus, no such relief is available under Section 1983." *Jacobs v. Mostow*, 271 F. App'x 85, 86 (2d Cir. 2008), citing *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)"

[w]hile absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree...."

4. **Defendant Stanton's only action within the statute of limitations is the issuance of the Award, which does not constitute action under the color of state law.**

The Award in this matter was delivered on January 25, 2019, the first day within the two-year look back statute of limitations as found by this court. In *Clay v. Nix*, No. 9:08-1371-MBS-GCK, 2008 U.S. Dist. LEXIS 124022, at *12 (D.S.C. Apr. 14, 2008), the court held that "Defendant Nix is subject to summary dismissal because his work as an Arbitrator does not constitute action under color of state law. *Weinraub v. Glen Rauch Securities, Inc.*, 399 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) (Arbitrator is not a state actor), affirmed, 180 Fed.Appx. 233, 2006 U.S. App. LEXIS 20695 (2nd Cir., May 9, 2006). "Private actions of an arbitrator are not undertaken under color of state law because the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court." *McDaniels v. City of Philadelphia*, 56 F. Supp. 2d 578, 580 (E.D. Pa.1999). See also, *Mathis v. Goldberg*, Civil Action No. DKC 12-1777, 2013 U.S. Dist. LEXIS 21081, at *20-21 (D. Md. Feb. 12, 2013) (Plaintiff's § 1983 procedural due process claims must be dismissed because a private arbitrator is not a state actor), *Singleton v. Pittsburgh Bd. Of Educ.*, No. 11-1431, 2012 U.S. Dist. LEXIS 132163, 2012 WL 4063174, at *6 (W.D.Pa. Aug. 24, 2012) (arbitrator is not state actor and dismissing § 1983 due process claims), *Weinraub v. Glen Rauch Sec., Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005) (dismissing § 1983 due process claims because arbitrators do not qualify as state actors), aff'd, 180 F. App'x 233 (2d Cir. 2006)).

**5.** **Plaintiff's conclusory conspiratorial allegations are insufficient to state a claim.**

Plaintiff seeks to hold Defendant Stanton, a private citizen acting as a neutral arbitrator, liable for a §1983 violation by alleging his participation in a conspiracy against the plaintiff. A civil conspiracy claim must include allegations of an agreement between two or more parties and a "concerted action to accomplish a criminal or unlawful purpose…" *Kerr v. Hurd,* 694 F. Supp. 2d 817, 832 (S.D. Ohio 2010); *see also Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 354 (6th Cir. 2000). A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir.2007). Conspiracy claims, however, must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Murphy v. Northwestern School Dist.*, N.D.Ohio No. 5:12 CV 2429, 2013 U.S. Dist. LEXIS 52283, at *20 (Apr. 9, 2013), citations omitted. Plaintiff's complaint fails to adequately allege facts sufficient to identify or allege any wrongdoing on Defendant Stanton's part.

Instead, the plaintiff's complaint alleges that Defendant Stanton, "a seasoned 30 plus year arbitrator with exceptional experience in labor contract and disputes" (Amended Complaint, Doc. 7, PAGEID # 87), was handpicked by Douglas Behringer of the Fraternal Order of Police to arbitrate and that Mr. Behringer assured the other defendants that "his friend David Stanton would take care of the problem with the plaintiff." *Id*. at # 82-83. Plaintiff asserts in a variety of formulations that the Award was not supported by the facts or applicable law, was selective in its findings, and was "to assist, Thomas P. Charles, John Born, Paul Pride, James Hogan, of the department of public safety, and [based on] his good friendships with Douglas Behringer, Cathy

Brockman, and Gwen Callender, to terminate and, retaliate against the plaintiff….» Amended Complaint, Doc. 7, PAGEID # 83.

Alternatively, plaintiff states that Defendant Stanton "clearly and with malice fashioned his award to fit the needs of [co-defendants] and did so for no other reason than to allow the defendants named herein to retaliate against the plaintiff." *Id*. at # 88.  In sum, the plaintiff alleges that "Dave Stanton was bought and paid for by the defendants." *Id*. at # 90.

As an initial matter, Defendant Stanton could not have conspired with Douglas Behringer, Cathy Brockman, and Gwen Callender (the "FOP Defendants") to retaliate against plaintiff to give rise to a § 1983 because they are not state actors.  *See, generally*, the FOP Defendants' motion to dismiss, Doc # 17.  While plaintiff's complaint appears to rely upon a claimed friendship between Defendant Stanton and the FOP defendants as an explanation as to why he would allegedly conspire with them, as previously explained by the FOP defendants, allegations of a "friendship" between individuals are insufficient to state a claim of conspiracy. Doc.  # 17, fn 6, *citing Lewis v. Locicero*, M.D.  La. No. 15-129, 2016 U.S. Dist. LEXIS 26140 *4 (M.D. La. Feb. 29, 2016), and *Barnes v. Timmons*, D.Colo. Civil Action No. 12-cv-01042-WJM-KMT, 2013 U.S. Dist. LEXIS 33937, at *9 (Mar. 12, 2013).

Nowhere within the amended complaint – as to any of the co-defendants -  are there any allegations of specific communications between Defendant Stanton and the other defendants in which they agree that he will disregard evidence, favor any party, allow any relationship to cause him to violate his duties as an arbitrator, any claims of money or consideration paid to Defendant Stanton for being "bought and paid for," or specific allegations as to his agreement to conspire to retaliate against the plaintiff.

Finally, the inadequacy of the plaintiff's complaint is brought into sharper focus, given that Defendant Stanton's last action in this matter was the issuance of the Award on January 25, 2019 – the first day of the two-year period at issue.  Specifically, this Court, in Report & Recommendation, Doc. 5, PAGEID # 73, limited the plaintiff's retaliation claim to events falling between January 25, 2019, and January 25, 2021.   The Award in this case was delivered on January 25, 2019.  There is no allegation of <u>any</u> action by Defendant Stanton occurring on any date following January 25, 2019, let alone an allegation that he engaged in a conspiracy to retaliate between January 26, 2019 and January 25, 2021.  Nor does the plaintiff allege that Defendant Stanton specifically engaged in a conspiracy with any of the co-defendants on January 25, 2019, let alone adequately allege facts sufficient to identify or allege any wrongdoing on Defendant Stanton's part on January 25, 2019.  Plaintiff's complaint falls woefully short of meeting his burden to state a claim against Defendant Stanton within the applicable timeframe.

**6.** **Defendant Stanton incorporates by reference the co-defendants' argument as to the plaintiff's failure to allege protected conduct.**

The FOP defendants, as well as defendants Charles, Born, Pride, Hogan, and Jackson, have fully briefed the proposition that the plaintiff's speech or expression did not qualify as protected conduct.  Defendant Stanton has no additional argument or citation to offer in support of this proposition and so instead simply incorporates the argument by reference.

## CONCLUSION

If this Court, upon review of the co-defendants' pending motions to dismiss, finds that plaintiff did not engage in protected conduct or finds that defendants Charles, Born, Pride, Hogan, and Jackson did not engage in retaliation, then the Court must dismiss the complaint against Defendant Stanton. Even if the Court reaches a contrary result on these two issues, it should still dismiss the complaint because the plaintiff's remedy was an action under the FAA or Ohio's analog statute, because the complaint is a collateral attack on the Award, because Defendant Stanton is entitled to arbitral immunity, because the Award is not an action taken under color of law, and because the complaint itself is deficient in that if offers naked assertions lacking any further factual enhancement sufficient to meet the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Wherefore**, Defendant Stanton respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint against him with prejudice pursuant to Rule 12(b)(6).

Dated: October 13, 2022

Respectfully submitted,

By: /s/ *Edward G. Hubbard*
    Edward G. Hubbard (0067784)
    WESTON HURD LLP
    101 E. Town St. - Suite 500
    Columbus, OH 43215
    614-280-1125 (direct)
    614-280-0200 (main)
    614-280-0204 (fax)
    ehubbard@westonhurd.com

*Trial Attorney for Defendant Stanton*

## LOCAL RULE 7.1(F) CERTIFICATION

In accordance with Local Rule 7.1(f) of the United States District Court for the Southern District of Ohio, I certify that this memorandum adheres to the 20-page limit for memoranda in support of dispositive motions for standard cases.

      /s/ *Edward G. Hubbard*
      *Counsel for Defendant Stanton*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, a copy of the foregoing *Motion to Dismiss* was served on the registered ECF participants electronically through the court's ECF System at the e-mail address registered with the Court and by regular mail to plaintiff *pro se*.

      /s/ *Edward G. Hubbard*
      Edward G. Hubbard (0067784)