IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

TIMOTHY GALES

    Plaintiff

v.

THOMAS P. CHARLES, et al

    Defendant,

CASE NO. 2:21-CV-328

Judge Michael Watson

Magistrate Judge KIMBERLY A. JOLSON

PLAINTIFF MOTION IN OPPOSITION TO DISMISS DAVID STANTON

---

Now comes plaintiff Timothy Gales pursuant to Civil Rule 6.1 (Extension of Time) and, in opposition of defendant counsel motion to extend filed September 29, 2022, in addition, further request motion to dismiss, be dismissed.

1. On September 7, 2022 the U.S. Marshall Services served the complaint on David Stanton. The noticed required David Stanton and/or his counsel to provide an answer within 21 days of service. However, Attorney Edward Hubbard is asking this court to believe that the defendant David Stanton, a seasoned attorney and arbitrator one who fully understand the importance and timeliness to file papers with the court timely has an unbelievable excuse. It appears that on the face of defendant counsel request to extend the 21 day period to file an answer, that once again, just is he had done when issuing the fraudulent arbitration award, David Stanton is using some form of

illness and/ injury as his reason not to answer the complaint under the 21 day requirement to respond.

2. On September 29, 2022, the defendant Dave Stanton retained counsel one day prior to the requirement to answer plaintiff complaint. (9-29-2022) As a season attorney I find his actions irresponsible and used solely for purpose to delay. Then, David Stanton and his counsel without leave of the court, filed his motion for extension of time. Plaintiff has opposed the September 29, 2022 motion.

3. On October 15, 2022 plaintiff received a copy of defendant David Stanton Motion to dismiss. The plaintiff opposed the dismissal as it relates to the David Stanton Counsel that plaintiff failed to state a claim for which relief could be granted. Defendants counsel made additional assertions referencing the plaintiff complaint. Attorney Hubbard believes the complaint falls under the Federal Arbitration act and further states that the plaintiff failed to act in a timely manner to challenge the fraudulent arbitration, award pursuant to FAA rule 10. and, the Ohio Revised Code 2711. The plaintiff asserts that evidence will support all administrative remedies were met to include requesting in Common Pleas Court, case No. (19 CVH-04-3311) The Tenth District Court of Appeal, to include the rejection by the Ohio Supreme Court due to the FOP refusal to enforce the original award or file for vacating the fraudulent award.

4. Counsel for the defendant David Stanton is attempting to change the narrative of the plaintiff complaint from 42 U.S.C 1983 to that of challenging an arbitration award in which the plaintiff lacks standings as a party to an agreement. The Plaintiff want to make clear that his complaint isn't the challenge of an arbitration award, under Federal

arbitration act (FAA) that would allow such challenge provided a party to the award was aggrieved by the misconduct of an arbitrator by which a court could vacate the award. The Plaintiff further states that his complaint isn't to attempt to vacate, or correct, or modify an award under R.C.    2711.10 2711.11 2711.13 OR 2711.09.

5. In addition, Counsel for David Stanton continues to refer to Federal Arbitration Act (FAA) pg.1 para (1) when he cites that the plaintiff claimed the award was in violation of said act. Even though the plaintiff agree that David Stanton issued an award in violation of the FAA and R.C. 2711.13, as stated by Counsel Hubbard section 10 of the FAA PERMITS A COURT TO VACATE AN AWARD PROCURED BY FRAUD, EVIDENT PARTIALITY, OR CORRUPTION IN THE ARBITRATORS, ARBITRATORS MISCONDUCT, OR WHEN, THE ARBITRATOR EXCEEDED HIS/HER POWERS, OR SO IMPERFECTLY EXECUTED THEM THAT A MUTUAL FINAL AND DEFINITE AWARD UPON SUBJECT MATTER SUBMITTED WAS NOT MADE.

6.The plaintiff points out that even though all of FAA section 10 noted above is true regarding the unlawfulness of David Stanton actions. The section applies only to the parties with a valid contract agreement for which an arbitrator can enforce. In the instant case before the court, the plaintiff is not a party to an agreement which would allow him to seek vacating an award under FAA Section 10 or FAA section 11 correcting an award. David Stanton was without any legal authority to conduct a second arbitration this also includes, acting in a complicit malicious manner. While relying upon an invalid contract agreement from which he formed his administrative decision when he delivered the illegal fraudulent award to the Ohio State Highway Patrol in violation of FAA rules, State Employee review Board (SERB) 4117 and,

R.C. 2711.

7. David Stanton violation undermines the integrity of arbitrations when he UNLAWFULLY used his arbitrator authority to step outside the jurisdiction of the American Arbitration Association (AAA) to engage into a conspiracy to deprive the plaintiff of his federal rights.(See Delaware Supreme Court Gulf LNG Energy LLC V. Eni USA Gas Marketing LLC). The court stated in part that, if, Eni had wished to clarify, amend or challenge the first arbitration it should have done so under the procedures in the FAA. At this point the court held such arbitral mulligans are forbidden by the FAA.

8. The court further pointed out that under section 11 of the FAA provides a court to modify or correct an award for material miscalculations when the award addresses a matter not submitted to arbitrations. The plaintiff has provided additional evidence to support the position that David Stanton actions were not to conduct a valid arbitration, his true intensions were to unlawfully act administratively as a Federal Judicial officer enforcing FAA Section 10 and Section FAA, 11, and by acting under Ohio Revised Code 2711.10 2711.11, 2711.13 while acting administratively as a Common Pleas Court Judicial Officer reviewing the aforementioned sections of law.

9. The actions taken by David Stanton against the plaintiff were not as an arbitrator, but as a Judicial officer impersonator. Arbitrator are forbidden to reexamine arbitration awards. Those duties are for judicial state and, federal judges. It should be noted, with the experience David Stanton Possess, he would be hard pressed to say that he had committed an error or mistake it was intentional.

10. David Stanton action were to cause severe harm to the plaintiff employment and mental state and to cause deprivation of the plaintiff rights.

11. Dave Stanton went through great length to violate the plaintiff rights to privacy, by issuing his own brand of industrial justice because the plaintiff refused to provide his personal Federal 2016- 2017 tax returns to Defendant state (OSP) employee's. David Stanton without any legal authority, severely disciplined the plaintiff while acting administratively as a judicial officer and his actions were in bad faith and fraudulent. The Ohio Supreme Court cited in case Housh v. Peth (1956 165 Ohio St. 35) One who intentionally intrudes, physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for the invasion of his privacy provided the motive was in bad faith or based on corruption. The supreme court of Ohio stated that if the plaintiff meets the two prong test (1), was the intrusion based on bad faith and (2) was the intrusion based or corruption. In the instant case before the court David Stanton illegal actions were not only Based on Corruption and bad faith. His actions were mean spirited and down right hateful to unlawfully use his arbitrator title and, apply his signature to an award as if he could lawfully to correct an award, modify an award, and/vacate an award. He simply could not by law

12. David Stanton actions were clearly an act of retaliation against the plaintiff and then provide named defendants in the complaint the decisions they sought from the Franklin County Common Pleas Courts who had refused to grant the vacating of the 2014 original arbitration award.

13. Now Defendant Stanton attorney is attempting redress his retaliation by claiming that the actions David Stanton took against the plaintiff was a legal action under the FAA. It is clear, David Stanton isn't a judicial officer of either the federal district court with whom FAA Section 10 and Section 11 can be enforced by a judicial officer, Nor, is David Stanton a County Common Pleas Officer where he can review original arbitration awards, David Stanton has violated state and federal laws for the sole reason to assist the defendants named herein to retaliate and deprive the plaintiff of his 33 years of state employment. David Stanton was bought and paid for by the defendants. David Stanton played his part of the scheme for defendants he now wants the court to believe he was acting as an arbitrator and not a judicial officer all acts committed by Stanton were the duties of an elected and/or presidential appointed federal judicial officer of the court. David Stanton operated outside that of an arbitrator and acted as a imposter judicial officer. Therefore as a private citizen U.S.C. 42 1983 is appropriate cause of action against David Stanton, by unlawfully assuming the position of a judicial officer of the court, to re- examining and reversing an original arbitration award for which he had no authority. ( See Texas Supreme Court The Altman Group Inc No. 17-0062 Jodie James Farms JV v. Laurie Diaz (3-20-2018)

14. Attorney Hubbard further believes with his filings with the court that arbitrators are immune from civil prosecution as a result of acting as arbiter of a dispute involving the parties, and that further David Stanton can't be held liable under 1983 as a private citizen. The plaintiff has suffered enormous harm at the hands of David Stanton who without authority engaged into an entanglement conspiracy with state actors to deprive the plaintiff of his First and Fourteenth Amendment

rights. The plaintiff provides an affidavit in support of his claims against David Stanton, who will be unable to defeat facts that he knew that the day he signed his contract with Collective Bargaining to redo an arbitration award, David Stanton at that time fully agreed to be private citizen who had the position and authority to engage into a corrupt act to violate the rights of the plaintiff his action were not a mistake Dave Stanton assumed his position with the scheme to overturn the decision of the common pleas courts and to reverse the decision of the original arbitrator by which he had no authority to do. His signature carried out the illegal retaliation for the defendants with state authority. Plaintiff is prepared to prove with direct evidence the illegal and arbitrary acts of David Stanton.

AFFIDAVIT IN SUPPORT OF PLAINTIFF 1983 CLAIMS AGAINST DAVID STANTON ARBITRATOR

15. The U.S.C. 42 1983 States as follows: Every Person under color of any ordinance, regulation, customs, or, usage of any state or territory or the District of Columbia, subjects or caused to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

16. The above statute doesn't provide an arbitrator immunity as Attorney Hubbard Suggest. 42 U.S.C. 1983 immunity under this section covers only the government not private parties.    David Stanton is a private party entangled with state actors to violate the rights of the plaintiff. He did just that.

17. The plaintiff will provide to the court, the context to David Stanton involvement while acting as a private citizen and, a licensed attorney in concert with state actors. The plaintiff would like to draw the attention to the court as it relates to David Stanton experience as an arbitrator. David Stanton is a full time Arbitrator, Mediator, Fact Finder and Consilliator since 1988. David Stanton experience includes the National Academy of Arbitrators, the Bar Association, (Labor and Law Section) Ohio State Bar Association (Labor and Law Section).Cincinnati Bar Association (Labor and Employment Section). David Stanton also teach in each of the aforementioned subjects. David Stanton has a very lengthy resume that clearly places him in the catorgory of an expert for the topic at hand. (See Attachment 1 Stanton resume).

18. The plaintiff will provide to the court direct details and misconduct and unlawful actions of defendant David Stanton Involvement to deprive plaintiff of his rights while cloaked with State of Ohio authority, which falls within the legal term of Joint activity by a private party Which transforms a private party into state actors where the sole purpose of the conspiracy and, collusion was to violate the federal rights of the Plaintiff. (Dennis v. Sparks) In one case, for example, Federal courts have held that private parties who conspired with a judge to fix cases acted under the color of law.

19. In the instant case before this court, David Stanton without a lawful reason, and while acting totally outside the scope of his arbitrator authority, acted in concert and collusion with state actors named herein whom each abused their state authority to fix an arbitration they lost on November 24, 2014 and conspired with the FOP and, David Stanton to reverse an original arbitrator award.

20. David Stanton committed the acts as a private citizen, while cloaked with state authority as an Ohio Licensed attorney and thus under color of state law. David Stanton acts were arbitrary and capricious, deliberate, evil and mean spirited with a total disregard for the rights of the plaintiff.

21. Defendant Stanton committed the acts while abusing his position duties as an arbitrator he swore to uphold and to remain neutral. However, Defendant Stanton, violated his oath for the sole purpose to conspire, and to entangle himself with state actors. A state action that the state government defendants had full control over the unlawful deprivation of rights against the plaintiff.

22. On or before June 9, 2018 David Stanton was contacted by the Fraternal Order of Police representative Douglas Behringer to redo an original arbitration award. Douglas Behringer with the approval of Gwen Callender and Cathy Brockman, knew he was violating the for second arbitration. But, selected his good buddy David Stanton because he was fully aware that the outcome sought by the defendants (state defendants) named herein would be accomplished through a fraudulent arbitration. David Stanton was fully aware when he accepted the appointment to arbitrate a confirmed award issued by the common pleas court that his actions were unlawful. As stated, David Stanton has 30 years of experience and used his experience to unlawfully violate his oath as an arbitrator, and to, deprive the plaintiff of his employment rights. David Stanton accepted the appointment and by doing so joined the conspiracy to injure the plaintiff with the state defendant and other private actors named herein. It was Defendant Stanton arbitration authority needed to complete the unlawful scheme and acts.

23. On September 10, 2018, Defendant David Stanton appeared at the Office of Collective Bargaining (a division of the Ohio Department of Administrative Services). The plaintiff being a well trained investigator knew early that something was wrong at the hearing. David Stanton opened the hearing in the presence of all listed at the hearing table, and stated the following: "I know I shouldn't be hearing this case" That was the first clue something bad is happening. Defendant Stanton second comments to the plaintiff and those attending the hearing. David Stanton stated," as soon as I get paid from this hearing, I will be immediately destroying all documents and evidence from the hearing". That threw up the red flag that this is a rogue arbitrator who is about to

commit unlawful acts against me for the defendants. The plaintiff knew at this point he was involved with a SHAM arbitration. Finally, Dave Stanton refused to use any form of electronic devices to record the testimony of witnesses. The plaintiff states to the court, that as a well trained investigator, a recording device is crucial when conducting interviews or taking statements a review of recorded testimony ensures that you have got it right when writing a report. The plaintiff states that David Stanton appeared to be doodling by writing in large circular motions as if he were capturing testimony from witnesses. However, he was writing down nothing on his writing tablets. 13. 9. David Stanton, could have very well advised the defendants that under the rules of arbitration and various state laws he couldn't redo an award already issued by a previous arbitrator. David Stanton was highly biased in the outset of the hearing, he refused to even say hello to the plaintiff. While requiring the two black males to leave the hearing room while he and the defendants conspired together on how to resolve removing the plaintiff from his 33 years of state employment and providing to John Born, Paul Pride and, Thomas Charles the results that they sought from the court but were denied. Vacating an award.

24. On January 25, 2019, David Stanton produced a second arbitration award, that he fully knew was in violation of the laws of Ohio and the Federal Arbitration Act. However, FAA is not a claim being made by the plaintiff. The plaintiff complaint simply demonstrates how the defendant used his position as an arbitrator, in violation of state and federal laws to assist state actors and FOP to violate the rights of the plaintiff. by HIS SELF IMPOSED JUDICIAL authority to reverse an original award and by reversing a confirmed award, and by doing so violated state and federal laws, ACTING OUTSIDE THE SCOPE OF HIS AUTHORITY,

David Stanton is not a judge.

25. The Plaintiff points out to court that in the defendant motion to dismiss on page one titled ARGUMENT.... The defendant attorney Hubbard is attempting to insert the complaint as a private arbitration agreement. First and foremost the defendants assertion must fail on its face. The Federal Arbitration Act for which defendant counsel refers to involves parties to an agreement. Plaintiff Timothy Gales avers that at no time was he a party to an agreement with defendant David Stanton, or the defendants named herein. Defendant Counsel points to remedy to challenge a tainted award is within the FAA act. The defendant counsel further assert interestingly that the plaintiff suit is nothing more than a collateral attack for losing at arbitration on the fraudulent award itself. It was the defendant David Stanton, issuance of a second award that was a direct collateral attack on the first award issued on November 24, 2014.

The Plaintiff directs the court to the actions of David Stanton

a. David Stanton accepted an assignment to redo an original award that he was fully aware had already been settled and confirmed by the courts in Ohio. Specifically, Franklin County

b. David Stanton an arbitration attorney is required to only arbitrate valid contracts and agreements. The award issued on January 25, 2019 was from an expired contract (2012 2015) for which the original award was issued from by E. William Lewis On November 24, 2014.

c. Common Pleas Court on May 19, 2016 confirmed the original award. David Stanton was very aware of the confirmation as he pointed out in his fraudulent award.

d. David Stanton interview of state witnesses who provided truthful testimony in favor of the plaintiff, OSP Lt. Chad Miller, and Joe Exstein their names were completely omitted from his fake report to allow him to reach the bias conclusion he signed off on January 25, 2019.

e. David Stanton acted in the capacity of a judge by reviewing and changing the outcome of an original award issued by a different by a different arbitrator. Second arbitration in Ohio and around the country. The award issued on November 24, 2014 was not a continuing one it had met it end. Therefore David Stanton set aside a binding award for the defendants he finalized the retaliation by use of his signature on a fraudulent award.

26. Ohio Fourth District Appeals court in City of Athens v. Fraternal Order of Police. The court pointed out that even a single submission to an arbitrator from an original award is a nullity. in, addition the Ohio Tenth District Appeals Court defined it best as to why second arbitration award are not legal in Ohio and why arbitrator are not permitted to redo an award. The courts cited in Ohio Civil Service v. Office of Collective Bargaining that, arbitrator are not judicial officers of the court to review or redo an original arbitrator award, because of the sporadic behavior and influence of outside sources that could influence the evil of a second award and provide a different outcome.

27.This act is exactly what David Stanton engaged into with the state actors an unlawful arbitration while acting as a judicial officer of the court while using his authority to deprive the plaintiff of his property rights through his signature of a fraudulent outdated expired contract arbitration award. David Stanton will be hard pressed in trying to convince the court that his unlawful conduct falls under the Federal

Arbitration act. When the unlawful actions he took violated the federal rights of the plaintiff and he did so as a private citizen who engaged himself in an entanglement with state actors who only mission was to abused their state authority to violate the federal rights of the plaintiff.

28. The defendant Dave Stanton Counsel continues to point to section 2 of the FAA. by stating that, section 12 provides the movant remedy to vacate an award, and that notice must be served within 90 days in district court after the award is delivered. The narrative that counsel Hubbard is attempting to convey to the courts is an improper narrative. As stated earlier, the plaintiff claim against David Stanton is a violation of U.S.C. 1983. Not, FAA section 12 which provides for vacating an award. In, addition the plaintiff is fully aware that, only parties to an agreement and the award may file actions to vacate in district courts, the plaintiff isn't a party to an agreement. The plaintiff states that defendant counsel paragraph 2 of page (two), motion should be considered moot by the court as the plaintiff isn't a party to the award (see Leon v. Boardman 100 Ohio St 3rd 335 (2003). And, further plaintiff did make attempt to vacate the fraudulent out of date award as required by R.C. 2711.13 within the 90 days period. Based on the collusion of defendants, (FOP) refusal to file for vacating the award due to their conspiracy entanglement with state actors to deprive the plaintiff of his federal rights. (see attachment 2 FOP letter to plaintiff).

29. The illegal acts committed by Defendant David Stanton is based on pure hatred he had for the plaintiff and had nothing to do with FAA Section 12. David Stanton used his position as an arbitrator to not only deprive the plaintiff of his rights bur to receive a substantial monetary benefit from the defendants for which he conspired with and assured the defendant that, he would finalize the termination with a fully

fraudulent award from an expired 2012 2015 contract agreement between the state of Ohio and the Fraternal Order of Police.

30. On January 25, 2019, David Stanton with malice and hatred submitted an award to the Ohio State Highway Patrol. As the plaintiff pointed out to the court David Stanton has over 30 years of experience and he should have known the Ohio State Patrol wasn't a party to an agreement between the Ohio Office of Collective Bargaining and the fraternal order of police.

(a). The plaintiff 2012 2015 Contract Agreement entered into on July 1, 2012 and concluded June 30, 2015 (see attachment 3 cover page of 2012 2015 contract. States as follows:

31.    ARTICLE 1 AGREEMENT: This agreement is made and entered into by and between the state of Ohio Office of Collective Bargaining hereinafter referred as the "State or employer" and the Ohio Fraternal Order of Police, Ohio Labor Counsel Inc. hereinafter referred to as" Labor Counsel or FOP". There is absolutely no language in the agreement that remotely acknowledge the Ohio State Patrol as a party to the agreement. In addition, the plaintiff isn't by law an employee of the Ohio State Patrol. R.C. 5502.14 makes it very clear. It cites the Director of Public Safety as the appointing authority for Enforcement Agents for the Ohio Investigative Unit. R.C. 5503.01 Makes very clear that the Superintendent of the Ohio State Patrol may employ troopers, radio personnel and dispatchers the Ohio General Assembly past no laws attaching the Ohio Investigative Unit to the Patrol or to an agreement with the fraternal order of police.

32. However, Defendant David Stanton an experience arbitrator fashioned and issued a fraudulent fully biased award to State Defendants, namely James Hogan, in house counsel for Public Safety, Paul Pride, Superintendent of the Ohio State Patrol, John Born Director of the Department of Public Safety. The very defendants who abused their authority by re-firing the plaintiff at the request of Thomas P. Charles, for filing complaints against each of them to include civil lawsuits in federal and state court. Dave Stanton was bought and and paid for the day he agreed to conspire with the state defendants as an actor to use his powerful position as an arbitrator and knowing that his signature would change the long drawn out battle between the plaintiff and the state who themselves had a high degree of hatred against the plaintiff.

33. The defendant position is that the plaintiff complaint fails to state claim. The claim that the defendant Stanton counsel is referring to would be a claim under the Federal Arbitration Act one for which the plaintiff isn't seeking. The narrative being presented by plaintiff counsel is that plaintiff failed to file application to vacate an award. Plaintiff concedes to the court that it's was not then nor is now the plaintiff desire to pursue vacating an award either under the Federal Arbitration Act Section 10 or The Ohio arbitration Act R.C. 2711.01. To further answer the defendant request for dismissal courts have stated that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" O'Brien v. University Comm. Tennants Union, 42, Ohio St.2nd 242,245, (1975) quoting Conley v. Gibson, 365, U.S. 41,45, (1957).

34. The Plaintiff stands ready to prove each and every fact to the court to include the plaintiff illegal termination from his 33 years career as a state employee by the unlawful and "EVIL", actions of David Stanton who, on January 25, 2019 possessed no authority to redo an arbitration award to reverse court decisions for the defendants named herein.

35. In addition, the plaintiff stands ready to show each Federal law and state law and well- defined public policies violated by David Stanton to carry out his unlawful and fraudulent acts for which he possessed no legal authority to do. Now, the defendant David Stanton counsel is attempting to dress up the wrongful actions of David Stanton by attempting to restyle his actions, as if he were conducting an official valid arbitration for his co- conspirators from a valid contract. The Plaintiff states to court he was not.

36. David Stanton was bought and paid for and has by his actions has stained the profession of arbitration, by violating his oath to be neutral and unbiased, and, further by engaging in a pattern of corrupt activity with the state defendants and FOP and by doing so, David Stanton cloaked himself with state authority while he deprived the plaintiff of his employment rights. the Plaintiff under state and federal employment laws has the right to file complaints without retaliation and, without deprivation through complicit acts. Defendant David Stanton operated outside the scope of his authority as an arbitrator, and had no legal authority whether from law or contract to violate the original award or violate the written decisions of the Common Pleas and Appeal Courts. David Stanton must be held accountable and liable for his actions.

37. Conclusion:

The plaintiff asked the court to dismiss the motion of the defendant counsel David Stanton in its entirety. The plaintiff further requested the court to sanction the defendant David Stanton for abusing the court to delay actions by not filing a timely answer whether by motion or the answer itself. The plaintiff asked this court to order each defendant to answer the complaint of the plaintiff so that the court can discern the magnitude of the deprivation incurred by the plaintiff. David Stanton arbitrator has never taken the career of a 33 year employee whether state or private. However, because of the plaintiff race (black) and the hatred which flow from the veins of the FOP, and his good friend Douglas Behringer, as well as Thomas P. Charles, John Born, and, Paul Pride Defendant Stanton had no problem joining the good old boy club to show the plaintiff how they conspire and stick together while violating rights of those they don't agree with. Dave Stanton through his fraudulent award deprived the plaintiff of his retirement, health care, and employment of 33 years. He stole my life.

38. The claims made are not claims under the Federal Arbitration Act (FAA) as defendant counsel would want this court to believe and for which the plaintiff concedes he hasn't stated a claim against the defendants related to (FAA) or R.C. 2711.

39. The plaintiff complaint is referencing deprivation of rights. The plaintiff states that this court has jurisdiction for 42 U.S.C. 1983 and that the complaint alleged action is properly titled and, that plaintiff stands ready to prove all facts with real evidence to the court. Finally, the defendant attorney, Hubbard is attempting to twist the facts of his client David Stanton unlawful and illegal arbitration award, by claiming

the plaintiff is simply using the federal court to get a second bite at an award unlawfully issued to non signatories to a valid contract agreement specifically the Ohio State Patrol, for which attorney Hubbard described as a collateral attack by the plaintiff, as if David Stanton has issued an original valid award to the parties per their agreement, he did not.

40. The truth is, the plaintiff did receive an unlawful second award from David Stanton, which has been well settled in courts around the country has stated second awards are a collateral attack on the original award. (attachment 3 Delaware Supreme Court ruling). So, it is the plaintiff who has suffered an unlawful collateral attack by defendant David Stanton, and not, David Stanton incurring a collateral attack by the plaintiff.

41. David Stanton and his Counsel Mr. Hubbard will be unable to defeat the facts presented by the plaintiff, who stands ready to defend his claims before a jury who will and can make the final decision for which defendants truly doesn't want to see occur. Plaintiff request the court to order defendants to provide an answer and not attempt to hide behind the cover of a 12 b dismissal. and, that 42. U.S.C. doesn't provide for immunity for private citizens violating federal rights to include arbitrators.

42. The plaintiff states to the court that, David Stanton used his arbitrator authority unlawfully to conspire with state actors, and FOP, as such he signed off to fire the plaintiff and prevented the plaintiff from retiring that is about as mean of an act any arbitrator would do to a 33 years employee. Then to mask his wrongdoing in the fraudulent award issued he writes in his award that the plaintiff had just 21 years

of state employment, he knew early on that was a lie, he was very aware that the plaintiff had 33 years of state employment.

43. For David Stanton to place the plaintiff with just 21 years of employment. Most certainly took conversation from other named co-conspirators to help draw the 21year conclusion. The group as a whole developed 21 years for Stanton so that he could feel comfortable terminating 21 years employee vs. terminating a 33 years employee which clearly would shock the senses of any normal citizen.

44. The state cloaked David Stanton with state authority to discipline the plaintiff and to violate the federal rights of the plaintiff thereby operating outside of his authority as an arbitrator and assumed his duty to deprive the plaintiff from the state while under the color of state badge and law. David Stanton is a ROGUE ARBITRATOR and shouldn't be protected by the court, under the presumption his unlawful actions occurred under the federal arbitration act as suggested by his counsel Hubbard. David Stanton actions were outside the scope of his authority and as such forfeited his rights to any form of immunity when acted maliciously, in bad faith while performing duties far outside that of an arbitrator.

45. The courts have shielded arbitrators who have issued awards from valid agreements acting out their quasi judicial duties. However, courts in California and, Texas have refused to grant arbitrators complete immunity when he/she acts outside the scope of a contract agreement. The Texas Court in (case No. 17-0062 Jodi Farms v. Laurie Diaz) Made clear arbitrator have no authority under an invalid agreement and any award is unenforceable.

Timothy Gales pro se,

710 Glendower Avenue

Columbus, Ohio, 43207

tgales37@gmail.com

614 376 9346

## CERTIFICATE OF SERVICE

I Timothy Gales certify that on or before October 21,/28, 2022 that a true copy of the opposition to dismiss was mailed via U.S mail to Weston Hurder LLP attorney at law. Attention: Edward G. Hubbard 101 East Town Street Columbus, Ohio 43215.

Timothy Gales

710 Glendower Avenue

Columbus Ohio 43207

tgales 37 @gmail .com