**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY GALES,** | : | |
| Plaintiff, | : | CASE NO. 2:21-CV-00328 |
| v. | : | JUDGE MICHAEL H. WATSON |
| **THOMAS P. CHARLES**, *et al.*, | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.    Introduction**

Plaintiff Timothy Gales has opposed the Motion to Dismiss filed by Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson, but Gales has failed to cite to any evidence in the record or legal authority to show why this court should deny Defendants' motion.  It appears that Gales called Defendant Charles a racist in 2011–although Gales provides no context for where or how he made this alleged statement–and alleges Defendants Charles, Born, Pride, Hogan, and Jackson spent nearly a decade conspiring with the other named defendants in this lawsuit on an insidious plot that ultimately resulted in the termination of Gales' employment with the Ohio Department of Public Safety ("DPS") on March 20, 2018. Additionally, Gales focuses on an arbitration that took place on September 10, 2018, which he claims was fraudulent, and many other alleged occurrences that took place more than two years before he filed the above-captioned lawsuit.

Gales, ostensibly, seeks to vacate the decision issued by the arbitrator following the September 10, 2018 arbitration, even though this Court lacks jurisdiction over such a claim, and Gales lacks standing to bring such a claim.  *See* R.C. §2711.13; *Gales v. Ohio Dep't of Public*

*Safety*, No. 19AP-720, 2021-Ohio-216, 2021 Ohio App. LEXIS 226 (Jan. 28, 2021).  Gales fails to point to any evidence or authority to show that (1) Defendants Charles, Born, Pride, Hogan, and Jackson were actually aware of Gales' alleged protected speech in 2011, (2) they actually took a retaliatory action against him within the two years before he filed this lawsuit, or (3) that there is any connection between his alleged protected speech and the myriad of things he alleges happened to him between 2013 and 2018.

Accordingly, Gales has failed to properly rebut any of the arguments set forth in the Motion to Dismiss filed by Defendants Charles, Born, Pride, Hogan, and Jackson, and this Court should grant their motion and dismiss them as parties.

**II.     Law and Argument**

    **A.     Gales devotes a significant portion of his oppositional memorandum arguing about matters that have already been dismissed or are untimely.**

The bulk of Gales' oppositional memorandum is spent making unsupported conclusory assertions that he has been the victim of a massive conspiracy, and his rights have been violated under the Fourteenth Amendment of the Constitution.  However, this Court previously dismissed Gales' claims for conspiracy and Fourteen Amendment claims.  (Order, Doc. 6, PAGEID # 78). Similarly, Gales devotes considerable time to discussing events that are untimely.  It is well settled that any claims Gales seeks to bring pursuant to § 1983 are governed by a two-year statute of limitations.  *Ruiz-Bueno v. Maxim Healthcare Servs.*, No. 2:14-cv-2548, 2015 U.S. Dist. LEXIS 77115, * 7 (S.D. Ohio June 15, 2015).  This Court even explained as much to Gales, "Plaintiff is **ORDERED** to file an amended Complaint. . . that includes specific factual allegations of retaliation which occurred within the past two years." (Report & Recommendation, Doc. 5, PAGEID # 73).  Nonetheless, Gales' oppositional memorandum primarily focuses on events that occurred in 2018 or before, which are more than two years

before Gales initiated the above-captioned action on January 25, 2021, and are, therefore, untimely.

### B. Gales fails to establish proper service on Defendant Born.

Gales argues that he perfected service on Defendant John Born because the "Attorney General accepted service for John Born and thus became his process server to receive the complaint." (Memo in Opp. to MTD, Doc. # 26, PAGEID # 307). Notably, Gales does not cite to any evidence that the undersigned counsel agreed to accept service on behalf of Defendant Born, and that is because no such evidence exists. The undersigned counsel never agreed to accept service on behalf of Defendant John Born, nor has Gales had any discussion with the undersigned counsel regarding service of his Complaint on any of the named Defendants.[1] Thus, Gales has failed to properly serve Defendant Born. *See Bonds v. Berne Union Local Sch.*, No. 2:20-cv-5367, 2022 U.S. Dist. LEXIS 171296, at * 8-9 (N.D. Ohio, Sep. 21, 2022) (Dismissing, for lack of jurisdiction, where plaintiff failed to obtain home or work address for individual defendants.).

Gales also claim that he requested Defendant Born's home address through a public records request to DPS, but DPS told him that Defendant Born's home address was not a public record. (Memo in Opp. to MTD, Doc. # 26, PAGEID # 306). However, to the extent that Gales seeks to challenge the response to his public records request, this Court lacks jurisdiction over such a claim. *See* R.C. § 149.43(C); *Bonds*, 2022 U.S. Dist. LEXIS 171296, at * 27-28, (Dismissing, for lack of jurisdiction, claim brought against the State of Ohio for an alleged failure to provide public records under Ohio law.).

Accordingly, Gales failed to establish that he properly served Defendant Born, and he

---

[1] Gales did leave a message for the undersigned counsel to call him, but when the undersigned counsel called the number Gales provided, it was disconnected. The undersigned counsel also reached out to Gales via email, but Gales never responded to the email.

should be dismissed as a party.

### C. Gales fails to set forth a timely claim of First Amendment Retaliation.

As set forth above, Gales dedicates the majority of his oppositional memorandum arguing about alleged events that occurred more than two years before he initiated this lawsuit. The two events that appear to have occurred in the two years before Gales initiated this action are the issuance of a written decision on January 25, 2019 concerning the arbitration Gales attended on September 10, 2018, and the alleged posting of this arbitration decision on an employee portal on or about January 29, 2019. However, as Defendants argued in their motion, Gales' Complaint is devoid of any facts that suggest they took part in writing the decision issued by the arbitrator on January 25, 2019. Similarly, Gales' Complaint contains no facts showing that Defendant Pride was responsible for having the arbitration decision allegedly posted on an employee portal. In his oppositional memorandum, Gales does not contest that his Complaint is devoid of these necessary facts. With respect to the alleged posting of the arbitration decision on an employee portal, Gales concedes he did not even see it first hand, and he cannot say who posted it or why. (Memo in Opp. to MTD, Doc. # 26, PAGEID # 324). Nevertheless, he assumes that Defendant Pride had a role in posting it simply because "[t]he superintendent of the Patrol Paul Pride, is responsible for the operations and functions within the division of the patrol." *Id*. Gales' speculation is not enough to allow this Court to draw a reasonable inference that Defendant Pride or Defendants Charles, Born, Hogan, and Jackson (who was not even employed by DPS) had anything to do with this alleged posting, or that this alleged posting in 2019 was somehow connected to Gales allegedly calling Charles a racist in 2011.

Therefore, Gales did not refute Defendants argument that he has failed to state a claim upon which relief can be granted because his Complaint contains nothing more than improper,

conclusory assertions.

### III. CONCLUSION

For the foregoing reasons and those articulated in Defendants' Motion to Dismiss, Defendants Charles, Born, Pride, Hogan, and Jackson, respectfully requests that all of Plaintiff Timothy Gales' claims for First Amendment Retaliation be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Timothy M. Miller*

TIMOTHY M. MILLER (0079064)
*Trial Counsel*
Senior Assistant Attorney General
Court of Claims
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 466-7447 – Telephone
(614) 644-9185 – Facsimile
Timothy.Miller@OhioAGO.gov

CATHLEEN B. SLATER (0066088)
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
elsreview@ohioattorneygeneral.gov

*Counsel for Defendants Thomas P. Charles, John Born, Paul Pride, James Hogan, and Cullen Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2022, a true and accurate copy of the foregoing *Defendants' Reply Brief in Support of Motion to Dismiss* was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  In addition, service was made by ordinary U.S. Mail, postage prepaid to Timothy Gales, 710 Glendower Avenue, Columbus, Ohio 43207.

*/s/ Timothy M. Miller*

TIMOTHY M. MILLER (0079064)
*Trial Counsel*
Senior Assistant Attorney General