# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

TIMOTHY GALES,

    Plaintiff,                                    CASE NO. 2:21-CV-328

v.                                             JUDGE MICHAEL H. WATSON

THOMAS P. CHARLES, *et al.*,          MAGISTRATE JUDGE
                                                        KIMBERLY A. JOLSON

    Defendant.

## DEFENDANT DAVID STANTON'S MOTION TO STRIKE

Now comes Defendant David Stanton and submits his motion to strike PAGEID #: 409-418 of Plaintiff Timothy Gale's motion in opposition [Doc # 29] and exhibits thereto. A memorandum in support is attached hereto and incorporated by reference.

Dated: November 4, 2022                      Respectfully submitted,

                                                        By: /s/ Edward G. Hubbard
                                                              Edward G. Hubbard (0067784)
                                                              WESTON HURD LLP
                                                              101 E. Town St. - Suite 500
                                                              Columbus, OH 43215
                                                              614-280-1125 (direct)
                                                              614-280-0200 (main)
                                                              614-280-0204 (fax)
                                                              ehubbard@westonhurd.com

                                                          *Trial Attorney for David Stanton*

**MEMORANDUM IN SUPPORT OF THE MOTION TO STRIKE**

Plaintiff's motion in opposition to Defendant Stanton's motion to dismiss contains the following caption at the top of PAGEID # 409: "AFFIDAVIT IN SUPPORT OF PLAINTIFF 1983 CLAIMS AGAINST DAVID STANTON ARBITRATOR." Doc # 29.  The next section caption is on PAGEID # 419: "Conclusion." PAGEID # 409-418 appears to be the plaintiff's attempt to create new, revised, or restated allegations before the Court by means of an "affidavit" to avoid judgment on the amended complaint.

This Court in *Dmax, Ltd., LLC v. United States Dep't of Homeland Sec.*, No. 3:17-cv-00429, 2019 U.S. Dist. LEXIS 2540, at *2 (S.D. Ohio Jan. 7, 2019) notes that although "the court primarily considers the allegations in the complaint..., matters of public record, orders, items appearing in the record of the case, and exhibits attached to the **complaint**, also may be taken into account." Citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation and emphasis omitted in original, emphasis added here).  This modest expansion of certain materials subject to consideration in addition to allegations within the complaint does not encompass consideration of affidavits submitted in support of a **memorandum in opposition** to a motion to dismiss.

In *La Fond v. NetJets Inc.*, No. 2:17-cv-526, 2018 U.S. Dist. LEXIS 155117, at *6-7 (S.D. Ohio Sep. 12, 2018), the court addressed the defendant's motion to strike plaintiff's affidavit in support of her response to defendant's motion to dismiss.  The court held that "Here, the affidavit is neither attached to the Complaint nor referred to by the Complaint.  The Motion to Strike is therefore GRANTED and the Court shall STRIKE the affidavit." Document citations omitted.

Further, the plaintiff fails to either notarize his proffered affidavit or make the necessary declaration under 28 U.S.C. § 1746 that the contents were made under penalty of perjury. Thus, even if the Court were inclined to look beyond the allegations of the complaint, the plaintiff fails to put any competent evidence before the Court utilizing the "affidavit" because it fails as both an affidavit and a declaration. As a result, the Court should strike PAGEID # 409-418 of the plaintiff's memorandum in opposition and disregard any argument found within or based upon these pages.

Further, the plaintiff attaches the following exhibits to his memorandum: a law firm client alert (Doc #: 29-1, PAGEID #: 427), a letter from the FOP dated April 9, 2019 (Doc #: 29-1, PAGEID #: 429), portions of a pocket copy of the 2012-2015 State of Ohio-FOP agreement (Doc #: 29-1, PAGEID #: 433), and Defendant's resume ( Doc #: 29-1, PAGEID #: 435). Of these materials, only the first page of the FOP letter is also found attached to the amended complaint, designated Exhibit A-1. Doc #: 7-1, PAGEID #: 98. Because the remainder of these exhibits were not attached to the complaint, the Court should likewise strike them (other than PAGEID #: 427) and disregard any argument premised upon them.

**Wherefore**, Defendant Stanton respectfully requests that the Court strike the "affidavit" and exhibits as set forth above.

Dated: November 4, 2022                      Respectfully submitted,

                                                                By:  /s/ Edward G. Hubbard
                                                                    Edward G. Hubbard (0067784)
                                                                    WESTON HURD LLP
                                                                    101 E. Town St. - Suite 500
                                                                    Columbus, OH 43215
                                                                    614-280-1125 (direct)
                                                                    614-280-0200 (main)
                                                                    614-280-0204 (fax)
                                                                    ehubbard@westonhurd.com
                                                                    *Trial Attorney for Defendant Stanton*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, a copy of this *Motion to Strike* was served on the registered ECF participants electronically through the court's ECF System at the e-mail address registered with the Court and by e-mail to plaintiff *pro se*.

      /s/ Edward G. Hubbard
      Edward G. Hubbard (0067784)