# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

TIMOTHY GALES,

    **Plaintiff,**                                  CASE NO. 2:21-CV-328

v.                                            JUDGE MICHAEL H. WATSON

THOMAS P. CHARLES, *et al.*,            MAGISTRATE JUDGE
                                                      KIMBERLY A. JOLSON

    **Defendant.**

## DEFENDANT DAVID STANTON'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

      Now comes Defendant David Stanton and submits his reply to the plaintiff's motion in opposition (Doc # 29) to Defendant Stanton's motion to dismiss (Doc # 25) plaintiff's amended complaint. Doc # 7. Doc # 29 also appears to contest the Court's granting the defendant an extension of time to move or plead to the complaint under the local rules; however, given the matter is moot, the defendant will not address that line of argument here. A memorandum in support is attached hereto and incorporated by reference.

Dated: November 4, 2022                  Respectfully submitted,

                                                By:  /s/ Edward G. Hubbard
                                                          Edward G. Hubbard (0067784)
                                                          WESTON HURD LLP
                                                          101 E. Town St. - Suite 500
                                                          Columbus, OH 43215
                                                          614-280-1125 (direct)
                                                          614-280-0200 (main)
                                                          614-280-0204 (fax)
                                                          ehubbard@westonhurd.com

                                                         *Trial Attorney for David Stanton*

## DEFENDANT STANTON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

1. **Plaintiff fails to respond to Defendant Stanton's statute of limitations argument and fails to allege a cognizable argument that Defendant Stanton acted under color of state law.**

Defendant established that his only action within the two-year look-back statute of limitations found by this Court was the delivery of the arbitration award on the first day of that period.  Defendant provided numerous citations in support to argue that his work as an Arbitrator in delivering that decision does not constitute action under color of state law.

In response, the plaintiff continues to make allegations outside of the statute of limitations, such as "Dave Stanton assumed his position with the scheme to overturn the decision of the common pleas courts…." PAGEID #: 408.  Plaintiff does not rebut the numerous citations standing for the proposition that an arbitrator does not act under color of law – but instead simply makes a desultory claim that "David Stanton committed the acts as a private citizen, while cloaked with state authority as an Ohio Licensed attorney and thus under color of state law," PAGEID #: 410.  But this argument is comprehensively rejected by *James v. Mann*, No. 99-CV-73674-DT, 1999 U.S. Dist. LEXIS 14734, at *3-4 (E.D. Mich. Aug. 25, 1999): "A lawyer does not act under the color of state law merely because he or she is a member of a state bar association." (*citing Wolfe v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984)).  And: "[a]n attorney's status as an officer of the court does not make that attorney an officer of the state for the purposes of an action under 42 U.S.C. § 1983." *Citing Kregger v. Posner*, 248 F. Supp. 804, 806 (E.D. Mich. 1966).

**2. In response to a challenge as to the lack of specific, actionable allegations, the plaintiff merely reiterates his conclusory conspiratorial allegations.**

Plaintiffs must plead conspiracy claims with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Murphy v. Northwestern School Dist.*, N.D.Ohio No. 5:12 CV 2429, 2013 U.S. Dist. LEXIS 52283, at *20 (Apr. 9, 2013), citations omitted. Defendant asserted that the plaintiff's amended complaint (Doc # 7) failed to adequately allege facts sufficient to identify or allege any wrongdoing on Defendant Stanton's part. Plaintiff's obligation in his memorandum is to disprove the assertion. He does not. Instead of pointing to sufficient allegations within the complaint, he simply offers a new slate of rephrased allegations within this memorandum and "affidavit."[1] Still, even if the Court were to consider such new claims, the entirety of Doc # 29 fails to put forth factual allegations sufficient to state a claim – instead again relying on generic, circular assertions such as the defendant "engaged into an entanglement conspiracy," (PAGEID #: 407) "was bought and paid for," (*Id*.) "actions were clearly an act of retaliation," (PAGEID #: 406) and "actions were not only based on corruption and bad faith." *Id*.

Further, the plaintiff fails to rebut the assertion that Defendant Stanton could not have conspired with Douglas Behringer, Cathy Brockman, and Gwen Callender (the "FOP Defendants") to retaliate against the plaintiff to give rise to a § 1983 because they are not state actors. Nor does he dispute the cited cases standing for the proposition that a claim of friendship is insufficient to state a claim of conspiracy.

Finally, the plaintiff's memorandum fails to establish that his amended complaint alleged that Defendant Stanton specifically engaged in a conspiracy with any of the co-defendants on

---

[1] Defendant Stanton is filing a separate motion to strike the "affidavit" and the exhibits to Doc # 29.

January 25, 2019, let alone demonstrate that he adequately alleged facts sufficient to identify or allege any wrongdoing on Defendant Stanton's part on January 25, 2019.

3. **<u>Plaintiff failed to respond to the incorporated argument that his complaint failed to state a claim of protected conduct.</u>**

Defendant Stanton's motion to dismiss incorporated the co-defendants' argument that the plaintiff's speech or expression, as described in his amended complaint, did not qualify as protected conduct. Plaintiff failed to respond directly or by reincorporation of his arguments made elsewhere and waived any objection to this argument.

4. **<u>Plaintiff fails to rebut Defendant Stanton's entitlement to arbitrable immunity.</u>**

Plaintiff attempts to avoid this immunity through his affidavit. This is not permitted. Further, the plaintiff's affidavit at p. 8 presupposes that the defendant argues that 42 U.S.C. §1983 is the statutory authority providing arbitrable immunity. This is incorrect. The best example is *Byrd v. Am. Arbitration Ass'n*, No. 2:12-cv-00638, 2013 U.S. Dist. LEXIS 43658 (S.D. Ohio Mar. 27, 2013). *Byrd*, extensively cited in defendant's motion, addresses a dispute arising from the interpretation of a promissory note and security agreement – not §1983. While it is true that the defendant cited §1983 cases in which the arbitrator was immune, he did so not as the basis for the claim to immunity. Instead, the defendant cites such cases to demonstrate that there was no exception to this broad immunity doctrine within §1983 suits.

5. **<u>Plaintiff's amended complaint alleges violations of the Federal Arbitration Act as the basis for his retaliation claim against the defendant.</u>**

Plaintiff alleges that "….section 10 of the federal arbitration act allows courts to set aside awards by arbitrators who have committed fraud, evidence of partiality, misconduct by the arbitrator, and arbitrator exceeding his authority. The plaintiff is prepared to prove each element against the arbitrator that demonstrates his January 25, 2019 award was procured by fraud,

misconduct, partiality…. to assist, Thomas P. Charles, John Born, Paul Pride, James Hogan, of the department of public safety, and his good friendships with Douglas Behringer, Cathy Brockman, and Gwen Callender, to terminate and, retaliate against the plaintiff for his protected speech, under the First Amendment of the constitution." PAGEID #: 406

That is, plaintiff alleges that the defendant's actions assisting others in the retaliation against the plaintiff are such that the plaintiff is entitled and prepared to prove that the Award should be set aside under the Federal Arbitration Act ("FAA").  But the existence of a §1983 claim premised on an award in violation of the FAA standards does not allow the plaintiff to opt out of the FAA to pursue a claim upon identical facts alleged under a different legal mechanism – any more than a medical malpractice claimant can opt out of the one-year medical negligence statute to allege a breach of contract by the medical provider for inadequate medical care four years later.  As this Court explained, "Congress enacted the FAA to ensure that the courts uphold private arbitration agreements, and the FAA "**provides the exclusive remedy for challenging conduct that taints an arbitration award**" within the Act's coverage.  *Decker v. Merrill Lynch, Pierce, Fenner & Smith*, 205 F.3d 906, 909 (6th Cir. 2000) (quoting *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982)).  Emphasis added.  Part of the purpose of the FAA is fostering an efficient method of resolution – including requiring parties to bring any challenges to the Award on a timely basis to allow the parties a short and sure adoption of the Award.  Here, the plaintiff's §1983 retaliation complaint, first filed two years after the Award - premised entirely upon an Award that the plaintiff asserts should be set aside - is an FAA complaint filed too late.

**6.** **Plaintiff's claims are barred as a collateral attack on the Award.**

As stated by this Court in *Byrd*, *supra*, at *13-14, "[plaintiff] maintains that … alleged wrongdoing tainted the arbitration proceedings resulting in an erroneous award against him. But 'where a party files a complaint in federal court seeking damages for an alleged wrongdoing that comprised an arbitration award and caused the party injury, it is no more, in substance, than an impermissible collateral attack on the award itself.'" *Decker*, 205 F.3d at 910 (quoting Corey, 691 F.2d at 1211-12)."

As stated above, the plaintiff's amended complaint alleges that Defendant Stanton delivered the Award as part of a conspiracy to retaliate against him. Under this theory, the arbitration award caused him injury, and thus the §1983 retaliation claims against Defendant Stanton are an impermissible collateral attack on the Award.

## CONCLUSION

Presuming the Court grants the separate motion to strike, and to the extent that any of the plaintiff's arguments exist thereafter, the plaintiff's memorandum in response to the motion for failure to state a claim fails to demonstrate that his amended complaint made allegations sufficient to: address dispositive arguments as to the statute of limitations applicable to Defendant Stanton; assert a cognizable claim of acting under color of state law against the defendant; assert a cognizable claim of protected conduct; assert allegations specific enough to state a conspiracy between the defendants; overcome arbitrable immunity; avoid the operation of the FAA; or, not be deemed an impermissible collateral attack on the Award. Failure to rebut any one of Defendant Stanton's arguments should result in the dismissal of the complaint, and the plaintiff failed on each issue.

**Wherefore**, Defendant Stanton respectfully requests that this Court enter an Order dismissing the plaintiff's complaint against him with prejudice pursuant to Rule 12(b)(6).

Dated: November 4, 2022          Respectfully submitted,

By:  /s/ Edward G. Hubbard
Edward G. Hubbard (0067784)
WESTON HURD LLP
101 E. Town St. - Suite 500
Columbus, OH 43215
614-280-1125 (direct)
614-280-0200 (main)
614-280-0204 (fax)
ehubbard@westonhurd.com

*Trial Attorney for Defendant Stanton*

## LOCAL RULE 7.1(F) CERTIFICATION

In accordance with Local Rule 7.1(f) of the United States District Court for the Southern District of Ohio, I certify that this memorandum adheres to the 20-page limit for memoranda in support of dispositive motions for standard cases.

 /s/ Edward G. Hubbard
Edward G. Hubbard (0067784)

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, a copy of this *Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss* was served on the registered ECF participants electronically through the court's ECF System at the e-mail address registered with the Court and by e-mail to plaintiff *pro se*.

 /s/ Edward G. Hubbard
Edward G. Hubbard (0067784)