# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Timothy Gales,

      Plaintiff,

v.

Thomas P. Charles, *et al.*,

      Defendants.

Case No. 2:21-cv-328

Judge Michael H. Watson

Magistrate Judge Jolson

## <u>OPINION AND ORDER</u>

Douglas Behringer, Cathy Brockman, Gwendolyn Callender, John Born, Thomas P. Charles, James Hogan, Cullen Jackson, Paul Pride, Fraternal Order of Police LLC, David Stanton ("Stanton" collectively, "Defendants") move in four separate motions to dismiss Timothy Gales's ("Plaintiff") Complaint.  ECF Nos. 17, 19, 24, & 25.  For the following reasons, the motions to dismiss are **GRANTED**.

Stanton also moves to strike the exhibits to ECF No. 29.  ECF No. 31. Stanton argues that the Court cannot properly consider these exhibits on a motion to dismiss and that the Court should strike the same.

As a general rule, courts do not consider matters outside the pleadings when ruling on a motion to dismiss.  *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside

the complaint and exhibits attached thereto." (citation omitted)). There are some exceptions to this general rule. For example, Federal Rule of Civil Procedure 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Applied here, the Court considers only the Amended Complaint and the arbitration award attached to and discussed in the same. *See* ECF Nos. 7 & 7-1. Because the Court does not consider any other exhibits, including those at issue in Stanton's motion, and because the Court is dismissing Plaintiff's claims with this Opinion and Order, the Court sees no need to strike the exhibits. Accordingly, Stanton's motion to strike is **DENIED AS MOOT**.

## I.    FACTS[1]

Plaintiff is a former employee of the Ohio Department of Public Safety. Amend. Compl. ¶ 2, ECF No. 7. In 2013, Plaintiff was terminated from his position but was later reinstated pursuant to a 2014 arbitration award. *Id.* ¶¶ 2–7. In 2018, the Fraternal Order of Police LLC investigated Plaintiff following allegations that Plaintiff failed to comply with the 2014 arbitration award. *Id.* ¶ 8. Plaintiff was subsequently terminated, and he again engaged in arbitration related to the second termination. *Id.* ¶¶ 9, 11. On January 25, 2019, the arbitrator entered an award which upheld Plaintiff's second termination (the "Award"). Award, ECF No. 7-1.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendants' motion. *See Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

Two years later, Plaintiff initiated this action. ECF No. 1. In Plaintiff's Amended Complaint, he asserts First Amendment retaliation claims against Defendants, all of whom have some connection to the Ohio Department of Public Safety, the Fraternal Order of Police LLC, and/or the arbitration. *See generally* Amend. Compl., ECF No. 7.

## II.      JURISDICTION

Douglas Behringer, Gwen Callender, Cathy Brockman, and the Fraternal Order of Police LLC move to dismiss this case for lack of jurisdiction. ECF Nos. 17 & 24. They argue that Plaintiff's claims against them relate to unfair labor practices and, therefore, are within the exclusive jurisdiction of the State Employee Relations Board ("SERB"). Mot. 4–8, ECF No. 17.

The Court disagrees. True, "Ohio courts have held that the SERB has exclusive primary jurisdiction to resolve unfair labor practice charges alleging violations of Ohio Rev[ised] Code Chapter 4117." *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 736 (N.D. Ohio 2014). Where, however, a plaintiff alleges "unfair labor practices independent of Chapter 4117 (such as alleged civil rights violations), the Court retains jurisdiction to consider such claims." *Id.* at 737.

Here, Plaintiff styles his claims as First Amendment retaliation claims, which are independent of Ohio Revised Code Chapter 4117. As explained below, those claims fail. However, the fact that the claims fail does not mean the Court lacks jurisdiction to hear the case. *See, e.g., Ramoni v. Cuyahoga Metro.*

*Hous. Auth.*, No. 1:21-CV-2072, 2023 WL 1108041, at *3, n.3 (N.D. Ohio Jan. 30, 2023) (concluding that the Title VII claims related to unfair labor practices were not under the exclusive jurisdiction of SERB, even though the claims ultimately failed). Accordingly, the Court will consider Plaintiff's claims on the merits.

## III. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555.

## IV. ANALYSIS

Plaintiff's civil rights claims arise out of the Award. Plaintiff argues that the

Award is "fraudulent" and that Defendants' various actions related to the Award

(*e.g.*, presiding over the arbitration, communicating with each other during the

arbitration, or failing to appeal the Award)[2] were retaliation for Plaintiff's First

Amendment activities. *See generally*, Amend. Compl., ECF No. 7. At bottom,

then, all of Plaintiff's claims turn on the validity of the Award because, if the

Award is valid, Defendants would not have acted unlawfully by participating in the

arbitration or enforcing the Award.

The Federal Arbitration Act ("FAA") is "a national policy favoring arbitration

when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*,

552 U.S. 346, 349 (2008). "This strong federal policy in favor of arbitrating

claims governed by an arbitration contract, however, also provides that

arbitration awards may only be subject to limited judicial review under the FAA."

*Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 911 (6th Cir.

2000) (citing cases). Thus, "once an arbitration is conducted under a valid

---

[2] Plaintiff also argues that some pre-arbitration conduct, for example the pre-termination investigation, was First Amendment retaliation. The arbitrator considered this argument, but nonetheless upheld Plaintiff's termination. Award 17, ECF No. 7-1. Thus, these pre-arbitration arguments are little more than a challenge to the Arbitrator's findings and conclusions and fail for the reasons discussed herein.

arbitration contract,[3] the FAA provides the exclusive remedy for challenging acts that taint an arbitration award." *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, No. 21-2792, 2023 WL 152475, at *3 (6th Cir. Jan. 11, 2023) (cleaned up).  A party "may not file a suit in court making claims alleged to be independent but that in fact collaterally attack an arbitration award." *Decker*, 205 F.3d at 911 (citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211–13 (6th Cir. 1982)).

As explained above, Plaintiff's claims hinge on the validity of the Award. Accordingly, even though his claims are styled as First Amendment retaliation claims, they are truly a collateral attack on the Award.  This conclusion is underscored by the types of allegations Plaintiff makes, including bias or prejudice; such allegations fall within the scope of the FAA.  *See Corey*, 691 F.2d at 1212 (instructing that allegations of partiality "are squarely within the scope of section 10" of the FAA).  Therefore, Plaintiff's exclusive remedy is to move to vacate the award pursuant to the FAA.

---

[3] In at least one of his responses, Plaintiff makes passing arguments that the parties did not have a valid arbitration agreement.  *See, e.g.*, Resp. 3, ECF No. 26.  However, Plaintiff apparently voluntarily participated in arbitration; indeed, his grievance initiated the arbitration proceedings.  *See* Award, ECF No. 7-1.  Because Plaintiff voluntarily participated in arbitration, any argument challenging the agreement to arbitrate is unavailing.  *See Bradley v. Fountain Bleu Health & Rehab. Ctr., Inc.*, No. 19-CV-12396, 2020 WL 3447692, at *3 (E.D. Mich. June 24, 2020) (concluding that if the plaintiffs "wanted to challenge the formation of the Arbitration Agreements, the time to do so" was before agreeing to participate in arbitration).  Moreover, challenges to the validity of an arbitration agreement are governed by Section 2 of the FAA.  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("There are two types of validity challenges under § 2: One type challenges specifically the validity of the agreement to arbitrate, and the other challenges the contract as a whole." (cleaned up)).

Even if the Court construed Plaintiff's claims as a motion to vacate the award, such a motion would fail. Under the FAA, a party must challenge an award within three months of the entry of the award. *See NAU Country Ins. Co.*, 2023 WL 152475, at *4; 9 U.S.C. § 12. Here, the Award was entered on January 25, 2019, and Plaintiff filed his first document in this case in January 2021. *See* Award, ECF No. 7-1; Mot., ECF No. 1. Thus, even construing Plaintiff's action as one to vacate the Award, such an action would be barred as untimely. *NAU Country Ins. Co.*, 2023 WL 152475, at *4 ("Because the petition was filed more than five months after the entry of the arbitration award, it is untimely since the FAA is the exclusive remedy here, which requires the petition to be filed within three months of the arbitration award" (citation omitted)).

In sum, whether construed as a motion to vacate the award or as civil rights claims, Plaintiff's claims fail.[4]

## V.    MOTION FOR LEAVE TO AMEND

Plaintiff moves for leave to amend his Complaint. ECF No. 38. Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is that cases should be tried on their merits rather than the

---

[4] Because the Court dismisses this case under Ruel 12(b)(6), it does not address Defendant John Born's Rule 12(b)(5) arguments. *See Martin v. Crossville Police Dep't*, No. 3:22-0142, 2022 WL 9499133, at *3 (M.D. Tenn. Oct. 13, 2022), *report and recommendation adopted*, No. 3:22-CV-00142, 2022 WL 16701111 (M.D. Tenn. Nov. 3, 2022) (declining to address arguments related to a failure to perfect service when the case could be dismissed under Rule 12(b)(6).

technicalities of pleadings." *Arriola v. Commonwealth of Kentucky*, No. 19-5036, 2019 WL 7567195, at *3 (6th Cir. Aug. 13, 2019) (cleaned up).  Nonetheless, "a motion to amend a complaint should be denied if the amendment would be futile and could not withstand a motion to dismiss." *Evans v. DHL Supply Chain*, No. 20-5489, 2021 WL 1923095, at *2 (6th Cir. Jan. 5, 2021) (citation omitted).

Based on Plaintiff's motion for leave to amend, it appears that the proposed amendments would probably not remedy the deficiencies outlined in this Opinion and Order.  *See* Mot. ECF No. 38.  However, Plaintiff did not attach his proposed Second Amended Complaint to his motion and, therefore, the Court cannot review the same for futility.  *Id*.  Accordingly, Plaintiff's motion for leave to amend is **DENIED WITHOUT PREJUDICE**.  *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (concluding that the district court did not abuse its discretion in denying leave to amend where, *inter alia*, the plaintiffs did not submit a copy of the proposed amended complaint).  Plaintiff may move again to amend his Complaint **within twenty-one days of the docketing of this Opinion and Order**.  Any such motion must include a copy of the proposed amended complaint.

## VI.    CONCLUSION

For these reasons, Defendants' motions to dismiss are **GRANTED**.

Plaintiff's motion for leave to amend is **DENIED WITHOUT PREJUDICE**.  If

Plaintiff can fashion a Complaint that addresses the deficiencies outlined in this

Opinion and Order, he may move for leave to do so **within twenty-one days of**

**the docketing of this Opinion and Order**.  Any such motion must include a

copy of the proposed amended complaint.  Plaintiff is **CAUTIONED** that a failure

to so move will result in the Court sua sponte closing the case without further

warning.

The Clerk shall terminate ECF Nos. 17, 19, 24, 25, 31, and 38.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**