UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO



TIMOTHY GALES

V.

THOMAS CHARLES et,al,

CASE : 2-21-CV-328

Judge M. Watson

Magistrate judge K. Jolson

Corrected Request for motion submitted on March 7, requesting

The court to grant permission to file second amended complaint based

On new evidence obtained by the plaintiff.

memorandum in support attached.

Timothy Gales           3-8-23

710 Glendower Avenue

Columbus Ohio 43207

614 376-9346

Tgales37@gmail.com

IN THE UNITED STATS DISTRICT COURT

SOUTHERN DISTRICT OF OHIO



FILED
RICHARD W. NAGEL
CLERK OF COURT

2023 MAR 22 PM 4: 21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Timothy Gales           2: 21 -cv 328

    Plaintiff             Judge Micheal Watson

Thomas Charles et, al,      Magistrate Kimberly Jolson

1. John Born - individual capacity

2. Paul Pride - individual capacticity

3. James Hogan - Individual capacity

4. Cullen Jacjson Individual capacity

5. Douglas Behringer

6. Cathy Brockman

7 Gwen Callender

8. David Stanton - Arbitrator

CIVIL MOTION REQUEST PURSUANT TO FEDERAL RULE 15

---

Plaintiff request court permission to file an amended complaint a second time, based on research by the plaintiff, where as new evidence was developed to bolster the plaintiff claim of retaliation by the defendant, and to bolster plaintiff complaint that the named private actors were controlled by the state and acted

1

under the color of state law while jointly engaged in conspiracy with one another to deprive the plaintiff of his constituitional rights guranteed under the Fourteenth Amendment and the plaintiff have uncovered further evidence of the defendants conspiring to violate the plaintiff rights under the First Amendment of the U.S. Constitution. The plaintiff further request that the second amended complaint be allowed to provide evidence of the continance conspiracy by the defendants while using private parties to engage into violation of state proragative and, policies and laws for which only the state (Ohio) can enforce.

The Plaintiff further make the second request to cure any deficiencies the first complaint may have posed on the defendants to include redress for injury liability on Cullen Jackson and, to add to the complaint, Ohio State Patrol Lietenant Pyles, who without authority presented the state case before arbitrator David Stanton, Lt. Pyles under the laws of Ohio possessed no jurisdiction or authority to act under the contract agreement between, the Fraternal Order of Police (FOP) and the Office of Collective Bargaining (OCB) for which they both acted as a co conpirator and controlling private actors to injure the plaintiff. The plaintiff request for the seconf amended complaint so that language can be added whereas the U.S. District court can order defendants to return plaintiff back to his employment as a result of a fraudulent and retaliatory arbitration award which clearly is unenforceable by the defendants and the awards has no force or effects as noted above was procured by fraud and written by an arbitrator who acted outside the scope of his duties for which he had no

jurisdiction.

The plaintiff understands that as a result of not seeking a second amended award permission could be granted by the defendants named herein, or the court itself. The Plaintiff seeks the request from the court and the request is not for delay, however for the due dilligence of justice. Pusuant to civil rule 15 (a) provides that

A party may amend the party's complaint once as a matter of course anytime before a responsive pleading is served.... otherwise a party may amend the party pleading only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires ( Schmitt v Beverly Health & Rehab Servs.. Inc 993 F SUPP, 1354, 1365, (D.Kan.. 1998)

The adverse parties in this matter have yet to provide written answers to the initial complaint and therefore allowing the plaintiff to cure his original complaint is simply a matter jusctice so requires, as there would be no prejudice against the defendants, as there have been no depositions, nor have their been any request for delays. The plaintiff have obtained factual information to support his claims of conspiracy where as the state controlled private actors to act in bad faith and manifestly against the prorogatives of the state to retaliate and cause serious injury the plaintiff livlyhood, mental health, and retirement.

The Plaintiff request that the second amended complaint be allowed and that the plaintiff will have the new complaint filed with the court no later than March 22, 2023.

Conclusion: The plaintiff stands ready to provide factual evidence in support of his second amended complaint to establish the that private parties are not immune from 1983 action when cloaked with state authority and while working under the control of state officials. As this court is fully aware that 1983 is an important means of redress not only by state officials but also non state actors such as private individuals and federal officials. Indeed this statute is known as the klu klux klan act because one of its primary purposes was to remedy abuses during the reconstruction era especially by private citizens see ( Monroe v. Pape, 365 U.S. 167,, 174,-76 (1961) The Supreme Court have consistently held that under certain circumstances that non state actors such as David Stanton, Douglas Behringer, Cathy Brockman, and Gwen Callender, engage in conduct under color of state law and may be subject to liability under the section where they act jointly "OR" conspire with state goverment officials. See Brentwood Acad. v Tenn. Secondary Sch Ath. Assn 531 U.S. 288 296, (2001) Tower v Glover, 467, U.S. 914, 919, (1984) and, Dennis Sparks 449, U.S. 24, 27, (1980) the courts finding . The court in finding liability under the criminal law anologue of section 1983 18, U.S.C. 242. the courts stated that private individuals acting jointly with state officers engaged in conduct of color of state law. The plaintiff new facts and evidence will more than meet the preponderance the evidence will exceed the required the prong test required to establish retalaiation and conspiracy by the Defendants named in the above action.

Finally, the plaintiff request to amend his complaint further falls

4

squarely on the conspiracy between the state and the private non state actor where the plaintiff will establish precedent that joint activity between the state and non state actors support liability under section 1983Brentwood at U.S 296. Courts have long held that conspiracy between two or more persons conspiring to harm and or injure a person is a continuing one until the last conspiracy act reach the results sought by the conspiracy. Upon provideing to the court a second amended complaint in line with the first amended complaint. the court will see the continued retaliation by the state with the full control over the state non private actors the court will note the continued acts have been occurring with the same actors named herein until they obtained from the non state actors the injury they sought so deparately against the plaintiff.

Timothy Gales

710 Glendower Avenue

Columbus Ohio 43207

614 376.9346

tgales 37@gmail.com

## CERTIFICATE OF SERVICE

I Timothy Gales attest that a true copy of the motion requesting to amend complaint a second time was served on the attorney's

5

for John Born,, Paul Pride, James Hogan, David Stanton, Cathy Brockman, Gwen Callender, Cullen Jackson, and Thomas Charles

Submitted VIA email, Regular U.S. mail