UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy Gales,

    **Plaintiff**,                          Case No. 2:21-cv-328

    v.                                    Judge Michael H. Watson

Thomas P. Charles, *et al.*,             Magistrate Judge Jolson

    **Defendants**.

## OPINION AND ORDER

Timothy Gales ("Plaintiff") moves for leave to file a Second Amended Complaint. ECF No. 41. Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is that cases should be tried on their merits rather than the technicalities of pleadings." *Arriola v. Commonwealth of Kentucky*, No. 19-5036, 2019 WL 7567195, at *3 (6th Cir. Aug. 13, 2019) (cleaned up). Nonetheless, "a motion to amend a complaint should be denied if the amendment would be futile and could not withstand a motion to dismiss." *Evans v. DHL Supply Chain*, No. 20-5489, 2021 WL 1923095, at *2 (6th Cir. Jan. 5, 2021) (citation omitted).

Plaintiff's proposed Second Amended Complaint is futile. In the proposed Complaint, Plaintiff seeks to add an additional defendant and to include more detailed factual allegations about the events underlying this case. *See* ECF No. 40. However, all of Plaintiff's claims still stem from a 2019 arbitration award (the

"Award") and all of the claims, in one way or the other, collaterally attack the Award. *Id.*

As the Sixth Circuit has explained, "once an arbitration is conducted under a valid arbitration contract, the [Federal Arbitration Act "(FAA")] provides the exclusive remedy for challenging acts that taint an arbitration award." *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, No. 21-2792, 2023 WL 152475, at *3 (6th Cir. Jan. 11, 2023) (cleaned up). That is, a party "may not file a suit in court making claims alleged to be independent but that in fact collaterally attack an arbitration award." *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 911 (6th Cir. 2000) (citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1213 (6th Cir. 1982)). Because Plaintiff's claims still attack the validity of the Award, they fail.

Moreover, to whatever extent Plaintiff is attempting to vacate the Award pursuant to the FAA, the time in which Plaintiff could do so has expired. *See* Opinion and Order 7, ECF No. 39. Accordingly, Plaintiff's proposed Second Amended Complaint is futile, and the motion for leave to amend is **DENIED**.

At this juncture, the Court has granted Defendants' motions to dismiss, and Plaintiff has unsuccessfully attempted to amend his Complaint twice. ECF Nos. 38, 39, & 40. Moreover, Plaintiff's current attempt to amend his Complaint comes *after* the Court's Opinion and Order dismissing Plaintiff's claims and, therefore, Plaintiff had notice of the deficiencies in his Complaint. Nonetheless, Plaintiff's proposed Second Amended Complaint does not even attempt to

address the problems the Court identified in its prior Opinion and Order. Because Plaintiff has already disregarded the Court's instructions for amending the Complaint, the Court sees no reason to permit Plaintiff yet another chance to amend. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall enter judgment for Defendants and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**