# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

TIMOTHY GALES

710 Glendower Ave.

Columbus, Ohio, 43207

Plaintiff

THOMAS CHARLES et, al,

CASE: 2: 21-328

Judge Watson

Magistrate Judge Jolson

Jury Demand endorsed hereon

Request for permanent Injunction

and, Equitable Relief be Granted

1. JOHN BORN – FAA VIOLATIONS (FRAUD): U.S.C. 42 1983 (JOINT ACTIVITY) TITLE VII: ORC 2711 VIOLATIONS: BREACH OF CONTRACT VIOLATIONS: 14TH AMEND EQUAL TREATMENT ORC 4117.09 VIOLATIONS NRLB (a) CONSPIRACY

2. PAUL PRIDE- FAA VIOLATIONS: (FRAUD) U.S.C. 42 1983 (JOINT ACTIVITY) BREACH OF CONTRACT VIOLATIONS, NRLB (a), TITLE VII VIOLATIONS 14TH AMEND: VIOLATIONS ORC 2711, ORC 4117.09, CONSPIRACY

3. JAMES HOGAN – FAA VIOLATIONS (FRAUD): BREACH OF CONTRACT: U.S.C. 42 1983 VIOLATION (JOINT ACTIVITY) 14TH AMEND: TITLE VII VIOLATIONS: NLRB (a) CONSPIRACY

4. OHIO STATE PATROL (FAA VIOLATIONS FRAUD Section 10 ,11)

TITLE VII VIOLATIONS) BREACH OF CONTRACT VIOLATIONS, UNFAIR LABOR PRACTICE VIOLATIONS. NLRB 301 (a)

5. DOUGLAS BEHRINGER - FAA VIOLATION (FRAUD) U.S.C.1983 Klu Klux Klan Act 1871 (JOINT ACTIVITY) BREACH OF CONTRACT VIOLATIONS TITLE VII VIOLATIONS -14TH AMEND: VIOLATIONS, CONSPIRACY, NLRB 301 (a)

6. GWEN CALLENDER - FAA VIOLATIONS (FRAUD) U.S.C. 42 1983 klu klux klan act 1871 (JOINT ACTIVITY) 14TH AMEND: BREACH OF CONTRACT VIOLATIONS, TITLE VII VIOLATIONS CONSPIRACY NLRB 301 (a)

7. CATHERYN BROCKMAN – FAA VIOLATIONS (FRAUD) U.S.C.1983 klu klu klan act of 1871 (JOINT ACTIVITY) 14TH AMEND VIOLATIONS: BREACH OF CONTRACT VIOLATIONS TITLE VII VIOLATIONS, CONSPIRACY NLRB 301 (a)

8. JACOB PYLES – FAA VIOLATION :(FRAUD) U.S.C. 1983 VIOLATION DEPRIVATION OF RIGHTS. BREACH OF CONTRACT VIOLATIONS U.S.C. 1983 (JOINT ACTIVITY) CONSPIRACY NLRB 301 (a)

9. OHIO DEPARTMENT OF PUBLIC SAFETY- FAA VIOLATIONS, (FRAUD), BREACH OF CONTRACT VIOLATIONS: TITLE VII VIOLATIONS UNFAIR LABOR PRACTIC VIOLATIONS NLRB 301(a)

10. FRATERNAL ORDER OF POLICE, OHIO LABOR COUNSEL INC.: BREACH OF CONTRACT VIOLATIONS FAA VIOLATIONS, TITLE VII VIOLATIONS UNFAIR LABOR PRACTICE VIOLATIONS, CONSPIRACY NLRB 301 (a)

11. CHAD MILLER FAA VIOLATIONS (FRAUD) ORC 2711 ORC 4117

VIOLATIONS, NLRB 301 BREACH OF CONTRACT VIOLATIONS U.S.C. 42 1983 VIOLATIONS UNFAIR LABOR PRACTICE VIOLATIONS

12.      CULLEN JACKSON- FAA VIOLATIONS (FRAUD) U.S.C. 42 1983 DEPERIVATION OF RIGHTS, (JOINT ACTIVITY) BREACH OF CONTRACT VIOLATIONS: TITLE VII UNFAIR LABOR PRACTICE NLRB 301. CONSPIRACY

13.

THOMAS CHARLES: U.S.C. 1983 Deprivation of Rights, Equal Treatment under the 14th Amendment of the U.S. Constitution, conspiracy (JOINT ACTIVITY) TITLE VII, KLU KLUX Act of 1871

Defendants

_____  _____

PLAINTIFF SECOND AMENDED CIVIL COMPLAINT PURSUANT TO FEDERAL CIVIL RULE 15 a (2)

_____

Second Amended Complaint Claims: 42 U.S.C. 1983 discrimination: Federal Arbitration Act: (FAA) National Labor Relation Board Act: (NLRB) SEC. 301 (a) Breach of Contract: unfair labor practice: 1983 Title VII of the 1871 Civil Rights Act: 14th Amendment: Deprivation of Rights: Equal Treatment, Conspiracy. The plaintiff seeks to add as defendants, Ohio State Highway Patrol, Ohio Department of Public Safety to the FAA violations, and, discrimination violation civil

rights act of 1964, The plaintiff request to add OSP Lt. Jacob Pyles, and OSP Lt. Chad Miller to all claims as individual for their role in the scheme to violate Ohio and federal law (FAA sections 10, 11) and, NLRB Breach of Contract 301 (a) discrimination.

.

1. Now comes "Plaintiff", (Timothy Gales) for his several causes of action against the aforementioned defendants states as follows. Plaintiff is requesting the court to grant this request to amend complaint pursuant to Federal Rule 15 (A-2) of Civil Rules of Procedures to include each of the above claims.

2. In, addition the request is to provide to the court with a much broader understanding of the events which gave rise to aforementioned claims which includes, the, U.S.C. 1983 1871 Act, the, 14th Amendment deprivation of rights to Equal Treatment for whereas each defendant named herein participated together in joint activity to violate the plaintiff rights. The Federal Arbitration Act, Title VII, and, the National Labor relations Act section 301 (a) Breach of Contract.

3. The plaintiff further makes his request to the court to allow for the additional individual/agencies to be named as defendants in the instant civil suit, to include, OSP Lt. trooper Chad Miller, the investigating trooper: the Ohio State Highway Patrol: For violating the FAA Act Title 9, section 10, and, 11, of the FAA Act. Title VII of the 1871 Civil Rights Act. and, Breach of Contract under section 301 of NLRB.

4. Ohio Department of Public Safety, for violations of the FAA, of

Title 9 section 10 and 11 of the Act, in, addition, Ohio State Patrol, trooper Lt. Jacob Pyles as defendants. for, continuing to conspire as a group with, ODPS (attorney) James Hogan, along with, former ODPS director, John Born, and, former OSP superintendent Paul Pride, while engaged into joint activity to deprive the plaintiff of his rights to equal treatment under the Fourteenth Amendment of the U.S. Constitution by singling out the plaintiff, and discriminating against plaintiff race (black) in violation of 42 U.S.C. 1983 -1871 ACT

5. Former, OSP superintendent Paul Pride, Thomas Charles, and, Cullen Jackson of (OCB) each are named defendants and each Instrumental in violating the plaintiff equal protection rights by acting outside the scope of their official duties, and by having full control over the non-state private parties, namely, Douglas Behringer, Cathy Brockman, and, Gwen Callender, while engaged into joint activity, to conspiring with one another to discriminate and, violate the plaintiff 14th Amendment right equal treatment, and deprivation of rights, under the constitution and, violating the 1871 civil rights act while breaching plaintiff contract in violation of 301 (a) solely to treat the plaintiff differently while acting in concert with state officials under color of law.

6. Each Defendants state official named herein and non- state actors treated the plaintiff differently than any other non minority employed at the Ohio Investigative Unit. They each deprived the plaintiff of his due process rights, to violate ORC 4117, 2711, and the, FAA and, the Collective Bargaining agreement, the plaintiff had with the FOP, the exclusive agency that represents Enforcement agents as their exclusive agent under Revised Code

4117.

7. The state of Ohio/FOP contract agreement has a strict procedure to follow in the contract when an award is issued by an arbitrator. ORC 2711.09, 2711.10, 2711.13, when any party to an arbitration seeks to vacate an arbitration award or correct an arbitration award the section noted is mandatory under the statute. Plaintiff contract Article 1 states in part: this agreement is made and entered into by and between the state of Ohio Office of Collective Bargaining herein after referred as "State" or Employer and the Fraternal Order of Police. Ohio Labor Counsel Inc herein after referred to as Labor Counsel or FOP. Article 20.08 sub section 4 decision of the arbitrator shall be binding upon all parties to include, employer, unions and its members so long as the decision conforms to the laws of Ohio. The defendants violated the binding agreement of the plaintiff November 24, 2014 award, by undoing the award through fraud. The Franklin County Court Case No. 15 MS -0119 confirmed the plaintiff award May 19, 2016 for full enforcement.

8. Ohio Courts, namely Franklin County Court of Common Pleas, have cited that the policy in Ohio pursuant to a second arbitration under 2711.11 is strictly forbidden. See Ohio Office of Collective Bargaining v. OCSEA Union (Case No. 15-MS-000257 2018)

9. State officials named herein after losing two state appeals in Franklin County Courts. Namely, John Born, Paul Pride, James Hogan, and, Cullen Jackson, designed their own policy, rule and regulation on how to vacate an arbitration award without court intervention. They employed non state actors named herein.

10. The state officials (defendants) each joined the scheme to designed a plan on how to redo an arbitration award by which they lost in court on two occasion by the Franklin County Courts requesting to vacate the arbitration 2014 arbitrator award. The state official namely, James Hogan, John Born, Paul Pride would not be out done or swayed by the court decisions who refused to vacate the award.

11. The plaintiff brings this civil action based on the state of Ohio has no procedure that would adequately redress the deprivation he has incurred at the hands of the defendants. See Macene v. MJW Inc, @951 F2d 700, (6th circuit 1991) or see Victory v. Walton, @721 F2d 1062, 1064 (6th Circuit. 1983).

12. It is for this reason the plaintiff will be able to demonstrate to the court how the Defendants and, Non-state actor deprived the plaintiff of his Fourteenth Amendment rights to equal treatment under the laws of the United States and, discriminated against the plaintiff based on his race. How defendants violated the federal arbitration Act, and, how defendants violated and breached the contract with the plaintiff while further discriminating against the plaintiff in violation of the plaintiff Title VII Civil Rights.

13. The defendants pursuant to U.S.C. 1983 under color of law violated Title VII of the civil rights act, and, the plaintiff 14th Amendment rights to equal protection and treatment, the Federal Arbitration Act Title 9 section 10 and section 11, each are liable to the plaintiff for relief sought in those claims that will be further illustrated with facts and evidence to support said claims further into the complaint.

14.In addition, the plaintiff further states to the court, that state statute and, remedies under ORC 2711.09 2711.10, 2711.11 2711.13 ORC 4711, are inadequate to redress the injustice the plaintiff has incurred. Redress can only occur with federal court intervention and under the from liability of U.S.C. 1983 action, the National Labor Relation Board Act section 301, and under the Federal Civil Rights Act of 1964. In addition, this court has jurisdiction under the federal arbitration act to vacate a fraudulent and bias award that was issued as a collateral attack on the original award.

15.The Plaintiff is fully aware that, Joint activity is part of the four prong test support liability under U.S.C. 1983, where state officials who commenced the joint activity for the unlawful and staged arbitration, with each non state actor/ defendants named herein. Cathy Brockman, Douglas Behringer, Gwen Callender, were each under the control of state officials solely to violate the Federal Arbitration Act, the plaintiff 14th Amendment Right, civil rights, while breach of their duties and breach of the labor contract for fair and full representation by an exclusive union agency.

16.The defendants non state actors committed the violations solely to assist state officials to retaliate against the Plaintiff, by joint activity. to deprive the plaintiff of his liberty, employment, and property rights. which includes all earnings, backpay, retirement, owned by the plaintiff which state officials have illegally seized and maintained control over in violation of the plaintiff constitutional Fourth Amendment Rights. The property, Money owed is still in the possession of state officials who without having a lawful reason to seize plaintiff property, or maintain control

over money rightfully owed to the plaintiff pursuant to an arbitration award issued on November 24, 2014 by arbitrator E. William Lewis. The plaintiff award allowed for enforcement under the FAA and ORC 2711.

17. The courts and applicable law have long held that if the allegations of the amended claim relate back to the occurrence stated in the original complaint, as it does here, the allegation will not be barred by statute of limitation. Watkins & Sons Pet Supplies v. Iams Co., 107 F. Supp.2d883(S.D. Ohio 1999): Boerkoel v. Hayes Mfg. Corp. 76 F Supp. 771,776 (S.D. Mich. 1948):, Hall v. Spencer County KY., 583 F3d 930,933,934, (6th Cir. 2009)

18. The court stated as long as the new cause of action is merely to explain, expand or bolster" the plaintiff existing claims of actions of the first amended complaint. The request to amend should be allowed.

19. The plaintiff seeks to further explain, expand and bolster his original complaint to further show the continuing collusion by state actors violating the FAA Act, Breach of Contract, Title VII civil rights act and the plaintiff 14th Amendment Rights to equal treatment. While state officials controlled non state actors to conspire in joint activity to injure the plaintiff 33 years of employment. By disguise of a fake fraudulent arbitration to undo an award that the state officials lost on November 24, 2014.

20. The Plaintiff states that a meeting amongst the actors to develop a scheme began to unfold as earliest as February 15,

2015, when former director John Born, and former OSP superintendent Paul Pride advised the Ohio Attorney General that they were not keen on the re- employment of the plaintiff. John Born and Paul did something against the plaintiff that has never been done in the 35 years history of the collective bargain law in Ohio. They filed application to vacate a grievant arbitration award. State officials continued the conspiracy until the actors conspiracy achieved its goal on January 25, 2019 through the joint activity of non- state actors named herein.

21 The Plaintiff states that defendants named herein had any legal rights under the Federal arbitration Act to undertake a fake arbitration to redo an award that they refused to agree with. Or, encourage the arbitrator to violate the FAA, and, Ohio Arbitration Statute ORC 2711.10, 2711.11, 2711.13. David Stanton (Arbitrator) was controlled by state officials and he was bought and paid for in advance, while under the control of the state officials the arbitrators conspired with the state officials to violate the plaintiff arbitration award issued under the collective bargaining agreement section 20.08 which makes binding on all parties once issued. rights as a private non- state actor.    An arbitrator loses his/her powers to add or retract and his position as an arbitrator becomes powerless as he does in the instant case before this court. Simply put, an arbitrator may not review a previous award and issue a new award upon it. Those duties are the jurisdiction of state court and federal district courts.

# HISTORICAL BACKGROUND AND JURISDICTION

Background

22.     Plaintiff (Timothy Gales) believes that it's important to provide historical background of this case so the court may understand the magnitude of the deprivation of his equal rights to treatment by the former director John Born, and, OSP Superintendent Paul Pride, whereas no other non minority employed in the Ohio Investigative Unit, a law enforcement unit, have been    faced with the same treatment of state officials defendants named herein to the same punishment and treatment as well as violation of the contract between the state and the union.

23 The Plaintiff states that state officials violated his private rights under the Internal Revenue Code USC 7213. By terminating the plaintiff for refusing to give to the Ohio State Patrol Investigator his 2016 and 2017 original Federal Tax returns. A well established public policy under IRS CODE 7213 makes it a criminal offense to release tax returns without authority to do so. The plaintiff asserts his contractual rights were violated, for discriminatory reasons under Ohio Collective bargaining and, National Labor Relation Board 301(a) 42 U.S.C. 1983, civil rights FAA. Plaintiff states that his rights were violated by the state officials while in joint activity with non- state actors by developing a scheme to undo the plaintiff legally obtained arbitration award issued on November 24, 2014 by state officials, namely, John Born, Paul Pride, James Hogan, Jacob Pyles, Chad Miller, and Thomas P. Charles, along with Cullen Jackson deprived the plaintiff of his rights by discriminating against him based on his protected class. Black Male.

24. Pursuant the collective bargaining agreement between the Office of Collective Bargaining section 20.08. The officials and non state actors, abused their high level positions to treat the plaintiff differently than any other member who is situated in the same or similar class position. State officials committed the acts, by having non-state actors join the scheme to violate FAA and, ORC 2711 solely to harm and injure the plaintiff through a staged and fraudulent arbitration and, by forcing the plaintiff through an arbitrator subpoena issued August 20, 2018 to attend. So, that the bought and paid for arbitrator, David Stanton, could abuse his position as an arbitrator. To inflict serious injury, to the plaintiff by undoing the original arbitration award, and further to inflict emotional and mental anguish on the plaintiff for refusing to accept their demands to retire and leave the DPS and, agree to never apply for a position with the state DPS Ohio Investigative Unit ever again. The plaintiff denied the offer six times offered by FOP however, refused by the plaintiff.

25. As a result of the plaintiff refusal to retire. The state officials and non-state actors named herein began developing scheme on or before February 15, 2015 and continuing with non state private actors, engaged into joint activity together until its goal was met on January 25, 2019 to violate state prerogatives, specifically, ORC 4117, ORC 4112, ORC 2711, 10,   2711.11 2711.13, Ohio Administrative Code Chapter 119, ORC 5502.14, ORC 5502.01, and ORC 5503.01 ORC 2305.06, ORC 1303.03, the collective bargaining agreement solely to   retaliate to deprive the plaintiff of his equal protection rights , and his rights to due process by filing an unfair labor charge EEOC charge against the state officials, John Born

Thomas Charles, Paul Pride, abused their position by using tax payer funds to undo an arbitration award that was binding on all parties.

26. The action taken jointly, was taken, regardless of cost to the state of Ohio. Each of laws identified herein, are state prerogatives violated by state officials and non-state actors engaged in joint activity to violate the plaintiff due process rights and, the plaintiff rights to equal protection under the Fourteenth Amendment of the constitution. Thomas Charles was adamant that the plaintiff be singled out and fired.

27. The defendants committed the deprivation willingly and in bad faith while acting outside the scope of their official jurisdictions, as director of DPS, the FOP union representatives and, their attorneys., superintendent of the Ohio State Patrol, and, the office of Collective Bargaining, while discriminating against the plaintiff who as black male is in a protected class.

28. The acts of deprivation violated a well settled arbitration policy under the Federal Arbitration Act, and, the, Plaintiff Union contract article 20.08 which makes it very clear that the decision of the arbitrator is binding on all parties to include the employer, the union and its members.

29. On November 24, 2014 the plaintiff was issued an award through his exclusive union the FOP who were fully aware of the dislike that John Born former Director, Paul Pride former OSP Superintendent and, Thomas Charles former director, had for the plaintiff. The Union (FOP) director Cathy Brockman, and Chief legal Gwen Callender, were further aware that Dougla Behringer a

union attorney had been for years highly hostile and discriminatory towards the plaintiff for labeling Thomas Charles a racist, FOP, Attorney called the plaintiff a black racist, then followed up the comment by stating he doesn't like a black racist, even though he was wrong the plaintiff was stunned by the fop representative comments . As a result, the union (FOP) and, Douglas Behringer were willing participants in joining the continuing conspiracy with state officials namely, John Born, Thomas Charles, and, Paul; Pride James Hogan to carry out the scheme to its fullest until the scheme met its goal of termination and to undo the original arbitration award. The unlawful action were committed by the defendants to undo an arbitration award and, to collaterally attacking the award by unlawful means unlawful means which further trigger the plaintiff the ability to file an unfair labor practice charge under Ohio Revised Code 4117.11 which states in part:

30.     (a) It is an unfair Labor Practice for a public employer, it's agents, or representatives to: (1) interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117 of the Revised Code or an employee organization in the selection of its representatives for purposes of the collective bargaining agreement. (2) Initiate, create, dominate, or, interfere with the formation or administration of any employee organization. (3) discriminate in regards to hire, or tenure of employment or any terms or conditions of employment on the basis of the exercise of rights guaranteed under 4117, (4) Discharge or, discriminate because he has filed or given testimony under 4117.

31. Section (8) of ORC 4117 Cause or attempt to cause an employee organization to violate division (b) of this section. It is an unfair labor practice for an employee organization its agents, or, representatives or public employees to: (1) Restrain or coerce employees in the exercise of the rights guaranteed in chapter 4117 (2) Cause or attempt to cause the employer to violate (A) OF this section. (6) Fail to fairly represent all public employee in the bargaining unit. (C) The determination by the board or "any" that a public officer or employee committed any of the acts prohibited by Division (A) or (B).

32. The Plaintiff stand ready to provide to the court evidence that even though an unfair labor charge occurred the true goal of the defendants were to deprive the plaintiff of any due process rights or the rights to equal treatment.

33. The named defendant state officials have not treated other non-minority enforcement agents in the same manner as they have treated the plaintiff who alleged policy violation were far less egregious than those of Two white females. One who was caught under the influence of a schedule one drugs a felony, and the other who was charged with a felony for misuse of a computer, for which Ohio Revised Code 5502.14, clearly requires the director to terminate any enforcement agent who has been convicted of a felony, or plead to a negotiated plea to a misdemeanor that was the original felony. However, John Born, former ODPS director protected the non- minority enforcement agents by issuing her progressive discipline and a last chance agreement. This act by the director was a clear violation of 5502.14. This female by law should have lost her employment with the Ohio Investigative Unit.

Just another example of how, John Born, and Paul Pride protected the white females in the same similar position as the plaintiff and, protected their tenure with DPS so that they each wouldn't lose their retirement. However, fired the plaintiff for not committing any criminal offense or illegal use of drugs. John Born and, Paul Pride, violated the plaintiff 14th Amendment to equal protection of the laws.

34. It is for these reasons the plaintiff has suffered irreputable harm at hands of the defendants, and non- state actors as a result of his 14th Amendment Equal Protection of the laws. The state officials named herein along with the fraternal order of police, each held and, abused their high level of positions within state government agencies, specifically, the department of public safety, State Patrol, the office of Collective Bargaining, and, the Fraternal Order of Police, along with private arbitrator/attorney with whom the court have dismissed as a defendant under the first amendment 1983 claim asserted by the plaintiff.

35 The state Defendants, (officials) and non- state actors named herein each were hellbent as a group while the non- state actors who were each completely controlled by state officials to violate the equal protection rights of the plaintiff, and as group jointly conspired to retaliate against the Plaintiff at any cost to the state of Ohio, while state officials maintained full control over the FOP, representatives and the rogue arbitrator who has clearly violated the federal arbitration Act, and the policy and procedures of the American Arbitration association

36. The state officials, namely, James Hogan, John Born, Paul Pride,

Thomas Charles, Jacob Pyles, and, Cullen Jackson maintained full control over non- state actors while they each disrespected the opinion of the state courts, Franklin County Common Pleas, and the Franklin County 10th District Court of Appeals. The decisions, defendants state officials, and non - state actors were in total disagreement, and refused to honor in violation of 2705.02 contempt of court, while at the same time violating the rights of the plaintiff to equal treatment of the laws.

37. The defendants state officials unlawfully abused their positions by acting outside the scope of their jurisdictions as, Director of Public Safety duties are under ORC 5502.01 for which he violated. the Superintendent of the Ohio State Highway Patrol Superintendent, along with, OSP trooper Jake Pyles, Chad Miller, duties are under 5503.01, for which were violated by them. and the inhouse attorneys for DPS. State officials namely, Cullen Jackson of the Ohio Department of Administration, that houses the Office of collective bargaining under ORC 4117. Joined the activity to engage into a conspiracy of joint activity with non- state actors namely, Douglas Behringer, Catheryn Brockman, Gwen Callender, and, David Stanton their actions against the plaintiff were willful and intentional to violate the plaintiff right to equal protection and treatment. The acts were committed in concert with non state actors solely to discriminate against the plaintiff because the plaintiff refused the fop demand as actors for state officials on six occasion with a direct threat retire or else.

38. The non state actors "defendants" set out to inflict and, cause serious injury and harm to the plaintiff at any cost to the state, and for state officials with whom they acted in concert with to

violate the plaintiff rights constitutional rights.

39. The courts have stated that a plaintiff may seek relief under the Equal Protection claim where a class of people is treated differently than others by a federal, state, or local government or its officials. The courts have stated that this is the case when minorities bring discrimination claims against the governmental entities. The courts have further recognized the class one claims. If an individual plaintiff can show that he or she has been singled out for irrational or differential treatment by a federal, state, or local government entity or official, Section 1983 can be used in filing a class one claim. This occurred in (U.S. COURT Olech v. Village of Willowbrook).

40. The Plaintiff instant case before the court falls squarely on his 14th Amendment rights to equal protection, and, Civil Rights violations under the Federal Constitution. The plaintiff rights were violated by the defendants named herein in conjunction with joint activity to violate the Federal Arbitration Act by engaging in a collateral attack to redo an award by which the state officials lost in 2014.    The courts have stated that when state official mistreat individual differently their actions are liable under 1983 action. The rogue arbitrator exceeded his authority, and, clearly showed a high degree of bias and dishonesty toward the plaintiff based on the dislike that John Born, Paul Pride, and, Thomas P. Charles,

  along with Fraternal Order of Police officials named herein have for the plaintiff. This was a win win for the state officials and the FOP. The arbitrator provided both with the outcome they sought and he abandoned his neutral position as a arbitrator then

applied the desire state officials requested, what language the award should say. The contract used by the arbitrator to redo a 2014 award had expired on July 1, 2015. And, the second award issued on January 25, 2019 was a collateral attack on the first award. Which court in Ohio and around the country frown upon when a losing party attempts to redo an arbitration that they didn't agree with.

41.     Thomas P. Charles, John Born, and Paul Pride, James Hogan, Cullen Jackson, trooper Chad Miller, and, trooper Jacob Pyles used and abused their state official titles to develop a conspiracy to discriminate against the plaintiff, by engaging in state law for which they had no jurisdiction specifically ORC 2711, and, ORC 4711, The named state official continued their discriminatory actions against the plaintiff, action that has never been taken against a non minority enforcement agent who held the same or similar law enforcement position. The state officials continued the conspiracy by controlling the non- state actors, to conspire, and to discriminate in joint activity to deprive the plaintiff constitutional rights to equal treatment under the 14th Amendment and title VII of the 1964 civil rights act of the constitution. Namely, non state actors, Cathy Brockman, Gwen Callender, Douglas Behringer, and finally, David Stanton. Each who were, non- state actors cloaked with state authority while acting under color of state law and, each non state actor played a major role while being controlled by state officials to retaliate against the plaintiff for invoking his constitutional rights to equal treatment and due process. The plaintiff provides to the court a continuing pattern of corrupt and

complicit unlawful behavior of past retaliatory acts with state defendants, (officials) who have been in the complaint with the help of non- state actors named herein, FOP, and, rogue arbitrator.

42. PLAINTIFF PROMOTED TO THE ASSISTANT AGENT IN CHARGE.

On November 10, 2010, plaintiff (Timothy Gales) was promoted to the position of Assistant Agent in charge of the Columbus District, for the Ohio Investigative unit, along with another black male enforcement agent after scoring number one (1) and number two (2) respectfully on an agency promotional exam.

43. The plaintiff promotion didn't set well with many members of the Ohio investigative unit, to include the former Agent in Charge, and the plaintiff direct supervisor, SuAnn Cook. The Plaintiff promotion took place under former Gov. Ted Strickland a democrat 2010. However, former director, Cathy Collins Taylor sent Suann cook to a different location (Athens, Ohio) because she refused to follow orders and deemed insubordinate while targeting the plaintiff and creating a hostile work place for the plaintiff

44. Then, November of 2010, an election for Governor took place. Ted Strickland lost to John Kasich, now starts the time line for all the Plaintiff problems with Thomas P. Charles, John Born, Paul Prided, and, other state officials and non- state actors named herein.

45. January 13, 2011, John Kasich appoints Thomas P. Charles Director of Public Safety. Thomas P. Charles, the appoints John Born as the Superintendent of the Ohio State Highway Patrol. At the time of Thomas P. Charles appointment, The Ohio Investigative Unit was under

the direction of the director of the Ohio Department of Public Safety, and, not the Ohio State Highway Patrol.

46. February, 2011, Thomas Charles with less than a month on the job as director called a staff meeting for each Ohio Investigative Unit Agent in charge, throughout the state of Ohio. Hereinafter known as (OIU). This meeting was, a get to know you meeting with the agents in charge. could voice their concerns regarding present and past concerns they had with the past administration, to include promotions of agents.

47. Greg Croft, the plaintiff former direct supervisor (Agent in Charge) returned to the Columbus District office from 1970 West Broad Street, Columbus, Ohio, and, informed this plaintiff that a shakeup will soon be coming, and that, some assistant agents in charge will be getting demoted.

48+. It should be noted: That at the time of the meeting the Agents in Charge had with Thomas P. Charles, there were no Black Americans in the group at the meeting. So, I asked AIC Croft. if the plaintiff was included as one of the assistant agents in charge getting demoted. Croft, replied, there will be demotion coming very soon. At this point, I ended conversation with Agent in Charge Greg Croft conversation.

49. The plaintiff believed that he became a target of Thomas P. Charles, to be removed as an assistant agent in charge based on complaints from those in attendance. The other black male who had been promoted with the plaintiff, on November 10, 2010, was the other target for Thomas Charles.

November 10, 2010 promotions to Assistant Agent in Charge.

(a).William Scott: Black Male scored number one on the promotion list.

with (21 years of service) Forced out by Thomas Charles

(b). Timothy Gales: (Plaintiff) Black Male scored number two on the promotional list. With (25 years of service at time of promotion) terminated twice without just cause by Thomas Charles and, John Born,

(c) Adam Johnson: White Male scored number three on the promotional list with (five years of service) Still active as Agent in Charge

(d) Michelle Thourout: White female scored number four on the promotional list with (four years of service) still active as agent in char

50. June 2011, William Scott, was asked to retire after being followed in his issued vehicle by subordinates who had observed him at dinner with an unknown female. The information was turned over to DPS, Director Thomas P. Charles, the, former Ohio Inspector General, who then notified his replacement of the allegations. William Scott retired from the agency based on pressure placed on him by Thomas P. Charles, the, former (Ohio Inspector General),. Now, the agency has one promoted black male gone with one to go. The plaintiff.

51.June 2011, Thomas P. Charles returns Suann Cook, back to Columbus District (OIU) office knowing full well a firestorm between the plaintiff and her would occur. Suann Cook, was given the order to evaluate the plaintiff performance as a newly promoted assistant agent in charge, herein after knowns as (AAIC). This supervisor hated the plaintiff so bad she would never speak or acknowledge the plaintiff newly sworn position (AAIC). she had one goal, that was to have the plaintiff demoted by Director Thomas Charles.

52. December, 2011, Suann Cook, (AIC) prepared an evaluation for the

plaintiff. The evaluation identified that the plaintiff failed in all categories of the evaluation. The plaintiff was given until February 6, 2012 to improve. In addition, in December of 2011, Thomas P. Charles came to the Alum Creek office where the plaintiff was housed as the (AAIC). The plaintiff stepped out from his office and was met by Thomas P. Charles. Who stated to the plaintiff.... Thanks for stepping out of your office so that i could see you. After a very brief conversation Thomas Charles departed the plaintiff.

53. On February 6, 2012, the plaintiff was called back to the Columbus District Office where he was instructed to report. Upon arrival, the Plaintiff was met by SuAnn Cook, (AIC), DPS, Mark Bentley (Deputy Director) and Eric Wolf DPS, (Deputy Director) Suann Cook, requested that the plaintiff return his Assistant Agent in Charge Badge, she further provided paperwork from Thomas P. Charles, notifying the plaintiff that he had been demoted.

54. February 2012 plaintiff filed an EEOC charge against Thomas Charles, SuAnn Cook, and Mark Bentley in 2012 for conspiring with Thomas Charles to unlawfully demote the plaintiff from his assistant agent in charge position. Thomas Charles racist and discriminatory behavior was reported to the Governor office by the plaintiff. The attack and retaliation by Thomas P. Charles and his handpicked Patrol superintendent John Born would be non stop until Thomas P. Charles got the results he sought. Which either to unlawfully convict the plaintiff of a crime and/or unlawfully seize the employment of the plaintiff through falsified means to include false criminal charges.

55. August 2012, the Ohio Department of Public Safety administered a promotional exams for agents. The plaintiff was the only minority agent