allow for the patrol to conduct investigation against an employee private property employers, unless the hours worked by that employee are in conflict with the hours worked for the state. The plaintiff in the instant case before the court, wasn't an employee of the state at the time the Director John Born unlawfully initiated a complaint on Allied Universal Security, and by using the patrol to intimidate the plaintiff former employer into turning over plaintiff personal information to them, without a court ordered subpoena, solely to intimidate, harass, and retaliate, against the plaintiff and his employer only to use the information against the plaintiff upon his court ordered return back to work to claim the plaintiff owed money to the agency but failed to follow the arbitration award issued November 24 2014.

A dispute that can't be arbitrated between Allied Universal, FOP, and, OCB Allied Universal Security isn't part of a collective bargaining agreement and further the plaintiff wasn't employed by defendant agency during the time earning were requested and Allied universal illegally investigated. A violation of the plaintiff constitutional rights to due process and, equal treatment. No other employee under the control of John Born and Paul Pride has been treated in the manner the plaintiff has been treated. Thomas Charles influence over John Born, Paul Pride, and other actors to include Douglas Behringer, James Hogan, Jake Pyles, Cullen Jackson, Catheryn Brockman, and Gwen Callender is so intimate with each other that causing constitutional violations against the plaintiff, for Charles would never be a concern to them while engaged into joint activity together. The non state actors simply want the state officials to know where there loyalty stands, just want to appease Thomas Charles at any cost to the state or FOP.

123. John Born, and Paul Pride with advice of James Hogan unlawfully

seized records at Allied Universal unlawfully and without a search warrant or subpoena thereby violating the plaintiff fourth amendment rights to be secure in his property and effects. The unlawful seizure was used in the arbitration award issued by David Stanton on January 25, 2019, and by doing so violated the plaintiff due process rights conferred in the 14th Amendment of the United states, The plaintiff as a U.S. citizen have the right to equal treatment under the laws. John Born, abused his official position as director, Paul Pride abused his official position as OSP superintendent to unlawfully put a team of co-conspirators together to cause serious injury to the plaintiff mental health, employment.

124. JOINT ACTION BY THE OHIO FRATERNAL ORDER OF POLICE OHIO LABOR COUNSEL INC. CONTINUED CONSPIRACY AND JOINT ACTIVITY

125. It is well settled that the Fraternal Order of Police is recognized as the exclusive representative for enforcement agents at the Ohio Department of Public Safety. It is also well settled that representatives of the FOP know and understands contracts agreements entered into between the state and the Ohio Office of Collective Bargaining has a beginning date, and an end date pursuant to ORC 4117,and, enforced by the Ohio State Employment Review Board (SERB). However, the instant case before the court involves, The Office of Collective Bargaining, who under Ohio law 4117 is sole representative for state agencies to include the Ohio Department of Public Safety as well as the Ohio State Patrol who maintains a separate bargaining unit contract that's different from enforcement agents. The Patrol has a contract with the Ohio Troopers association, and operated by troopers.

Enforcement agents aren't part of the troopers contract ( OSHTA) and the patrol has no statutory rights to hire, fire, demote, or make decisions that are detrimental to the position of an enforcement agent. Agents for the Ohio Investigative Unit are hired under ORC 5502.14 that designates the director to appoint enforcement agents. The superintendent of the Patrol is prohibited by law 5503.01 to hire and or appoint an enforcement agent.

COUNT 4 CONPIRACY

125. ACTIONS OF THE FRATERNAL ORDER OF POLICE THAT CONNECTS JOINT ACTIVITY WHILE CONSPIRING WITH STATE OFFICIAL TO VIOLATE THE PLAINTIFF CONSTITUTIONAL RIGHTS AND ACTIONABLE UNDER U.S.C. 1983 as private parties. Brentwood Academy v. Tennesee Secondary School Athletic Association (2001) where the court stated that under certain circumstances, the conduct of a putatively private individual, entity, or organization will be treated as if the state caused the conduct to be performed. The private actor will be deemed to act under color of law, subject to constitutional limitation and to 1983 suits for liability. The court looks for joint participation between the government and private actor which may be treated as that of state. The plaintiff will provide factual evidence to support that non-state actors For the Fraternal Order of Police, Ohio Labor Counsel Inc, participated in joint activity with state officials to violate the constitutional rights of the plaintiff. The state officials without the help of Catheryn Brockman, director of the Fraternal Order of Police, Gwen Callender Chief legal FOP, and, Douglas Behringer chief negotiator FOP each engaged in a pattern of corrupt activity while conspiring with state officials. The courts have stated that non state actors merely providing information to state officials does not by itself constitute joint activity

under the color of state law, but where there is evidence of a conspiracy, preconceived plan, with mutual understanding, or concerted action between the state officials and the non- state actors there can be 1983 liability. The plaintiff clearly has established joint action between the state and the non-state actors. The state officials had to rely on joint activity with the non state actors

126. The Fraternal Order of Police joint activity and conspired activity was and has been a continuing one. The Representative Douglas Behringer, has repeatedly told the Plaintiff of the disdain he has for him dating back to when he informed the plaintiff of his displeasure of the freedom of speech statement made to Thomas Charles, who the plaintiff identified as a racist, after Charles initiated several unprovoked attacks on the plaintiff. As, a result Douglas Behringer began his own personal attacks on the plaintiff. The instant case before the court will demonstrate the joint activity between, Douglas Behringer, Catheryn Brockman and Gwen Callender. The facts will further show the intimate relationship between the state officials and fop, and how they each conspired together to injure the plaintiff.

On November 24, 2014 the Fraternal Order of Police received an arbitration award from E. William Lewis. The award ordered the state officials to return the plaintiff back to his enforcement agent position. However, state officials were unwilling to comply with the November arbitration award. John Born and Paul Pride, had the Attorney General appeal the award to the franklin county common pleas court. Showing their displeasure for the plaintiff by stating that they do not want the plaintiff to return back to the agency.

127. May 19, 2016 the Franklin County Common Pleas Court upheld the

arbitrator award and again to displeasure of the state officials John Born, Paul Pride had the award appealed to the 10th district Franklin County Court of Appeals

128. April 14, 2017 Douglas Behringer advised the plaintiff that the Appellate court upheld the lower court ruling, judgement was entered in favor of the plaintiff to return back to his employment. However, Douglas Behringer further advised the plaintiff by stating the following " Gales", don't get to happy because when you get back the state is going to fire your ass again. I asked why did he believe I would be fired again well before I ever returned. Behringer response to the plaintiff was that they hate your ass over there, and that you should have taken the retirement offers and got the hell out of there when you had the chance. Douglas Behringer, and Gwen Callender on multiple occasion for the state officials asked me to retire but the plaintiff refused. On the final request prior to the plaintiff return back to employment. August 2016, FOP Chief legal Gwen Callender, summons the plaintiff to appear at the office of the fraternal order of police 222 Town Street Columbus, Ohio 43215. Upon arrival with Curtis Hundley, a union steward, the plaintiff was met by Gwen and Douglas Behringer. Gwen Callender told me that I was not called to the fop to discuss my case. Gwen stated that she wanted my resignation from the department of public safety and, that was the only discussion needed. I told her and Douglas Behringer to go pound salt because I was not given the fop a resignation. The continued conspiracy from state officials attempting to have the union author my resignation again clearly shows the intimate relationship and joint activity while violating the plaintiff due process right. This unlawful acts of fop and it representatives continued until January 25, 2019.

129. On or about May 3, 2017 Douglas Behringer at the request of DPS

requested receipts showing my earning up to 2017. I advised I would only provide receipts up to 2015, for deductions while not employed at the agency. The plaintiff supplied receipts totaling $35.300. At this time Douglas Behringer and state officials were in several meetings on how to implement the arbitration award and backpay to the plaintiff. But, the meetings were really on how to undo the arbitration award and re-fire the plaintiff because he refused their offers to retire.

130. On or about May 15,2017 the plaintiff returned back to the Ohio Department of Public Safety Investigative Unit

108. On or about June 7, 2017, the fraternal order of police removed the plaintiff as member of the fraternal order of police and without the knowledge of the plaintiff made the plaintiff a fair share member. I believe the FOP committed the act to assume their role in the scheme with John Born, Paul Pride, James Hogan, Jake Pyle, and Cullen Jackson. Knowing, the level of representation would not be that of a regular member, which would allow the fop to skirt its duties then aligned themselves with state officials named herein which would then allow the joint activity of joint activity to name a like thinking arbitrator who bear dislike for non union member who are only fair share and not fully aligned with their unions. As a result of the fair share tag on a member this allows the union to unlawfully mistreat and fail to represent as will be outlined further in this complaint. The fop and its representatives named herein have acted jointly with state officials and have continued to conspire with state officials to violate the constitutional rights of the plaintiff. Concerted action between non state actors and state officials there can be 1983 action See Annunziato, 744 F2d at 252 also see Adickes @398 152

131. On or about June 9, 2017 Douglas Behringer contacted Curtis Hundley and advised him that the state allowed him to pick his good friend as a arbitrator, and to tell Gales, he better be careful now his good buddy won't take kindly to anyone speaking ill of the FOP and this arbitrator would have no problem taking care of him for the union. This again demonstrates continued conspiracy and joint activity. The union fop is fully aware that the state officials are with a scheme to harm the plaintiff and the union is in on it with the state officials to violate the rights of the plaintiff at all cost to the state and fop.

132. David Stanton Arbitrator files application for a state contract with the Ohio Office of Collective Bargaining on June 25, 2017 approximately one month after the plaintiff returned back to his employment. The fop and state officials selected an arbitrator who they know will undo the court judgment and redo an arbitration for which he unlawfully can't do or have jurisdiction over. The contract had expired. On July 25, 2017 the director of the office of collective bargaining agreed and signed the contract for David Stanton to act as a contractor to arbitrate dispute between the state and state agencies. The plaintiff would like to draw to the court attention the agreement between the Office of Collective Bargaining and the fraternal order of police. The facts presented will show a clear case of collusion between the state and the fop while both violates article 20.08 in the contract that states in part the following. The parties will select six (6) individuals as the permanent arbitrators, who will decide all contract disputes for the life of the agreement, unless he/or she is unable to serve or he/she services are terminated earlier by mutual agreement. The arbitrator Shall be notified of his/her termination by joint letter from the parties. A successor arbitrator shall be selected by the parties within 30 days after the resignation or

termination of the parties. As a result of the state officials and the fop selecting an arbitrator at a time the agreement has six permanent arbitrator should be puzzling to the court. The plaintiff obtained document from Ohio Office of Collective Bargaining which clearly identifies seven (7) arbitrators after July 25, 2017 appointed as permanent arbitrators. The court and the plaintiff can only imagine the need for FOP and the state officials to select a seventh arbitrator, when there were already six available to choose from should a dispute arise. The Plaintiff clearly has factual evidence on the continuing conspiracy to violate the plaintiff constitutional rights, with full willing participation of the FOP and its members to act jointly with state official in violation of both state and federal laws ORC 2711, and, FAA section 10.

133. David Stanton was handpicked by his good buddy Douglas Behringer he is now bought and paid for arbitrator to violate his ethics as an arbitrator and begin his preparations to injure the plaintiff for state officials.

THE STAGED AND UNLAWFUL OSP INVESTIGATION

134. Continued conspiracy, harassment and retaliatory action by state officials John Born, Paul Pride and, James Hogan, Cullen Jackson, and Jake Pyles to undo the plaintiff 2014 arbitration award, and reverse any court decision entered in judgment by the Franklin County Common Pleas Court, and the 10th District Court of Appeals. John Born by no means will allow a court decision deter him from making his mentor Thomas Charles wishes of injury to the plaintiff come true and keep in

place the termination Thomas P. Charles imposed on the plaintiff March of 2013. The conspiracy with the state officials named herein has continued until the last overt action occurred on January 25, 2019. Therefore actionable under 1983 on all defendants involved with the conspiracy to retaliate and violate the plaintiff constitutional 14th Amendment due process and equal treatment of the laws.

135. The Ohio Department of Public Safety have no policies or procedures for the Ohio State Patrol or any other law enforcement unit with the Ohio Department of public safety as it relates to investigating arbitration awards, and troopers or OSP investigator have no authority or jurisdiction to review, correct, modify, or vacate an arbitrator award, The courts will clearly see the violations being committed by the state to violate the plaintiff rights to free speech and his rights to due process guaranteed under the U.S. Constitution which is wrapped up in the arbitrator fraudulent arbitration award he unlawfully issued on Jan 25, 2019, and it was written to discriminate and, appease state officials John Born, Thomas Charles, and, Paul Pride, who without authority authorized the investigation into the 2014 arbitration award, in violation of Ohio Revised code 2711. 10, 2711.11, and, 2711.13. The Ohio courts have stated: In appeal cases whereas an arbitrator reviewed a second award and or an award that was issued as final. The courts pointed out Ohio Revised 2711 does not confer authority on an arbitrator to reconsider its awards. Reynoldsburg City Schools Dist. V. Licking Valley Heights School Local District, Bd of Educ. 10th district No.08AP-415-2008, Ohio 5669. Also see, City of Cleveland School Dist. v. Laborer's Int'l Union 1099 No. 105378 161.The Ohio Law 2711 is clear, the Ohio State Patrol may not conduct an inquiry into matters related to final arbitrations awards nor can the director at DPS or the

superintendent of OSP, develop policies, regulation, or customs to divert the meaning of ORC 2711, or, make written language to review an arbitration award, a clear violation of 2711, while also interfering with collective bargaining under ORC 4117. However, that is exactly what John Born, Paul Pride, and, James Hogan, and other state official engaged in, solely, to violate the plaintiff rights to equal treatment and protection of the laws of Ohio, and the United States

136. On January 18, 2018 the Plaintiff received an email alerting him of an impending investigation and, that the plaintiff was the suspect of the investigation. OSP Lt. Chad Miller provided to plaintiff a copy of a complaint without showing who generated the complaint. The complaint subject line stated the plaintiff would be questioned as to his failure to comply with a arbitrator award during the time the plaintiff was not employed with the agency. The plaintiff advised Mr. Miller that he was violating the law and, that he had no authority to investigate the plaintiff and his arbitration award. Lt. Miller disputed that by saying the agency had a right to know how much earnings obtained by the plaintiff prior to returning back to work. I explained that I had complied with the terms and conditions and further I paid $35.300 in offset to the agency. I further told Lt. Miller that it's the agency who owe money to the plaintiff that they have failed to comply with per the arbitration award and the court judgment. I explained again to Lt. he was violating not only 2711 of the ORC he is also violating a court order. However, none of that mattered as John Born Paul Pride were on a mission to undo the award at all cost to the state. Pursuant to 2711.10 2711.11, 2711.13 the state of Ohio has a set procedure to follow when attempting to correct an award, vacate an award, or correct an award.

137. Lt Chad Miller violated this very statutory 2711. FAA section 10

and 11 requirements and as a result violated the plaintiff Fourteenth Amendment rights while carrying the duties he had been assigned to carry out by John Born, former director, and Paul Pride former superintendent of the Ohio State Patrol this unlawful act is actionable under 1983.

138. On or about January 26, 2018 the plaintiff submitted a letter to John Born requesting that he comply with an arbitrator and court decisions and to make the plaintiff whole in benefits, promotions, and backpay James Hogan responded in written form that under no circumstances will agency honor it duty to comply. James Hogan knew in advance the joint activity he maintained with Douglas Behringer and the FOP. And, Knowing the plaintiff complaints in his letter to then director John Born would be ignored by the union for which the state officials have full control over in the unlawful joint activity. As result of the plaintiff complaint the state officials initiated a second administrative investigation on the plaintiff in violation of the plaintiff constitutional rights. (See attachment 5) The plaintiff speech was silenced by the state named herein to violate the plaintiff first Amendment Rights under the U.S. Constitution and as result is actionable under 1983.

139. On February 18, 2018 the plaintiff was ordered into a second interview, with OSP Lt. Chad Miller as it related to the plaintiff 2014 arbitration award. Chad Miller without authority under 2711.10.2711.11.2711.13, and, without authority over the IRS tax code 7203, he demanded that the plaintiff turn over his original 2016 2017 federal tax returns to him along with additional payroll earning from Allied Universal. The plaintiff advised OSP Lt. Chad Miller that he wouldn't honor his request and that the plaintiff 2016-2017 taxes as

they are private under the laws of the United States and, under the IRS tax code 6203-7203. The plaintiff again reminded Lt. Chad Miller of his illegal actions as they related to his attempt in enforcing a arbitrator award by which the department have no policy outlining authority to the Ohio State Patrol to review. As stated earlier in this complaint review of arbitration awards in Ohio under 2711 may only be reviewed by Ohio 88 Common Pleas Courts. And under the Federal Arbitration Act (FAA) Only the United States District Courts may review Awards for miscalculation of figures, correction of an award under section FAA 10. The patrol is a state law enforcement agency with limited jurisdiction. By law the patrol is not authorized to review an arbitration award regarding miscalculation of figures. This unlawful act was taken on behalf of Thomas P. Charles who wanted his termination of the plaintiff upheld and, who but his trusted director that he recommended for the job stepped outside of his official duties and, ordered the patrol trooper by way of Paul Pride to violate the law of the state of Ohio and by doing so when the request was made for the plaintiff taxes and the plaintiff refused the state officials with full knowledge violated the plaintiff First Amendment rights to free speech under the U.S. Constitution. John Born Paul Pride have consistently treated the plaintiff differently of same similar situated person within the agency, and as such violated the plaintiff equal protection this mistreatment was without a rational basis, other than the hate and discriminatory actions of the state officials See Rondigo,LLC v Township Richmond 641, F3d673,681,-682 (6th Cir2011) See Ranvansky v. City of Olmstead Falls 395 F3d 291,312, (6th Cir.2005) See Scarborough v. Morgan Cnty. Bd of Educ.470,F3d 250,260, (6th Cir 2006) The court have stated that when disparate treatment is shown the equal protection analysis is

determined by    the classification used by the government decision maker. The plaintiff clearly can demonstrate disparate treatment and as such the state official and non- state actors are liable to the plaintiff. Simply put, there was no true basis for the state officials, John Born, Paul Pride and, Thomas Charles, each who have expressed their dislike for the plaintiff, after being sued in 2016 by the plaintiff in both Federal and, State courts. As a results, Thomas Charles used his influence, with John Born, and Paul Pride to assemble a group of non- actors who would be willing participants in joint action to take back the arbitration award won by the plaintiff on November 24,2014. As a result the conspiracy has continued until the final overt act of January 25, 2019.

140. JOHN BORN, PAUL PRIDE RE-FIRES PLAINTIFF AGAIN.

141. On, or about March 13, 2018 Paul Pride issued to the plaintiff a letter with the patrol letterhead alerting the plaintiff that he was recommending the plaintiff termination after concluding the plaintiff failed to comply with an arbitrators award issued November 24, 2014, and that the alleged failure caused the improper offsets that could not be properly calculated. In, addition, The letter charged the plaintiff with untruthfulness and compliance to orders for allegedly failing to follow the orders of a supervisor.

142.                    DISCUSSION

(1). As, stated in the complaint the Patrol doesn't have the authority to review a arbitration award. Secondly, the patrol doesn't have the legal power or jurisdiction to terminate the plaintiff for an alleged failure to comply with an arbitrator award. The law is clear under ORC 2711. It states in part, any party seeking correction of an arbitrator award must submit application to the court of common please within 90 days. The

agency forfeited its ninety days and under the law can't on its on accord investigate or correct an award. A clear violation ORC 2711.13

(2). The superintendent of the Ohio State Highway Patrol do not possess the power of the law of Ohio pursuant to 5503.01 to recommend the termination of an enforcement agent. In fact, Ohio Revised Code 5502.14 makes it very clear and not misleading , that the Director of public safety may appoint enforcement agents not the Superintendent of the Ohio State Patrol. Each agency in Ohio operate off laws the Ohio General Assembly provided to them. At no time have the General; Assembly passed a law identifying enforcement agents as members of the patrol. Therefore, the letter issued by Paul Pride was unlawful, and issued to treat the plaintiff differently than any other employee working as enforcement agent that are similarly situated.

(3). Pursuant to 5502.14, is clear an enforcement shall not be terminated from his position as an enforcement agent unless that agent has been convicted of a felony. ORC 5502.14 also states that if an agent convicted of a felony files for an appeal and he/she are acquitted they agency shall return the agent back to his position with backpay. Clearly the court should see that the actions against the plaintiff was committed by the defendants by prior calculating and planning. The Plaintiff a 33 years employee terminated for no legitimate reason other than retaliation for opposing racist Thomas P. Charles, John Born, and, Paul Pride. As result of this illegal and adverse action taken against the plaintiff retaliation is actionable under 1983 as well as conspiracy.

1143. On or about March 19, 2018, John Born whom the Plaintiff sued in Federal Court and state court and is now in the position to abuse his authority and retaliate against the plaintiff. Issued to the plaintiff a

letter advising the plaintiff of his immediate termination for failure to provide his 2016 -2017 original 1040 tax returns as requested by a supervisor. And, for alleged failure to report income from an employer while not working at the agency as required by 2014 arbitration award.

## DISCUSSION

`

The director of the Ohio Department of Public Safety can't authorized personnel under his command to violate the law of Ohio. The plaintiff was issued an award by E. William Lewis on November 24, 2014. John Born used his legal authority to attempt to have the arbitration award vacated on February 20, 2015 the court ruled against his application to vacate. John Born then used his legal option again, and, had the arbitration award appealed to the 10th district court of appeal. John Born lost again, and threw a legal temper tandrum John Born had no plans to let his mentor Thomas Charles be defeated by any court ruling.

(1) The law of Ohio 2711.10. 2711.11, and, 2711.13 does not confer power to the director to order an investigation on an arbitration award issued by an arbitrator. At no time during the 35 year history have a director abused their authority as John Born has to violate the law solely to harass and, retaliate against a black male that sued him and, filed complaints on Thomas Charles, who openly put an employment hit out on me, to be carried by John Born.

(2) ORC 5502.14 states the director shall terminate the employment of any enforcement agent appointed under such section who

have been convicted of a felony. The Plaintiff committed no crime or state of Ohio employment infraction when Born terminated his employment without just cause. John Born with malice and in bad faith used and abused his position as the director and assembled a group of non- state actors to act jointly with him to retaliate and injure the plaintiff by taking the plaintiff employment and, delivering to Thomas P. Charles the results he sought against the plaintiff for fighting racism under his command and reporting his actions to the Governor of Ohio which resulted in Charles being asked to step down from his director position. This unlawful action taken by John Born, Paul Pride was retaliatory while engaged into joint activity in a continuing conspiracy with non-actors to violate the 1st, 4th, 14th constitutional rights of the plaintiff which is actionable under U.S.C. 1983 and the plaintiff equal protection under the constitution. Having engaged into unlawful resubmission of a expired 2012-2015 contract agreement with non- parties constitute joint activity between state officials and non- state actors kirtley v. Rainey 326, F3d 1114,118, (9th circuit 1996) Brunette v Humane Society of Ventura County 294,F3d 1205 (9th Cir. 2002).

144. The unlawful joint activity of the FOP and, its representatives named herein who each were willing participant with the conspiracy until the final overt act accomplished the retaliatory, and, discriminatory goal of the state officials named herein, and the unlawful retaliatory act could only have been accomplished with the help of non- state actors, namely Douglas Behringer, Cathy Brockman, Gwen Callender, and David Stanton.

On or about August 19, 2018 the plaintiff was advised by the

fraternal order of police Ohio Labor Counsel to attend meeting to discuss the impending arbitration. The plaintiff would like to bring to the court attention, that this was another opportunity for the fraternal order of police to do the right thing and, properly represent the interest of the plaintiff. Clearly, the fop instead continuing to conspire with state officials to unlawfully redo an arbitration award confirmed by the court on May 19, 2016, (15-MS-119) should have filed a motion with Franklin County Common Pleas Court requesting an injunction against the state of Ohio Office of Collective Bargaining and the Ohio Department of Public Safety, and the State Patrol. FOP could have requested as earliest as February 2018 or March 2018, requesting the court to enjoin the state from its unlawful and wrongful actions for violating the confirmed November 24, 2014 arbitration award.

Courts have state that parties are bound by the decision of an arbitrator and his/her decisions are binding on all involved parties.

### Claim 5 Breach of Contract NLRB (a)

145. Douglas Behringer is the chief negotiator for the Fraternal Order of Police, as such his experience in contract labor law has proven over the years to be effective when at the negotiation table with state officials. Douglas Behringer knew that the state officials were violating Ohio Revised Code 2711 and FAA rules section 10. However, Douglas Behringer willingly continued to be a party to the continued conspiracy with state officials failed to excused himself from the conspiracy, by initiated discriminatory actions against the plaintiff because of his hostile behavior

towards the plaintiff in violation of article 9 of the contract and the by doing so Douglas Behringer violated U.S.C. 42 1983 1871 Klu Klux Klan Act. However, It is also very clear that the state officials have joint activity, by, having connections to the collective contract agreement which establishes joint activity on the part of Douglas Behringer and the FOP. Federal courts have found that willing participants in a continued conspiracy even non state actor may be liable under a 1983 action for injury caused to the plaintiff. The courts have also found that, non- state actors engaged into state prerogatives with state officials as we have here are acting under the color of law.

146. Gwen Callender, is the Chief legal for the Ohio Fraternal Order of Police Ohio Labor Counsel Inc. Gwen Callender is a labor attorney with years of experience in labor law. State officials continued over the years beginning 2016 to assist them to convince the plaintiff to leave his state employment, even though the fraternal order of police were armed with an arbitration award that had been confirmed by the court. Gwen Callender joined the continuing conspiracy by violating the contract agreement, when she summons the plaintiff in September of 2016 to meet with her and, Douglas Behringer. Upon the plaintiff arrival Gwen Callender informed the plaintiff he was only asked to come to her office to demand the plaintiff resignation. Why would the Chief attorney for FOP intentionally discriminate against the plaintiff for state officials by demanding the plaintiff for his resignation when the fop is armed with a confirmed award. The clearly set the conspiracy in motion with her involvement while assisting state officials. Gwen Callender, as a non state actor

intentionally and, with malice retaliated against the plaintiff for state officials while in joint activity cloaked under the color of state law Gwen Callender breached the contract anmd violated article 9 non discrimination as well as violating the U.S.C. 1871 Klu Klux Klan Act by which she has never committed the acts towards a non minority enforcement agent. Gwen Callender and Douglas Behringer singled me out to harmed by state officials while the FOP looked the other way. A clear violation of the NLRB 301 (A) Breach of contract solely to harass and discriminate against the plaintiff while acting under the color of law in joint activity with state officials.

147. Catheryn Brockman, (non attorney) but the Director of the fraternal order of police Ohio Labor Counsel, failed to protect the plaintiff by conspiring with the state in joint activity to violate the rights of the plaintiff while acting under color of law with state officials to discriminate and, retaliate against the plaintiff whereas, this was a clear violation of the plaintiff due process rights under article 9 of the collective bargaining agreement. Catheryn Brockman joined the conspiracy with state officials in joint activity therefore her action is actionable under 1983. The meeting the plaintiff was requested to attend shouldn't have occurred. Cathy Brockman should have ordered her chief legal to file an action with the Franklin County court to under an injunction to enjoin the state from its wrongful actions. However, instead of doing the right thing for the plaintiff Catheryn Brockman joined the continuous conspiracy until the last overt act reached the results sought by state officials namely, Thomas Charles, John Born, James Hogan, Jake Pyles, Cullen Jackson, and

Paul Pride.

148    September 10, 2018, Plaintiff ordered to attend a fake staged arbitration with the state of Ohio Office of Collective Bargaining, the Ohio State Highway Patrol, the Ohio Department of Public Safety, represented unlawfully by James Hogan in house attorney, and the state official who maintained full control over the non-parties who were each engaged into joint activity with each other illegally to assist state officials to retaliate against the plaintiff for engaging into his freedom of speech. The fake and unlawful arbitration was to undo the plaintiff freedom of speech when the plaintiff was sworn to testimony on September 9, 2014. As, a result of the free speech the plaintiff at the hearing while under oath, the original arbitrator E. William Lewis found that the state didn't have just cause to terminate a 29 year employee who had no discipline on his record. E. William Lewis stated the discipline was too harsh and reduced the discipline to 30 days for alleged misuse of a computer (OHLEG).


DISCUSSION

149. The contract agreement calls for six permanent arbitrators under article 20.08. Why would the state and FOP request a seventh arbitrator one month after the plaintiff returned back to work, a review of the time lines of the plaintiff return to work on May 15, 2017 and then, the inclusion of David Stanton as an arbitrator on June 25, 2017 to join six permanent arbitrator should be puzzling to the court. Why David Stanton, when there were 6 on the board to include the original arbitrator E. William

Lewis. The unlawful inclusion of David Stanton was part of the scheme to undo the court confirmation by continuing the pattern of corrupt action by the state officials and non- state actors while the fop allowed the discriminatory actions to occur against the plaintiff in violation of article 9 of the contract. The FOP breached it duty to full and fair representation of the plaintiff rights.

150. On January 25, 2019 the arbitrator issued his biased filled arbitration award where he failed to sustain the plaintiff grievance against state officials who bought and paid for his services to undo an original arbitration award. The award made clear that not only did David Stanton issue a fraudulent award he issued the sham award on the 90th day while engaged into a continuing conspiracy to deprive the plaintiff of his due process rights. David Stanton identified in his award each stage the state official had went through to vacate the 2014 award for which he had no authority to redo. And, by issuing the award David Stanton violated ORC 2711 a state prerogative, David Stanton further violated ORC 4117 another state prerogative while in joint activity with state officials to block the plaintiff from engaging in a legal right to file a complaint for unfair labor practice with SERB. Then to make matter worse, Douglas Behringer ensured the plaintiff would be unable to file an unfair labor practice against the state and, the union, by contacted the plaintiff at approximately 6:25 pm on Friday well after the state employee relation board had closed for the day. This concerted action between state officials

and, non- state actors were committed to violate the plaintiff constitutional rights while the non- state actors acted under the color of law. Dave Stanton treated the plaintiff differently than he would have treated any other 33 years non- minority employee who had no discipline on his record and had achieved honorably the number of years to retire if the plaintiff chose to go in that direction. The unlawful arbitration award clearly biased and mean spirited that no normal good spirited individual would ever believe the actions by David Stanton taken against a 33 years employee he would violate the oath of his office by conspiring with state officials.

151. Moreover, ORC 5502.14 is a state prerogative was violated by David Stanton. The ORC section clearly states that no enforcement agent shall lose his/her employment unless convicted of a felony. The plaintiff at the time of this unlawful arbitration had committed no criminal violations or policy violation. David Stanton wrote an unlawful demeaning award to fit the desire of state officials even when he had no authority or jurisdiction to redo an arbitration award after the award reached it final state. The Plaintiff was bound by the award, the state officials were bound by the award, the fop was bound by the award. However to be complicit with the state not only did David Stanton correct and vacate an original award, he began his own personal attacks on the plaintiff. David Stanton, is fully aware that he may not insert new language into an award. The original award issued on November 24, 2014 did not have truthfulness/dishonesty in the violation as outlined by state officials. However, to reach his unlawful conclusion the rogue

arbitrator continued to attack the plaintiff for alleged untruthfulness when speaking of his taxes being private. Dave Stanton violated well established federal policy that is well dominant on its face that under IRS Code 7203 and IRS Code 6203 which makes it a criminal offense to review an individual tax return without the approval of that person.

152. However, to institute his own brand of justice in conjunction with state officials he joined the conspiracy willingly and as such was cloaked with state authority under the color of law which clearly make David Stanton liable to the plaintiff, as he had no legal jurisdiction or authority under an invalid 2012-2015 contract that no longer held any force or effect. And as a private party his violations under the constitution are actionable under 1983 The courts have stated that private individuals may be under the color of law only where there is significant state involvement in the action. Howerton v. Gabica 708 F2d 380,382 (9th Cir. 1983). The aforementioned joint activity between David Stanton and the state officials is unquestionably significant. It was David Stanton Signature on January 25, 2019, his final overt action that completed the desired results sought by state officials. David Stanton reversed a court judgment for the state officials, one that the Franklin County Court refused on two court reviews, to vacate or correct. David Stanton while conspiring with state officials unlawfully reversed an arbitration award for which he had, no involvement with the original award. Stanton then inserted into his bias and unlawful award language he believed that the original arbitrator E. William Lewis meant when he issued the award on November 24, 2014. David Stanton actions is a clear violation of

state Prerogatives ORC 2711.10 2711,11, and 2711.13 while engaged into an entanglement with the state officials.    and that as a result of his lack of jurisdiction and due to the fact that he operated from under an expired contract 2012-2015 and that he acted outside the scope of his arbitration authority by acted as a judicial officer of the court This case is totally different. David Stanton was paid to do the state officials a favor. He did just that then tried justifying his unlawful actions by taking the employment of a 33 years employee, an action he would never have taken against a non minority. However, due to the state official disliking the plaintiff and the fop disliking the plaintiff David Stanton was in a win- win situation.

153. David Stanton was bought and paid for on June 25, 2017 when he submitted his contract to the Office of Collective Bargaining after being handpicked by his good buddy Douglas Behringer for the sole reason to assist state officials to discriminate against the plaintiff, they were upset with the court ruling which upheld the plaintiff award to return back to his employment. David Stanton position in the scheme was critical to the state officials, it was his signature that was needed to overtly carry out the act to reach the unlawful results sought by state officials. And, Davis Stanton delivered that overt result on January 25, 2019.

154 On April 3, 2018, the plaintiff sent a letter to Cathy Brockman, the director of fop. The plaintiff outlined the illegal discriminatory and fraudulent actions of the fop, and Douglas Behringer, and that the

fraudulent arbitration award he wanted it appealed to common pleas court. However, Cathy Brockman responded back to the plaintiff by stating that she met with Gwen Callender chief legal for FOP, decided together that its extremely hard to overturn an arbitrator award and that they were aware of my dislike for Douglas Behringer which Brockman outlined in her letter to the plaintiff, and that the fop would not be appealing the award issued by David Stanton. The plaintiff expected the response he received because it would have been counterproductive to the conspiracy that the union representatives engaged into as joint activity with state actors to violate the plaintiff constitutional rights by discriminating against him. This again was an opportunity for FOP to step away from the conspiracy and file a motion for contempt ORC 2705 and enforce the plaintiff 2014 confirmed award, a state prerogative. In, addition the fop had the law on their side by being armed with a confirmed award which clearly would have enjoined the state from the wrongful actions. The union was complicit and must be held liable under U.S.C. 1983 as they acted under color of law while being guided and controlled by state official throughout their wrongful and DISCRIMINATORY actions against the plaintiff.

155. As a result of the fop failure to assist the plaintiff to undo the wrong the state officials caused. The plaintiff filed with the common pleas court an action to vacate the award. The action was denied. The Plaintiff filed an action with the 10th district appeals court the action was denied as not having standings. The plaintiff filed an action with the Ohio Supreme Court. However, the Supreme Court refused Jurisdiction over the matter. The union as a result of continuing joint activity with state officials. Violated the plaintiff contract    which the plaintiff alleged discrimination and as such breached the contract with

the plaintiff under NLRB 301 (a)

156.            PERMANENT INJUNCTION REQUEST

The plaintiff is requesting that the court reinstate the plaintiff back to his position as enforcement agent in compliance with ORC 5502.14 that makes it clear an enforcement agent shall only lose his /her employment only upon the conviction of a felony or serious misdemeanor. ORC section further states that the enforcement agent shall receive all backpay and benefits. The arbitration was in violation of well settled Ohio public policy, and Federal precedent under Federal (FAA) SECTION 10 that outlines conditions where an arbitrator or an award may be set aside. The plaintiff has throughout his complaint argued fraud, discrimination corruption, bias, award procured by undo means. In addition, the second circuit have stated that a union member if shown that the arbitration was a fraud, and that the union failed to adequately represent the member interest, and that the arbitration was a sham. The member can move to have the award set aside. The plaintiff is requesting simply to be returned to work with all back pay and benefits and that the state BE ENJOINED FROM THERE UNLAWFUL ACTION.

157.            CONCLUSION

The plaintiff is requesting the following relief from the defendants named herein. Thomas Charles 4 Million Dollars, for violations under 1983 and other sections of law. John Born 4 Million Dollars for violations under 1983 pain and suffering, emotional distress, Paul Pride 4 Million dollars, for violations under 1983 as well as other laws for pain and suffering, emotional stress, humiliation, for placing the unlawful arbitration award onto the Highway Patrol Portal for over 1800

employees to review sole to embarrass and humiliate the plaintiff. James Hogan $750.000 for his role in the conspiracy. Jake Pyles and Chad Miller $300.000 for their role in the conspiracy to violate the rights of the plaintiff Cullen Jackson $ 300.000 for his role in the conspiracy to violate the rights of the plaintiff. Catheryn Brockman 1,000.000 for her role in the conspiracy to violate the rights of the plaintiff Gwen Callender 300.000 for her role in the conspiracy to violate the rights of the plaintiff rights. Douglas Behringer 4 Million Dollars for his role in orchestrating the scheme to violate the right s of the plaintiff. ALONG WITH ANY OTHER PUNITIVE RELIEF THE COURT DEEMS PROPER AGAINST THE OHIO DEPARTMENT OF PUBLIC SAFETY, AND THE OHIOS STATE PATROL FOR VIOLATION OF BREACH OF CONTRACT NLRB 301 (a) THE PLAINTIFF REQUEST ALL BACK PAY, BENEFITS, SENIORITY TIME, PERS RETIREMENT BE PLACED INTO THE PLAINTIFF RETIREMENT ACCOUNT. THE PLAINTIFF REQUEST INUNCTIVE RELIEF AND ASK THIS COURT FOR IMMEDIATE REINSTATEMENT AS OUT LINED IN ORC 5502.14


Timothy Gales

710 Glendower Avenue

Columbus, Ohio 43207

614 376-9346

Tgales37@gmail.com

Date: April 1, 2023

CERTIFICATE OF SERVICE

I CERIFY That on the date below, the foregoing PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT FOR PERMANENT
INJUNCTION AND OTHER EQUITABLE RELIEF WAS SENT VIA U.S MAIL TO
THE FRATERNAL ORDER OF POLICE 222 TOWN STREET, COLUMBUS,
OHIO, AND THE OHIO ATTORNEY GENERAL OFFICE 30 EAST BROAD
STREET COLUMBUS OHIO 43215


Timothy Gales

710 Glendower Avenue

Columbus, Ohio 43207

Tgales37@gmail.com

614 376.9346