UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy Gales,

    Plaintiff,

v.

Thomas P. Charles, *et al.*,

    Defendants.

Case No. 2:21-cv-328

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Timothy Gales ("Plaintiff") moves again for leave to amend his Complaint. ECF No. 46. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

In its prior Opinion and Order (the "O&O"), the Court explained the facts of this case as follows:

> Plaintiff is a former employee of the Ohio Department of Public Safety. Amend. Compl. ¶ 2, ECF No. 7. In 2013, Plaintiff was terminated from his position but was later reinstated pursuant to a 2014 arbitration award. *Id.* ¶¶ 2–7. In 2018, the Fraternal Order of Police LLC investigated Plaintiff following allegations that Plaintiff failed to comply with the 2014 arbitration award. *Id.* ¶ 8. Plaintiff was subsequently terminated, and he again engaged in arbitration related to the second termination. *Id.* ¶¶ 9, 11. On January 25, 2019, the arbitrator entered an award which upheld Plaintiff's second termination (the "Award"). Award, ECF No. 7-1.
>
> Two years later, Plaintiff initiated this action. ECF No. 1. In Plaintiff's Amended Complaint, he asserts First Amendment retaliation claims against [Douglas Behringer, Cathy Brockman, Gwendolyn Callender, John Born, Thomas P. Charles, James Hogan, Cullen Jackson, Paul Pride, Fraternal Order of Police LLC, David Stanton (collectively, "Defendants")], all of whom have some connection to the Ohio

>Department of Public Safety, the Fraternal Order of Police LLC, and/or the arbitration. *See generally* Amend. Compl., ECF No. 7.

O&O 2–3, ECF No. 39. Defendants moved to dismiss the Amended Complaint. ECF Nos. 17, 19, 24, & 25. The Court granted Defendants' motions, reasoning that because Plaintiff's claims were collateral attacks on the Award, Plaintiff's exclusive remedy was to move to vacate the Award under the Federal Arbitration Act. O&O 5–7, ECF No. 39. The Court further explained that even if it construed Plaintiff's claims as a motion to vacate the award, such a motion would fail as untimely. *Id.*

Although the Court dismissed the Amended Complaint, it *sua sponte* granted Plaintiff twenty-one days to move for leave to amend, which Plaintiff did. *Id.* at 9; ECF No. 41. The Court denied the motion to amend based on futility, dismissed Plaintiff's case without prejudice, and directed the Clerk to close the case. ECF No. 42.

Plaintiff now moves again for leave to amend, citing Federal Rule of Civil Procedure 15. ECF No. 46. Plaintiff seeks to add additional defendants and causes of action. *Id.*

## II. STANDARD OF REVIEW

During the regular course of litigation, when a party moves to amend a pleading, such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a plaintiff seeks leave to amend the Complaint after an entry of judgment, he has a "heavier burden" than for pre-judgment

motions to amend under Rule 15. *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563–64 (6th Cir. 2022). "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 564 (internal quotation marks and citations omitted). Judgment has been entered in this case, ECF No. 44, and, thus, the Court first considers whether Plaintiff has met the requirements of Rule 59 or 60 before turning to whether amendment is appropriate.

Rule 59(e) of the Federal Rules of Civil Procedure enables a "district court to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). To grant a motion filed under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from a final judgment, order, or proceeding. Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

### III. ANALYSIS

Plaintiff does not indicate whether he moves under Rule 59(e), 60(b), or both. The Court considers both rules and construes Plaintiff's motion as asserting that relief under Rules 59(e) and 60(b) is appropriate based on either newly discovered evidence or under the catch-all category of each rule. The Court addresses each, in turn.

### A. New Evidence

Both Rule 59(e) and 60(b) allow a Court to reconsider a judgment based on newly discovered evidence. *See Leisure Caviar*, 616 F.3d at 615 ("Under Rule 59, a court may alter the judgment based on . . . newly discovered evidence . . . ."); Fed. R. Civ. P. 60(b)(2) ("The court may relieve a party from a final judgment, order, or proceeding for newly discovered evidence." (cleaned up)).

Under either Rule 59(e) or 60(b), "newly discovered evidence" is evidence that was not previously available or discoverable. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008) (instructing on what "new" evidence means under both Rules). Evidence is considered unavailable only if it could not, in the exercise of reasonable diligence, have been submitted

earlier. *Cameron v. Hess Corp.*, No. 2:12-cv-00168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013) (explaining that a court will not grant a Rule 59(e) motion "based on evidence which in the exercise of reasonable diligence could have been submitted earlier" (internal quotation marks and citations omitted)); *James v. City of Detroit, Mich.*, No. 20-1805, 2021 WL 5463778, at *7 (6th Cir. Nov. 23, 2021) ("To prevail on a Rule 60(b)(2) motion [the plaintiff] must show she exercised due diligence in obtaining the information . . . ." (internal quotation marks and citation omitted)).

Here, Plaintiff seeks to add additional defendants and causes of action. Plaintiff does not argue that he has only recently learned about these new proposed defendants or of the bases underlying the proposed new causes of action. To the contrary, from a review of the proposed Amended Complaint, it seems that these new proposed defendants are simply additional persons involved in the allegedly unlawful conduct outlined in the original Complaint, and the additional causes of action are little more than a repackaging of Plaintiff's original claims. ECF No. 46. Thus, Plaintiff has not pointed to any "new evidence" and is, therefore, not entitled to relief based on the same.

### B. Catch-All Provisions

Rule 59(e) relief may be granted to "prevent manifest injustice." *Inters Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59(e) motion, however, is not a vehicle to present arguments which "should have been raised

in connection with an earlier motion." *Arocho v. Ohio Univ.*, No. 2:19-CV-4766, 2020 WL 6949098, at *1 (S.D. Ohio Oct. 28, 2020) (citations omitted).

To whatever extent Plaintiff moves for Rule 59(e) relief based on manifest injustice, that argument fails. As discussed above, all the information underlying Plaintiff's new allegations was available when he drafted his prior Complaints. He cannot use a motion to amend as an opportunity to present allegations or issues that should have been raised earlier. In short, there is no "manifest injustice" in declining to give Plaintiff a second bite at the apple. *Cf. McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (Table) (6th Cir. 1996) ("The district court was not required to give [the plaintiff] a second 'bite at the apple' and grant the motion for reconsideration.").

Turning to Rule 60(b)(6), Rule 60(b)(6) is a catchall provision that allows relief for any other reason that justifies relief and is properly invoked "only in exceptional or extraordinary circumstances[.]" *Davidson v. Robinson*, No. 21-3638, 2022 WL 2791281, at *2 (6th Cir. Mar. 31, 2022) (internal quotation marks and citations omitted). Courts should thus employ Rule 60(b)(6) only in "unusual and extreme situations where principles of equity *mandate* relief." *Earnest v. Ellison*, No. 20-3381, 2020 WL 5904754, at *2 (6th Cir. Sept. 17, 2020) (internal quotation marks and citations omitted) (emphasis in original).

Rule 60(b)(6) relief is inappropriate here. As explained above, Plaintiff could have included all his current allegations in any of his prior Complaints. Plaintiff's decision not to do so does not create the sort of "unusual and extreme

situations" that warrant Rule 60(b)(6) relief. *Cf. Penney v. United States*, No. 1:04-CR-36, 2015 WL 13664075, at *3 (E.D. Tenn. Nov. 24, 2015) ("Petitioner has not identified a single exceptional, extraordinary, unusual, or extreme circumstance or development that would warrant the relief he requests. Instead, he merely raises the same arguments this Court has previously considered and rejected.").

Accordingly, Plaintiff is not entitled to relief under either Rule 59(e) or 60(b). Moreover, as Plaintiff has not met the requirements of Rule 59 or 60, he may not amend the Complaint. *Gen. Motors*, 44 F.4th at 564 ("Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60" (internal quotation marks and citation omitted)). However, because the Court dismissed Plaintiff's claims without prejudice, Plaintiff is free to file a new complaint in a new action.

## IV. CONCLUSION

For these reasons, Plaintiff's motion is **DENIED**. The Clerk shall terminate ECF No. 46. The case remains closed.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**